GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Attorneys for Defendants The Walt Disney
Company, Disney Enterprises, Inc., and Disney
Electronic Content Inc.

*[Additional counsel for Defendants listed on
signature pages]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MCDONALD et al., | Case No.: 3:17-cv-04344-JD (L) |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINTS** |
| vs. | |
| KILOO APS et al., | Judge: Hon. James Donato |
| Defendants. | Date: February 1, 2018<br>Time: 10:00 a.m.<br>Ctrm: 11 |
| AMANDA RUSHING et al., | Case No. 3:17-cv-04419-JD |
| Plaintiffs, | |
| vs. | |
| THE WALT DISNEY COMPANY et al., | |
| Defendants. | |

| | |
|---|---|
| AMANDA RUSHING et al., | Case No.: 3:17-cv-04492-JD |
|       Plaintiffs, | |
|   vs. | |
| VIACOM INC. et al., | |
|       Defendants. | |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    PLAINTIFFS' CLAIMS ARE NOT SIMPLY "PARALLEL" TO COPPA .......................... 1

III.   PLAINTIFFS' STATE-LAW CLAIMS ARE EXPRESSLY PREEMPTED BY
COPPA ............................................................................................................... 4

      A.    COPPA's Preemption Clause Applies to Inconsistent Enforcement Schemes ........... 4

      B.    Plaintiffs' Cited Authorities Support a Finding of Preemption ................................... 6

IV.   PLAINTIFFS' STATE-LAW CLAIMS ARE IMPLIEDLY PREEMPTED BY
COPPA ............................................................................................................... 8

      A.    Plaintiffs' Claims Are Barred by *Buckman* Preemption ............................... 8

      B.    Plaintiffs' Claims Are Barred by Conflict Preemption ................................. 9

V.    PLAINTIFFS' CLAIMS ARE PREEMPTED BECAUSE THEY IDENTIFY ONLY
CONDUCT EXPRESSLY PERMITTED BY COPPA ......................................................... 9

VI.   CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Abbett v. Bank of Am.*,
   2006 WL 581193 (M.D. Ala. Mar. 8, 2006) ...............................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................10

*Bates v. Dow Agrosciences LLC*,
   544 U.S. 431 (2005) .........................................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................10

*Bose v. Interclick, Inc.*,
   2011 WL 4343517 (S.D.N.Y. Aug. 17, 2011) ...............................................................4

*Buckman v. Plaintiffs' Legal Comm.*,
   531 U.S. 341 (2001) ......................................................................................................8, 9

*Capital Cities Cable, Inc. v. Crisp*,
   467 U.S. 691 (1984) .........................................................................................................9

*Eichenberger v. ESPN, Inc.*,
   876 F.3d 979 (9th Cir. 2017) ...........................................................................................3

*FTC v. Motion Picture Advert. Serv. Co.*,
   344 U.S. 392 (1953) .........................................................................................................4

*Gilstrap v. United Air Lines, Inc.*,
   709 F.3d 995 (9th Cir. 2013) ...........................................................................................8

*Gordon v. Virtumundo, Inc.*,
   575 F.3d 1040 (9th Cir. 2009) ..................................................................................5, 6, 9

*Hughes v. Boston Sci. Corp.*,
   631 F.3d 762 (5th Cir. 2011) ...........................................................................................8

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
   806 F.3d 125 (3d Cir. 2015) ............................................................................................3

*In re Google, Inc. Privacy Policy Litig.*,
   58 F. Supp. 3d 968 (N.D. Cal. 2014) ..............................................................................2

*In re iPhone App. Litig.*,
   844 F. Supp. 2d. 1040 (N.D. Cal. 2012) ..........................................................................2

*In re Nickelodeon Consumer Privacy Litig.*,
  2014 WL 3012873 (D.N.J. July 2, 2014) .................................................................6

*In re Nickelodeon Consumer Privacy Litig.*,
  827 F.3d 262 (3d Cir. 2016) ..................................................................1, 3, 6, 7

*In re Vizio, Inc., Consumer Privacy Litig.*,
  238 F. Supp. 3d 1204 (C.D. Cal. 2017) ................................................................3

*Ishikawa v. Delta Airlines, Inc.*,
  343 F.3d 1129 (9th Cir. 2003) ..............................................................................7

*Keams v. Tempe Tech. Inst., Inc.*,
  39 F.3d 222 (9th Cir. 1994) ..................................................................................8

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ............................................................................10

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) .............................................................2, 3

*Medtronic, Inc. v. Lohr*,
  518 U.S. 470 (1996) ...........................................................................................7, 8

*Mount v. PulsePoint, Inc*,
  684 F. App'x 32 (2d Cir. 2017) ............................................................................2

*Nat'l Women's Health Network, Inc. v. A.H. Robins Co.*,
  545 F. Supp. 1177 (D. Mass. 1982) .....................................................................5

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013) ..............................................................................8

*Ruiz v. Gap, Inc.*,
  540 F. Supp. 2d 1121 (N.D. Cal. 2008) ................................................................2

*Spencer v. Nat'l City Mortg.*,
  2011 WL 13217023 (N.D. Ga. Apr. 13, 2011) .....................................................6

*Spiker v. Sanjivan PLLC*,
  2013 WL 5200209 (D. Ariz. Sept. 16, 2013) .......................................................7

