**Durie Tangri**

Raghav Krishnapriyan
415-376-6421
415-362-6666 (main)
rkrishnapriyan@durietangri.com

March 21, 2018

**VIA CM/ECF FILING (COURTESY COPY VIA MESSENGER)**

Hon. James Donato
San Francisco Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Michael McDonald et al. v. Kiloo APS et al.*
      Case No. 3:17-cv-04344-JD

Dear Judge Donato:

Kiloo requests the Court's intervention with respect to two interrelated issues: Plaintiffs' violation of the Stipulated Protective Order (Dkt. 124) with respect to Kiloo's highly confidential contracts, and Plaintiffs' simultaneous attempt to force Kiloo to unredact the most sensitive financial terms of those contracts. The parties met and conferred about both topics by telephone on March 21, 2018 pursuant to the Court's Standing Order for Discovery in Civil Cases and the Local Rules.

### A.     The Court Should Take Steps to Ensure No Further Protective Order Violations Occur

Section 7.1 of the Stipulated Protective Order, which was entered by the Court on January 18, 2018, provides that Protected Material "may not be disclosed by the Receiving Party to any other Party to this litigation without prior authorization of the Designating Party." Kiloo specifically negotiated for this provision in order to protect the confidentiality of highly sensitive business information – its contracts with its partners, including Sybo and the other defendants. There's a good reason why Kiloo needed this provision: many of its partners compete with each other, and to the extent one of them were to obtain insight into the contractual terms Kiloo agreed to with another partner, it would be well placed to extract more favorable terms from Kiloo when it came time to renegotiate its own contract. Restricting disclosure to Kiloo's partners' outside lawyers is no solution, since those lawyers may well be involved in future negotiations with Kiloo. Any contract negotiator is well aware that knowing the other side's walk-away point is a powerful weapon.

When the Court entered the protective order, Kiloo expected that all parties would abide by it. But that's not what happened. The night of Friday, March 16, 2018, Plaintiffs filed a motion for leave to file

March 21, 2018
Page 2

a surreply, to which they attached six of Kiloo's contracts – all of which had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under the Protective Order.  Shortly thereafter, at 11:48 pm PDT, Plaintiffs sent outside counsel for *all* the defendants a link allowing them to download unredacted copies of each of Kiloo's contracts – including Kiloo's contracts with their direct competitors.  Kiloo notified Plaintiffs of the violation of the protective order at 11:01 pm PDT on Saturday, March 17, 2018, and requested that they take the steps required under Section 11 of the Protective Order to mitigate an unauthorized disclosure of Protected Material.  Plaintiffs took down the link to the Kiloo contracts the morning of Sunday, March 18, 2018, but as far as Kiloo knows, did not "use [their] best efforts to retrieve all unauthorized copies of the Protected Material" as required.[1]  It was left to Kiloo to follow up with each of the other defendants; by the time Kiloo did so, one of the other defendants had already downloaded the documents.  (It has since deleted the documents at Kiloo's request.)

Plaintiffs' response on being confronted with the violation is troubling.  During the parties' meet and confer on this issue, Plaintiffs' counsel took the position that the unauthorized disclosure was "par for the course in litigation" and that Plaintiffs had "perfectly correctly" dealt with the issue simply by taking down the link.  Kiloo respectfully submits that violating Court orders aimed at protecting commercially sensitive information is not – or at least should not be – a routine and unremarkable occurrence.

Although Kiloo has no reason at present to think that Plaintiffs' violation of the Protective Order was intentional, that doesn't mean it should simply be ignored.  "Rule 37 of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order issued pursuant to Rule 26(f)."  *Life Techs. Corp. v. Biosearch Techs., Inc.*, C-12-00852 WHA JCS, 2012 WL 1600393 (N.D. Cal. May 7, 2012). "[A] willful violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012) (internal quotation and citation omitted). "A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions." *Id.*  "Rule 37(b) sanctions may serve either remedial and compensatory purposes or punitive and deterrent purposes."  *Falstaff Brewing Corp. v. Miller Brewing Corp.*, 702 F.2d 770, 783 (9th Cir. 1983).

