# **EXHIBIT A**

2018 WL 1280917
Only the Westlaw citation is currently available.
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

DEX SYSTEMS, INC., a California
corporation, Plaintiff-Appellant,
v.
DEUTSCHE POST AG, a German
corporation; et al., Defendants-Appellees.

No. 16-56044
|
Argued and Submitted February
16, 2018 San Francisco, California
|
Filed March 13, 2018

Appeal from the United States District Court for the Central District of California, John A. Kronstadt, District Judge, Presiding, D.C. No. 2:15-cv-03841-JAK-RAO

**Attorneys and Law Firms**

Claude Young, General Counsel, Data Exchange Corporation, Camarillo, CA, for Plaintiff-Appellant

David Carey, Anthony C. White, Thompson Hine LLP, Columbus, OH, John Allan Conkle, Attorney, Conkle Kremer & Engel, Santa Monica, CA, for Defendants-Appellees

Before: BEA and N.R. SMITH, Circuit Judges, and LASNIK,[*] District Judge.

**Opinion**

MEMORANDUM[**]

*1 DEX Systems, Inc. (DEX) appeals the dismissal of its copyright-infringement claims as well as its other related claims.[1] The district court concluded that DEX failed to establish personal jurisdiction over defendants Deutsche Post AG (DPAG), Deutsche Post International B.V. (DPI), and DHL Supply Chain (Netherlands) B.V. (DSC). We reverse in part and affirm in part for the reasons that follow.

1. The district court erred in dismissing claims against DSC for lack of personal jurisdiction. To evaluate the sufficiency of an alleged intentional tortfeasor's contacts with the forum to establish specific jurisdiction over the defendant, this court applies a three-element test. See Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068–69 (9th Cir. 2017). First, the defendant must have " 'purposefully direct[ed] his activities' toward the forum." Id. at 1068 (quoting Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) ). Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." Dole Food, 303 F.3d at 1111. Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Id. "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff meets that burden, 'the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable.' " Axiom Foods, 874 F.3d at 1068–69 (quoting Schwarzenegger, 374 F.3d at 802).

To meet the first element of the Axiom Foods standard, the plaintiff must show that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) ). Here, DEX alleges that DSC committed intentional copyright infringement. Accordingly, the parties do not dispute the "intentional act" prong. See id.

On de novo review, we find sufficient record evidence to establish that DSC's allegedly infringing conduct was expressly aimed at and occurred in California— causing harm DSC knew DEX would suffer in California. Although the print requests were sent from outside the forum and the ultimate printing occurred outside the forum, the allegedly infringing *use* of DEX's software occurred in California on DEX's servers in Camarillo, California.

**\*2** Specifically the record establishes the following: (1) DEX's Camarillo, California server had to be engaged and used for the software at issue to function and DSC had knowledge of this fact; (2) DSC sent print requests via VPN to DEX's California server causing the software to engage and create output data that was sent via the VPN connection to DSC's printers in Venlo, Netherlands; (3) after the expiration of the license agreement, DSC continued to access DEX's California server to activate and use the software on the California server—allegedly committing an instance of intentional copyright infringement occurring on the California servers.

Furthermore, that the software was located on DEX's California server was not merely a fortuitous occurrence. *Cf. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 580, 62 L.Ed.2d 490 (finding no personal jurisdiction where the only contact with the forum state amounted to the "fortuitous circumstance that a single Audi automobile, sold [outside the forum to non-forum residents], happened to suffer an accident while passing through [the forum state]"). Rather, the software was located on California servers pursuant to an agreement reached by the parties. DSC and DEX actively set up the California-based VPN to facilitate printing following technical difficulties with a primary VPN based in Europe. As agreed by the parties, DEX's server, which sent data to and received data from DSC through the secondary VPN, was located in California, and both the California-based VPN and the Europe-based VPN continued to be used to transmit print data.

This evidence satisfies the first two elements of the personal jurisdiction standard in *Axiom Foods* (minimum contacts and a claim arising from the contacts). The evidence likewise comports with the Supreme Court's recent decision in *Walden v. Fiore*, --- U.S. ----, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). Where *Walden* featured an alleged tort committed against a forum resident outside the forum state, *see id.* at 1119-20, DSC's allegedly infringing conduct (illegal use of DEX's software on the California server) occurred in the forum state, *cf. id.* at 1122 (noting that "physical presence in the forum is not a prerequisite to jurisdiction," but "physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact"). Though DSC certainly had limited contacts with California, its contacts include the allegedly tortious conduct in California that gave rise to DEX's claims. In such circumstances, limited contacts are sufficient to create jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction." (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) ) ).

Finally, with respect to the reasonableness of jurisdiction, DSC waived any argument on this issue, because it did not argue the issue before the district court or in its appellate brief. To the extent DSC has any argument, we find it insufficient to meet the "compelling case" requirement in *Axiom Foods,* 874 F.3d at 1068-69 (quoting *Schwarzenegger*, 374 F.3d at 802). Accordingly, we reverse the district court's dismissal of DEX's claims against defendant DSC.

2. With respect to DPAG and DPI, DEX acknowledged at oral argument that there is no record evidence to establish that these entities had any contacts with the forum state. Accordingly, we affirm the district court's dismissal of all claims against DPAG and DPI.

3. DEX has not articulated how the district court abused its discretion in denying DEX's request to seek jurisdictional discovery from DPAG or DPI.

**\*3 REVERSED in part and AFFIRMED in part, both parties to bear their own costs on appeal.**

**All Citations**

--- Fed.Appx. ----, 2018 WL 1280917

---

Footnotes

\*    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

\*\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1   The other claims are Unfair Competition under California law and common law Equitable Accounting/Constructive Trust. These claims are premised on the facts underlying the infringement claim. Accordingly, our determination that personal jurisdiction is proper as to DSC for the intentional infringement claim warrants similar reinstatement of personal jurisdiction to entertain these additional claims against DSC.

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.