*Yunker v Pandora Media*,
  2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ......................................................2

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ............................................................................10

-iii-

1

**FEDERAL STATUTES**

2  15 U.S.C. § 57b .................................................................................................................6

3  15 U.S.C. § 1681m(h)(8) ...................................................................................................6

4  15 U.S.C. § 1681t(a) ..........................................................................................................6

5  15 U.S.C. § 6502(a)(1) .....................................................................................................10

6  15 U.S.C. § 6502(c) ...........................................................................................................5

7  15 U.S.C. § 6502(d) ..................................................................................................5, 8, 10

8  21 U.S.C. § 360k(a) ...........................................................................................................8

9  49 U.S.C. § 45106(a) .........................................................................................................7

10  **STATE STATUTES**

11  Cal. Fam. Code § 3402(b) ..................................................................................................2

12  N.Y. GBL § 349 ........................................................................................................1, 2, 4

13  N.Y. Soc. Servs. L. § 371 ..................................................................................................2

14  **FEDERAL REGULATIONS**

15  16 C.F.R. § 312.5(c)(7) .................................................................................................4, 10

16  **OTHER AUTHORITIES**

17  *Federal Trade Commission, Privacy Online: A Report to Congress* (1998),
       https://www.ftc.gov/sites/default/files/documents/reports/privacy-online-report-
       congress/priv-23a.pdf ....................................................................................................4

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Plaintiffs' Opposition confirms that their complaints attempt an impermissible end-run around COPPA's exclusive enforcement scheme and preemption provision.

*First*, Plaintiffs argue that their claims "do not exist 'solely by virtue' of COPPA's requirements," but rather are "parallel" to them.  Opp. 2.  But Plaintiffs' allegations and requests for relief make clear that their state-law claims are predicated *exclusively* on alleged COPPA violations and would not exist independently of COPPA.  Indeed, without COPPA, Plaintiffs would have no claim at all.  Plaintiffs do not cite a single case—because none exists—holding that the collection of anonymous device identifiers as described in the complaints constitutes a violation of the California constitution, common law intrusion upon seclusion, or New York GBL § 349.  And Plaintiffs entirely ignore the unbroken line of authority holding otherwise.

*Second*, Plaintiffs argue that state-law claims predicated exclusively on purported COPPA violations are not expressly or impliedly preempted.  Plaintiffs' private action to enforce COPPA, however, is "inconsistent with the treatment" of COPPA violations under the statute and directly undermines COPPA's statutory and regulatory scheme, contrary to congressional intent.

*Third*, Plaintiffs attempt to shoehorn their claims into *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016), by arguing that the claims rest "upon Defendants' deceptive conduct."  Opp. 8.  But Plaintiffs' only support for their claim that Defendants' conduct was "deceptive" is that Defendants allegedly failed to follow COPPA's parental-consent requirements.  Under this circular reasoning, no COPPA-based claim would ever be preempted because every COPPA violation would constitute "deceptive conduct."  In contrast, the *Nickelodeon* court recognized that a claim that directly seeks to enforce COPPA *is* preempted and carefully distinguished the plaintiffs' claims from COPPA's requirements by emphasizing that the "wrong at the heart" of their claims was separately actionable deceptive conduct.

*Finally*, Plaintiffs' claims are preempted even under their own interpretation of COPPA preemption, as the only conduct plausibly alleged in the complaints is authorized by COPPA.

## II.     PLAINTIFFS' CLAIMS ARE NOT SIMPLY "PARALLEL" TO COPPA

To survive Defendants' motion to dismiss, Plaintiffs argue that their claims "do not exist

'solely by virtue' of COPPA's requirements," but rather are simply "parallel" to those "embodied in COPPA."  Opp. 2.  This argument contradicts Plaintiffs' own allegations and should be rejected.

The first paragraph of each complaint states that the action is brought on behalf of children who "have had their personally identifying information exfiltrated … in direct violation of [COPPA]."  (MC ¶ 1; DC ¶ 1; VC ¶ 1.)  Plaintiffs rely on COPPA's requirements regarding "obtaining verifiable parental consent" (MC ¶¶ 36–38; DC ¶¶ 30–32; VC ¶¶ 28–30), as well as COPPA's unique[1] definition of "children" as persons under the age of 13 (MC, DC, VC at 1 n.1).  And although Plaintiffs claim that they are not "seek[ing] to enforce COPPA itself," Opp. 9, that is what their complaints expressly seek: (1) a declaratory judgment that Defendants' conduct "violates COPPA"; and (2) "injunctive relief, in the form of Defendants' cessation of tracking practices in violation of COPPA."  (MC 27 & ¶¶ 112, 121; DC 24–25 & ¶¶ 96, 105; VC 23–24 & ¶¶ 94, 103.)  Plaintiffs' effort to distance themselves from COPPA cannot even be squared with their own brief, which characterizes COPPA as the "legislative standard[]" by which their common-law claims should be decided.  Opp. 10.  Likewise, Plaintiffs stated in the case management statement that they must "prove each element of COPPA" to state a claim.  Dkt. No. 73 at 5.  Plaintiffs' claims are not simply "parallel" to COPPA; they entirely derive from and depend on the statute.