Courts in this district do not take protective order violations lightly.  *See Apple, Inc. v. Samsung Elecs. Co.*, No. 511CV01846LHKPSG, 2014 WL 12596470, at *10 (N.D. Cal. Jan. 29, 2014) (awarding attorneys' fees associated with filing motion for sanctions for inadvertent violation of protective order); *Harmon v. City of Santa Clara*, No. 16-CV-04228-EJD (NC), 2018 WL 732721, at *8-*9 (N.D. Cal. Feb. 5, 2018) (awarding attorneys' fees associated with negligent violation of protective order); *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 11-CV-04494-WHO, 2013 WL 5949629, at *7 (N.D. Cal. Nov. 6, 2013).  In *Apple*, for example, although the Court accepted the fact that the initial protective order violation – a mistaken redaction – was inadvertent and undeserving of sanctions on its own, it

---

[1] The full sequence of events is laid out in paragraphs 4-6 of the Declaration of Sonali Maitra in Support of Plaintiffs' Administrative Motion to File Under Seal (Dkt. 138).

March 21, 2018
Page 3

found that the additional unauthorized disclosures spawned by the redaction mistake were independent violations of the protective order that warranted action by the Court – even where the improperly-disclosed information wasn't used.  *See Apple*, 2014 WL 12596470, at *8 ("Even if others somehow missed the actual, unredacted information, the fact of the matter remains that they had no right to have the information in the first place. This in and of itself was a substantial harm to Apple and Nokia. Samsung's suggestion to the contrary ignores its own stipulation to a protective order that prohibits 'disclosure' even without use.").  As a result, the Court (1) issued public findings of wrongdoing; (2) required the parties to provide redacted versions of confidential documents to the other side for approval before distributing or filing them; and (3) compensated Apple for the costs of bringing the matter to the Court's attention.  *See id.* at *10.  Kiloo requests the same relief from the Court here.

### B. The Court Should Permit Defendants to Redact the Financial Terms of Their Contracts

Because of the highly confidential nature of Kiloo's contracts with its partners, it produced them with a small number of redactions, all of which were limited to the contracts' financial terms – terms that are irrelevant to Plaintiffs' claims.  It is evident from the face of the contracts that the financial terms are all that Kiloo has redacted, and that the other terms of the contracts are unredacted in their entirety.

Nearly two months after Kiloo produced those contracts,[2] Plaintiffs contacted Kiloo to demand that the redactions be removed, arguing that the redactions were unnecessary because a protective order has been entered in the case.  But the events detailed above show that Kiloo cannot simply count on the protective order to prevent Plaintiffs from disclosing its confidential information.  Plaintiffs' protective order violation would have been far more serious if Kiloo had done what Plaintiffs now want Kiloo to do.

Courts regularly permit the redaction of irrelevant, highly confidential information. *See Carrizosa v. Stassinos*, No. C 05-2280 RMW RS, 2006 WL 2529503, at *4 (N.D. Cal. Aug. 31, 2006); *E.E.O.C. v. ABM Indus. Inc.*, No. 1:07–cv–01428 LJO JLT, 2010 WL 785819, at *4-*7 (E.D. Cal. Mar. 4, 2010); *Spano v. Boeing Co.*, No. 3:06-cv-00743-DRH-DGW, 2008 WL 1774460, at *2 (S.D. Ill., April 16, 2008); *Beauchem v. Rockford Prods. Corp.*, No. 01 C 50134, 2002 WL 1870050, at *2 (N.D. Ill. Aug. 13, 2002); *Schiller v. City of New York*, No. 04Civ.7922(KMK)(JCF), 2006 WL 3592547, at *7 (S.D.N.Y. Dec. 7, 2006).  Plaintiffs have indicated that they plan to rely on *Shenwick v. Twitter, Inc.*, 16-cv-05314-JST (SK), 2018 WL 833085 at *3 (N.D. Cal. Feb. 7, 2018).  But *Shenwick* involved Board of Directors materials and presentations where it was impossible for the other party to judge the relevance of the redacted information; here, by contrast, it's apparent from the face of the documents that only the financial terms have been redacted.  *Id.* at *3.  For that reason – and because of Plaintiffs' protective order violations – the Court should enter a protective order allowing Kiloo to maintain its limited redactions to its contracts.

---

[2] Despite waiting nearly two months to raise the issue, Plaintiffs have stated that they believe the Court should address this discovery dispute before the hearing on Defendants' motions to dismiss – even though it's unclear whether the case will even go forward.

March 21, 2018
Page 4

Respectfully,

Raghav Krishnapriyan

Counsel for Defendant Kiloo APS

March 21, 2018
Page 5

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, this document was filed with the Court using CM/ECF, which will send a notification of the filing to the attorneys of record in this case.

                                                       */s/ Raghav Krishnapriyan*
                                                     DARALYN J. DURIE
                                                     SONALI D. MAITRA
                                                 RAGHAV KRISHNAPRIYAN