Plaintiffs' heavy reliance on COPPA is no accident.  As Defendants demonstrated, Plaintiffs' claims lack any independent basis under state law, and Plaintiffs' Opposition conspicuously offers no response to the unbroken line of cases holding that collecting anonymous identifiers for commercial use *without consent* does not approach an egregious breach of social norms actionable under the California Constitution or the tort of intrusion upon seclusion.  *See* Mot. 10–11 (citing, e.g., *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); *In re iPhone Application Litig.*, 844 F. Supp. 2d. 1040, 1050 (N.D. Cal. 2012); *Yunker v Pandora Media*, 2013 WL 1282980, at *15 (N.D. Cal. Mar. 26, 2013); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014)).  Nor do Plaintiffs respond to the authority holding that such allegations are not actionable under N.Y. GBL § 349.  *Id.* at 11 (citing *Mount v. PulsePoint*, *Inc*, 684 F. App'x 32 (2d Cir. 2017)).

---

[1] *Cf.* Cal. Fam. Code § 3402(b) (defining "child" as under age 18); N.Y. Soc. Servs. L. § 371 (same).

-2-

Plaintiffs' only answer is that these "identifiers are far from 'anonymized,'" Opp. 3, but they allege that the identifiers are anonymous—that is, that they are simply a "string of numbers." (MC ¶ 28; DC ¶ 22; VC ¶ 20.) While Plaintiffs allege that these identifiers may be used to create an online profile of a user's activity on a device, they never allege that the profiles are actually linked to a name, address, email, or other identifying information.[2] Indeed, Plaintiffs allege that "marketers do not need to know the name, address, or email of a user." (MC ¶ 26; DC ¶ 20; VC ¶ 18.)

Plaintiffs cite various cases involving "surreptitious" data-collection, Opp. 6, to suggest that alleging the elements of a COPPA violation is sufficient to plead a state-law privacy claim. But none of these cases actually supports that position. Rather, the plaintiffs in those cases alleged the defendants had engaged in blatantly deceptive conduct, independent of any COPPA violation.

For example, *Nickelodeon* (Opp. 2) held that the plaintiffs had adequately pleaded an intrusion claim as to one defendant given that its affirmative "message to parents about not collecting children's personal information may have created an expectation of privacy" beyond the constraints of COPPA and "encouraged parents to permit their children to browse those websites under false pretenses." 827 F.3d at 295. Notably, as to another defendant that was not alleged to have made any deceptive statements, the court held that its "use of cookies to track *children*"—even without parental consent—was not "sufficiently offensive, standing alone, to survive a motion to dismiss." *Id.* at 294–95. Similarly, in *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 150 (3d Cir. 2015) (Opp. 6), it was Google's alleged "over[riding of] the plaintiffs' cookie blockers, while concurrently announcing in its Privacy Policy that internet users could 'reset your browser to refuse all cookies,'" that fulfilled the elements of a state-law claim. The court held that Google's "deceit and disregard" raised "*different issues than tracking or disclosure alone*." *Id.* (emphasis added). Plaintiffs' other cited cases are to the same effect.[3]

---

[2] Plaintiffs compare identifiers to social security numbers, Opp. 4, but the latter may be identifying *precisely because* they are readily linkable to a particular person. *Cf. Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985–86 (9th Cir. 2017) (holding that anonymous device identifiers do not constitute "personally identifiable information" under Video Privacy Protection Act, as an "an ordinary person could not use the information … to identify an individual."). And at any rate, "[e]ven disclosure" of "social security numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Low*, 900 F. Supp. 2d at 1025 (citation omitted); *see also* Mot. 10.

[3] *See In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1233 (C.D. Cal. 2017)

Plaintiffs do not remotely allege anything like the surreptitious or deceptive conduct alleged in the cases they cite.  Plaintiffs attempt to shoehorn their claims into this authority by claiming that Defendants acted "surreptitiously" in collecting device identifiers because they failed to obtain verifiable parental consent under COPPA.  Opp. 3, 8.  In other words, Plaintiffs claim that Defendants violated state law *because* they purportedly violated COPPA's parental-consent requirements.  But Plaintiffs allege only that Defendants collected anonymous device identifiers, which courts consistently hold is insufficient to constitute an actionable privacy invasion under state law.  And COPPA itself *permits* the collection of anonymous identifiers without verifiable parental consent when the data is used for internal operations.  16 C.F.R. § 312.5(c)(7).  Thus, Plaintiffs must allege *deceptive* conduct separate and apart from a violation of COPPA, which they have not done.[4]

Finally, Plaintiffs rely on legislative history to argue that COPPA was not intended to displace existing state law.  Opp. 11–12.  However, the legislative history confirms that COPPA created a *new* federal right, and did not simply codify a preexisting state-law right.  Plaintiffs concede that Congress was "enhanc[ing]" rights with more protection than that which was available under existing law.  Opp. 13.  Indeed, the FTC advocated for Congress to adopt COPPA because it did not believe that Section 5, which itself is *broader* than the common law,[5] "necessarily authorizes it to require parental notice and involvement."  *Federal Trade Commission*, *Privacy Online: A Report to Congress* 42 (1998), https://www.ftc.gov/sites/default/files/documents/reports/privacy-online-report-congress/priv-23a.pdf.

## III.    PLAINTIFFS' STATE-LAW CLAIMS ARE EXPRESSLY PREEMPTED BY COPPA

### A.    COPPA's Preemption Clause Applies to Inconsistent Enforcement Schemes

Plaintiffs' effort to use state common law, constitutional, and statutory provisions as vehicles

---

(holding that the plaintiffs had "plausibly alleged a pattern of 'highly offensive' conduct" because "even if consumers believed they had opted out of Vizio's data collection practices, Vizio was still collecting their data"); *Bose v. Interclick, Inc.*, 2011 WL 4343517, at *8 (S.D.N.Y. Aug. 17, 2011) (N.Y. GBL § 349's deceptive-conduct requirement met where defendant used "browser history sniffing code to circumvent consumers' ordinary browser privacy and security settings").

[4] To the extent Plaintiffs argue that paragraphs 50 and 51 of their *McDonald* complaint support a claim that Kiloo acted "deceptively," Opp. 4, these paragraphs only discuss statements by a third party (i.e., not any defendant) and only relate to Kiloo—and Plaintiffs do not claim to have seen, let alone relied on, any of those third-party statements.  Regardless, Plaintiffs' general theory appears instead to be that Defendants "deceived" Plaintiffs by failing to abide by COPPA.

[5] *See, e.g.*, *FTC v. Motion Picture Advert. Serv. Co.*, 344 U.S. 392, 394 (1953).

-4-

1   to privately enforce COPPA would "impose … liability" for COPPA violations in a manner "that is

2   inconsistent with the treatment of those activities or actions under" the statute.  15 U.S.C. § 6502(d).

3   COPPA expressly preempts Plaintiffs' state-law claims.

4        Plaintiffs wrongly argue that "COPPA's preemption clause describes the standards of

5   conduct governing *liability*, and not the means of *enforcement*."  Opp. 12.  COPPA's preemption

6   provision states that "No State or local government may impose any liability for commercial

7   activities or actions by operators … in connection with an activity or action described in this chapter

8   *that is inconsistent with the treatment of those activities or actions under this section*."  15 U.S.C.

9   § 6502(d) (emphasis added).  And Section 6502(c) expressly incorporates COPPA's enforcement

10  provisions in an "Enforcement" section.  The word "treatment" is critical because that refers to the

11  way a regulator treats or enforces the activities that are allowed or prohibited by COPPA.  The

12  preemption provision is intended to preempt any laws inconsistent with the *treatment* of activities

13  covered by COPPA, not just the activities themselves.  A private right of action to enforce COPPA is

14  thus "inconsistent with the treatment" of COPPA violations "under this section."  *See, e.g.*, *Nat'l

15  Women's Health Network, Inc. v. A.H. Robins Co.*, 545 F. Supp. 1177, 1181 (D. Mass. 1982)

16  ("A private right of action is equally inconsistent with the federal regulatory scheme.").

17       Furthermore, although the "scope of [express] preemption begins with the text," it rests

18  "'primarily on a fair understanding of *congressional purpose*,' and calls for courts to consider …

19  the 'statutory framework' … and the 'structure and purpose of the statute as a whole.'"  *Gordon v.

20  Virtumundo, Inc.*, 575 F.3d 1040, 1060 (9th Cir. 2009).  Here, it is clear that Plaintiffs' claims

21  undermine the framework and purpose of the statute as a whole.  Private rights of action to enforce

22  COPPA would upset the uniformity, stability, and state-federal cooperation that COPPA's remedial

23  scheme was designed to achieve.  Plaintiffs do not dispute that COPPA's legislative history makes

24  clear that Congress intended the FTC and other federal agencies, in cooperation with state attorneys

25  general, to be the exclusive enforcers of COPPA.  *See* Mot. 11.  And they have no response to the

26  fact that unlike state attorneys general, private plaintiffs have no obligation to involve and cooperate

27  with the FTC.  By vesting enforcement powers in the FTC, Congress gave the agency flexibility in

28  adapting its rulemaking and enforcement to a rapidly evolving sector of the economy.  As the Ninth

-5-

1  Circuit has held in determining the scope of private relief under a federal statute, where Congress

2  has "conferred standing only on a narrow group of possible plaintiffs," such as the "Federal Trade

3  Commission, certain state and federal agencies," and "state attorneys general," its "intent was to

4  limit enforcement actions to those best suited to detect, investigate, and, if appropriate, prosecute

5  violations." *Gordon*, 575 F.3d at 1049–50.  The same is true here.

6      Nor do Plaintiffs meaningfully distinguish the several express preemption cases cited in the

7  Motion, such as those involving FCRA.  FCRA's provision preempting "inconsistent" state laws, 15

8  U.S.C. § 1681t(a), is substantially *narrower* than COPPA's.[6]  And contrary to Plaintiffs' assertion,

9  certain provisions of FCRA are *not* enforceable via private rights of action.  *See id.* § 1681m(h)(8).

10  Courts consistently have held that FCRA expressly preempts state-law claims asserting private relief

11  that is unavailable under the statute.  Plaintiffs do not dispute this authority.  *See* Mot. 6 (citing, e.g.,

12  *Spencer v. Nat'l City Mortg.*, 2011 WL 13217023, at *9 (N.D. Ga. Apr. 13, 2011) ("[A]llowing a

13  private right of action under state law for conduct regulated by § 1681s–2(a) is, therefore,

14  inconsistent with the FCRA, and preempted under § 1681t(a)"); *Abbett v. Bank of Am.*, 2006 WL

15  581193, at *4 (M.D. Ala. Mar. 8, 2006) ("Allowing any private state law action to proceed … is

16  inconsistent with the FCRA" and therefore "preempted by [it].")).[7]

17      **B.      Plaintiffs' Cited Authorities Support a Finding of Preemption**

18      Plaintiffs' cited authorities demonstrate that their claims are preempted by COPPA.

19      Plaintiffs' argument that *Nickelodeon* "squarely rejected" Defendants' preemption argument,

20  Opp. 1, borders on the frivolous, because if anything, *Nickelodeon* supports Defendants' position.

21  Unlike here, the plaintiffs in *Nickelodeon* did "not allege that either party ha[d] violated COPPA."

22  2014 WL 3012873, at *12 (D.N.J. July 2, 2014).  And as described above, the court in *Nickelodeon*

---

23  [6] Section 1681t(a) provides that FCRA "does not annul, alter, affect, or exempt any person subject
24  to the provisions of this subchapter from complying with the laws of any State with respect to the
    collection, distribution, or use of any information on consumers, or for the prevention or mitigation
25  of identity theft, except to the extent that those laws are inconsistent with any provision of this
    subchapter, and then only to the extent of the inconsistency."  15 U.S.C. § 1681t(a).  And as
26  Plaintiffs note, Opp. 9 n.7, this narrower preemption provision also is subject to various exceptions.

27  [7] Plaintiffs also argue that "the FTC Act does not preclude parallel actions under state consumer
    protection laws."  Opp. 12.  But critically, the FTC Act lacks any preemption provision and has an
    express savings clause, providing that "[r]emedies provided in [the FTC Act] are in addition to, and
28  not in lieu of, any other remedy or right of action provided by State or Federal law."  15 U.S.C.
    § 57b.  COPPA, by contrast, has an express preemption provision and no remedial savings clause.

-6-

correctly recognized that the plaintiffs' claims were not based on COPPA but on a separate "kind of deceptive conduct" which "the states are free to police." 827 F.3d at 292. Indeed, the court went to great lengths to distinguish the plaintiffs' allegations there from the requirements of COPPA, holding that "the wrong at the heart of the plaintiffs' intrusion claim is not that [defendants] *collected* children's personal information, or even that they *disclosed* it. Rather, it is that [one defendant] created an expectation of privacy on its websites and then obtained the plaintiffs' personal information under false pretenses." *Id.* "Understood this way," the court explained, "there is no conflict between the plaintiffs' intrusion claim and COPPA. While COPPA certainly regulates whether personal information can be collected from children in the first instance, it says nothing about whether such information can be collected *using deceitful tactics*." *Id.* (emphasis added). *Nickelodeon* therefore supports a finding of preemption here, where no deceitful tactics are alleged and where the "wrong at the heart of the plaintiffs'" claims is that Defendants "*collected* children's personal information"—*precisely* what COPPA regulates. *Id.*[8]

The non-COPPA cases Plaintiffs rely upon also are inapposite, as they involved facially distinguishable preemption provisions. In *Ishikawa v. Delta Airlines, Inc.*, 343 F.3d 1129, 1132 (9th Cir. 2003) (Opp. 10), the preemption provision stated that a "'State or local government may not prescribe, issue, or continue in effect a law, regulation, standard, or order that is *inconsistent with regulations* prescribed under this chapter.'" *Id.* (quoting 49 U.S.C. § 45106(a)) (emphasis added.) The court held that a state negligence claim was not preempted by this provision as the "regulations implementing the federal drug testing program *expressly preserve rather than preempt* employees' common law claims." *Id.* at 1133 (emphasis added).[9] By contrast, here, of course, no federal regulation expressly *preserves* Plaintiffs' state-law claims.

Likewise distinguishable is *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) (Opp. 10). There, the preemption clause was significantly narrower than COPPA's, stating that "no State … may

---

[8] As discussed *supra* at 2, Plaintiffs have pivoted to arguing that they do not seek "to enforce COPPA itself," but rather that their claims are "predicated upon Defendants' deceptive conduct." Opp. 8–9. But as shown above, there is no predicate conduct alleged other than a purported violation of COPPA itself, which is not independently actionable under Plaintiffs' state-law theories.

[9] *See also Spiker v. Sanjivan PLLC*, 2013 WL 5200209, at *6 n.4 (D. Ariz. Sept. 16, 2013) ("central" to the "preemption analysis in *Ishikawa*" was that regulations expressly preserved state-law claims).

establish or continue in effect with respect to a device intended for human use any requirement …

(1) which is different from, or in addition to, *any requirement applicable under this chapter to the device* ….." 21 U.S.C. § 360k(a) (emphasis added).  The word "requirement," as applied to a device, was central to the Supreme Court's holding—as the Court stated, "§ 360k refers to 'requirements' many times throughout its text.  In each instance, the word is linked with language suggesting that its focus is device-specific enactments of positive law by legislative or administrative bodies …." *Medtronic*, 518 U.S. at 489.  The Court concluded that the "presence of a damages remedy" under state law did not constitute an incompatible "requirement."  *Id.* at 495.  COPPA, by contrast, preempts all laws that "impose any liability ... inconsistent with the treatment" of data-collection activities under COPPA, which clearly covers state remedial schemes.  15 U.S.C. § 6502(d).[10]

## IV.     PLAINTIFFS' STATE-LAW CLAIMS ARE IMPLIEDLY PREEMPTED BY COPPA

### A.     Plaintiffs' Claims Are Barred by *Buckman* Preemption

Under *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 & 352–53 (2001), state-law claims are impliedly preempted where (1) there is "no doubt that it is the Federal Government rather than private litigants who [is] authorized to file suit for noncompliance" with a federal statute and (2) the state-law claim "exist[s] solely by virtue" of the federal law's "requirements" and is not grounded in "traditional state tort law."  Plaintiffs' Opposition confirms that to be the case here.

Plaintiffs do not dispute that federal agencies handle or oversee all enforcement of COPPA; nor do Plaintiffs convincingly challenge that they seek directly to enforce COPPA (*supra* at 2).  Rather, Plaintiffs' sole response to *Buckman* preemption is that their state-law claims "would exist with or without COPPA."  Opp. 13.  But as demonstrated (*supra* at 2–5), there is no basis in state law for Plaintiffs' claims.  Because Plaintiffs' claims are wholly derivative and exist "because the conduct" purportedly "violates" COPPA, they are preempted by *Buckman*.  *Perez v. Nidek Co.*, 711 F.3d 1109, 1119–20 (9th Cir. 2013); *see also Hughes v. Boston Sci. Corp.*, 631 F.3d 762, 775 (5th Cir. 2011) (a claim that "exist[s] solely by virtue of" federal law preempted under *Buckman*).

---

[10] Plaintiffs' other cited cases also are readily distinguishable.  *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 447, 453 (2005), was about regulations for what can be sold and needs to be disclosed, not enforcement, and at any rate did not decide the preemption issue.  In *Kearns v. Tempe Tech. Inst., Inc.*, 39 F.3d 222, 225 (9th Cir. 1994), certain state laws were listed as being preempted, and thus others were not.  In *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1009 (9th Cir. 2013), the court distinguished cases where, like here, the standard for the state-law claim comes from federal law.

**B.      Plaintiffs' Claims Are Barred by Conflict Preemption**

Plaintiffs' state-law claims also are preempted because they "stand[] as an obstacle to the accomplishment and execution" of two critical congressional purposes: (1) the FTC's flexibility in adapting its rulemaking and enforcement to a rapidly evolving sector of the economy; and (2) Congress's goal of promoting self-regulation by online services through a safe harbor.  *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 699 (1984).  Plaintiffs' responses are unavailing.

Plaintiffs' response to the first purpose proves the point.  Plaintiffs claim that "[k]eeping pace with rapid changes in technology supports the need for parallel private state law claims."  Opp. 14.  But having private COPPA claims—in both federal and state courts—without the FTC's involvement and asserting theories applied to new technologies the FTC has not yet considered is precisely the risk posed by private enforcement.  The FTC would then lose the ability to guide prospective rulemaking and enforcement.  As the Ninth Circuit stated in holding that CAN-SPAM circumscribed private relief to a narrow group of entities, where "the engine of innovation moves far more quickly and nimbly than the methodical pace of legislation," courts "should be mindful" of "the lines Congress intended to draw."  *Gordon*, 575 F.3d at 1050–51; *Buckman*, 531 U.S. at 349 (claim preempted where agency "flexibility is a critical component" of "regulatory framework").

Moreover, Plaintiffs concede that participation in a certified COPPA safe harbor program would not immunize a defendant from liability from a state-law claim seeking to enforce COPPA.  Opp. 14; *see* Mot. 12.  Congress's goal of furthering self-regulation would be directly undermined if participation in a safe harbor program would leave participants exposed to the threat of private COPPA enforcement.  Plaintiffs' only response is that not all of Defendants participate in such a safe harbor program, Opp. 14, but that is irrelevant; the question is the risk posed to *all* industry participants through recognition of a private cause of action to enforce COPPA, not simply with respect to these particular Defendants.

**V.      PLAINTIFFS' CLAIMS ARE PREEMPTED BECAUSE THEY IDENTIFY ONLY CONDUCT EXPRESSLY PERMITTED BY COPPA**

Even if COPPA preemption were limited, as Plaintiffs argue, to substantive inconsistencies between federal and state law, their claims would still be preempted, as their allegations describe only conduct that COPPA expressly permits.

1    Plaintiffs contend that the "internal operations" carve-out to COPPA's bar on collection of

2  persistent identifiers is a mere affirmative defense.  Opp. 15.  But "[a] defense which demonstrates

3  that plaintiff has not met its burden of proof is not an affirmative defense."  *Zivkovic v. S. Cal.*

4  *Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  Contrary to Plaintiffs' characterization, Opp. 15,

5  COPPA defines a violation as "collect[ing] personal information from a child *in a manner that*

6  *violates regulations prescribed*."  15 U.S.C. § 6502(a)(1) (emphasis added to language omitted by

7  Plaintiffs).  And the COPPA regulations expressly permit operators to collect persistent device

8  identifiers without parental consent so long as the data is used solely to "provid[e] support for the

9  internal operations" of the service.  16 C.F.R. § 312.5(c)(7).  Plaintiffs' failure to plead facts

10  plausibly suggesting that Defendants used device identifiers for a purpose other than internal

11  operations thus is fatal to their claims.  Attempting to punish conduct expressly permitted by the

12  COPPA regulations is "inconsistent" with COPPA and preempted.  *See* 15 U.S.C. § 6502(d).

13    Plaintiffs also point to allegations asserting "on information and belief" that "Defendants did

14  not collect [Plaintiffs'] personal information to provide support for the internal operations."  (*E.g.,*

15  MC ¶ 82, DC ¶ 72, VC ¶ 70.)  But these are no more than "a formulaic recitation of the elements"

16  that the Court need not credit.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Nor do references to

17  Defendants' hypothetical ability to use the information collected for behavioral advertising raise the

18  complaints' allegations beyond the speculative level.  The only *factual* allegations relate to the

19  *collection* of identifiers.  (MC ¶ 52, DC ¶ 46, VC ¶ 45.)  Because Plaintiffs do not allege a factual

20  basis for their conclusory assertion that the identifiers were *used* for a purpose other than internal

21  operations, they do not allege facts "plausibly suggesting (not merely consistent with)" a violation of

22  law.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).[11]

23    In short, the only conduct that Plaintiffs have effectively pleaded is permitted under COPPA;

24  their attempt to challenge that conduct is accordingly inconsistent with COPPA and preempted.

25  **VI.    CONCLUSION**

26    Defendants respectfully request that the Court dismiss the complaints with prejudice.

27  ─────────────────
28  [11] *See also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1049 (9th Cir. 2008) ("[a]llegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest" a violation of law are insufficient).

1    DATED: January 12, 2018                    Respectfully submitted,

2                                          By:   */s/ Jonathan H. Blavin*

3                                                GLENN D. POMERANTZ
                                                 JORDAN D. SEGALL
4                                                MUNGER, TOLLES & OLSON, LLP
                                                 350 South Grand Avenue, 50th Floor
5                                                Los Angeles, CA 90071-3426
                                                 Telephone:   (213) 683-9132
6                                                Facsimile:   (213) 687-3702
                                                 Email: glenn.pomerantz@mto.com
7
                                                 ROSEMARIE T. RING
8                                                JONATHAN H. BLAVIN
                                                 MUNGER, TOLLES & OLSON, LLP
9                                                560 Mission Street, 27th Floor
                                                 San Francisco, CA 94105
10                                               Telephone:   (415) 512-4000
                                                 Facsimile:   (415) 512-4700
11                                               Email: rose.ring@mto.com
                                                 Email:jonathan.blavin@mto.com
12                                               Email: joshua.meltzer@mto.com

13                                               *Attorneys for Defendants The Walt Disney
                                                 Co.; Disney Enterprises, Inc.; and Disney
14                                               Electronic Content Inc.*

15                                         By:   */s/ Sonya D. Winner*

16                                               SONYA D. WINNER (Bar No. 200348)
                                                 COVINGTON & BURLING LLP
17                                               One Front Street, 35th Floor
                                                 San Francisco, CA 94102
18                                               Telephone:   (415) 591-6000
                                                 Facsimile:   (415) 591-6091
19                                               Email: swinner@cov.com

20                                               EMILY JOHNSON HENN (Bar No. 269482)
                                                 KATHRYN E. CAHOY (Bar No. 298777)
21                                               COVINGTON & BURLING LLP
                                                 333 Twin Dolphin Drive, Suite 700
22                                               Redwood Shores, CA 94065-1418
                                                 Telephone:  (650) 632-4700
23                                               Facsimile:   (650) 632-4800
                                                 Email:  ehenn@cov.com
24                                               Email:  MCahoy@cov.com

25                                               *Attorneys for Defendants Viacom Inc.
                                                 and Viacom International Inc.*[12]

26

27   _____

28   [12] As previously stated, the Viacom defendants join this Reply conditionally in the alternative in the
     event the Court denies Viacom's Motion for Stay Pending Arbitration.

                                                -11-

By:    /s/ Sonali D. Maitra

SONALI D. MAITRA
DARALYN J. DURIE
LEERON MORAD
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:   (415) 362-6666
Facsimile:    (415) 236-6300
Email: smaitra@durietangri.com
Email: ddurie@durietangri.com
Email: lmorad@durietangri.com

*Attorneys for Defendant Kiloo A/S*

By:    /s/ Lance A. Etcheverry

JACK P. DICANIO
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone:   (650) 470-4500
Facsimile:    (650) 470-4570
Email: jdicanio@skadden.com

LANCE A. ETCHEVERRY
ALLISON B. HOLCOMBE
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:   (213) 687-5000
Facsimile:    (213) 621-5432
Email: letcheve@skadden.com
Email: allison.holcombe@skadden.com

*Attorneys for Defendant Sybo Games APS*

By:    /s/ David R. Singh

DAVID R. SINGH (Bar No. 300840)
JOHN A. STRATFORD
AUDREY E. STANO
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 5th Floor
Redwood Shores, CA 94065
Telephone:   (650) 802-3000
Facsimile:    (650) 802-3100
Email: david.singh@weil.com
Email: john.stratford@weil.com
Email: audrey.stano@weil.com

*Attorney for Defendant AdColony, Inc.*

-12-

1  By:  /s/ Tera M. Heintz

2      TERA M. HEINTZ
       ASHLEY A. KRUPSKI
3      MORGAN, LEWIS & BOCKIUS, LLP
       One Market, Spear Street Tower
4      San Francisco, CA 94105
       Telephone:   (415) 442-1000
5      Facsimile:   (415) 442-1001
       Email: theintz@morganlewis.com
6      Email: akrupski@morganlewis.com

7      JOSEPH DUFFY
       MORGAN, LEWIS & BOCKIUS, LLP
8      300 South Grand Avenue, 22nd Floor
       Los Angeles, CA 90071-3132
9      Telephone:   (213) 612-7378
       Facsimile:   (213) 612-2501
10     Email: joseph.duffy@morganlewis.com

11     *Attorney for Defendants Altaba Inc. and*
       *Flurry, Inc.*

12 By:  /s/ Benjamin H. Kleine

13     MICHAEL G. RHODES (Bar No. 116127)
       BENJAMIN H. KLEINE (Bar No. 257225)
14     COOLEY LLP
       101 California Street, 5th Floor
15     San Francisco, CA 94111-5800
       Telephone:   (415) 693-2000
16     Facsimile:   (415) 693-222
       Email: rhodesmg@cooley.com
17     Email:bkleine@cooley.com

18     *Attorneys for Defendant Chartboost, Inc.*

19 By:  /s/ Tyler G. Newby

20     TYLER G. NEWBY
       AVERY L. BROWN
21     FENWICK & WEST LLP
       555 California Street, 12th Floor
22     San Francisco, CA 94104
       Telephone:   (415) 875-2300
23     Facsimile:   (415) 875-2391
       Email: tnewby@fenwick.com
24     Email:avery.brown@fenwick.com

25     *Attorneys for Defendant InMobi Pte Ltd.*

26

27

28

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   /s/ Celeste M. Brecht

CELESTE M. BRECHT
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901
Email: cmbrecht@venable.com

EDWARD P. BOYLE
JOHN C. VAZQUEZ
VENABLE LLP
1270 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 808-5675
Facsimile:    (212) 307-5598
Email: epboyle@venable.com
Email:jcvazquez@venable.com

*Attorneys for Defendant ironSource USA, Inc.*

By:   /s/ Jacob A. Sommer

JACOB A. SOMMER (*pro hac vice*)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, D.C. 20036
Telephone:   (202) 296-3585
Facsimile:    (202) 706-5298
Email: jake@zwillgen.com

JUI-TING ANNA HSIA (Bar No. 234179)
ZWILLGEN LAW LLP
235 Montgomery Street, Suite 425
San Francisco, CA 94104
Telephone:   (415) 590-2341
Facsimile:    (415) 636-5965
Email: anna@zwillgen.com

*Attorneys for Defendants Tapjoy, Inc. and
Vungle, Inc.*

-14-

1

By:     */s/ Matthew D. Brown*

2       MATTHEW D. BROWN (Bar No. 196972)
        BENJAMIN H. KLEINE (Bar No. 257225)

3       AMY M. SMITH (Bar No. 287813)
        KELLY E. FABIAN (Bar No. 310359)

4       COOLEY LLP
        101 California Street, 5th Floor

5       San Francisco, CA 94111-5800
        Telephone:   (415) 693-2000

6       Facsimile:    (415) 693-2222
        Email: brownmd@cooley.com

7       Email: bkleine@cooley.com
        Email: amsmith@cooley.com

8       Email: kfabian@cooley.com

9       *Attorneys for Defendant Upsight, Inc.*

10

By:     */s/ Purvi G. Patel*

11      DAVID F. MCDOWELL (Bar No. 125806)
        PURVI G. PATEL (Bar No. 270702)

12      MORRISON & FOERSTER LLP
        707 Wilshire Boulevard

13      Los Angeles, CA 90017-3543
        Telephone:   (213) 892-5200

14      Facsimile:    (213) 892-5454
        Email: DMcDowell@mofo.com

15      Email: PPatel@mofo.com

16      JULIE O'NEILL (admitted *pro hac vice*)
        MORRISON & FOERSTER LLP

17      2000 Pennsylvania Avenue N.W.
        Washington D.C. 20006

18      Telephone:   (202) 887-1500
        Facsimile:    (202) 887-0736

19      Email: JONeill@mofo.com

20      *Attorneys for Defendant Unity Technologies
        SF*

21

22

23

24

25

26

27

28

By:   */s/ Craig J. Mariam*

CRAIG J. MARIAM
HAZEL MAE B. PANGAN
SAMUEL B. LAUGHLIN
GORDON & REES SCULLY
MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:   (213) 576-5000
Facsimile:    (877) 306-0043
Email: cmariam@gordonrees.com
Email: hpangan@gordonrees.com
Email: slaughlin@grsm.com

ALLISON J. FERNANDEZ
GORDON & REES SCULLY
MANSUKHANI LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
Email: afernandez@gordonrees.com

*Attorneys for Defendant Kochava, Inc.*

In accordance with Local Rule 5-1(i), the filer attests that each of the above signatories has concurred in the filing of this document.

DATED:  January 12, 2018        By:   */s/ Jonathan H. Blavin*

JONATHAN H. BLAVIN

-16-