GORDON REES SCULLY MANSUKHANI LLP
CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
HAZEL MAE PANGAN (SBN: 272657)
hpangan@grsm.com
SAMUEL B. LAUGHLIN (SBN: 299720)
slaughlin@grsm.com
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071
TELEPHONE:  (213) 576-5000
FACSIMILE:  (213) 680-4470

ALLISON J. FERNANDEZ  (SBN: 272853)
afernandez@grsm.com
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA  94111
TELEPHONE:  (415) 986-5900
FACSIMILE:   (415) 986-8054

Attorneys for defendant
KOCHAVA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA RUSHING, ASHLEY SUPERNAULT, JULIE REMOLD, and TED POON, on behalf of themselves, and as parents and guardians of their children, L.L., M.S., N.B., C.B., R.P., and K.P., and on behalf of all others similarly situated<br><br>                              Plaintiffs,<br><br>      vs.<br><br>THE WALT DISNEY COMPANY; DISNEY ENTERPRISES, INC.; DISNEY ELECTRONIC CONTENT, INC., UPSIGHT, INC.; UNITY TECHNOLOGIES SF; KOCHAVA, INC.; MOPUB, INC.; TWITTER, INC.; COMSCORE, INC.; and FULL CIRCLE STUDIES, INC.,<br><br>                              Defendants. | CASE NO.  3:17-cv-04419-JD<br><br>Related Case: *McDonald, et al. v. Kiloo ApS, et al.*, Case No. 3:17-cv-04344-JD<br><br>**DEFENDANT KOCHAVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>[Fed. R. Civ. P. 12(b)(2)]<br><br>[Accompanying Papers: Declarations of Jason Hicks and Hazel Mae B. Pangan]<br><br>Judge:       Honorable James Donato<br>Date:        October 18, 2018<br>Time:        10:00 a.m.<br>Courtroom:   11 |

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................ 1

    A.    Kochava Is a Delaware Corporation with No Significant Ties to California ......... 1

    B.    Kochava's Business with Disney ............................................................................ 2

    C.    Plaintiffs' Jurisdictional Allegations as to Kochava ............................................. 3

III.    ARGUMENT ................................................................................................................. 4

    A.    This Court Lacks Personal Jurisdiction over Kochava ......................................... 4

        1.    Kochava Is Not Subject to General Jurisdiction in California .................... 5

        2.    Kochava Is Not Subject to Specific Jurisdiction in This Case .................... 6

            a.    Plaintiffs Cannot Establish Purposeful Direction by Kochava ........................................................................................... 6

            b.    Plaintiffs' Claims Do Not Arise out of Kochava's Contacts with California ........................................................................ 8

            c.    Exercising Specific Jurisdiction over Kochava Is Unreasonable ...................................................................................... 9

                i.    There Is No Purposeful Injection by Kochava .................... 9

                ii.    Defense in California Is Unduly Burdensome for Kochava ............................................................................... 9

                iii.    California Lacks Significant Interest in Adjudicating This Dispute .............................................. 10

                iv.    Most Efficient Judicial Resolution & Alternative Forum in Idaho ................................................................. 10

IV.    CONCLUSION ............................................................................................................ 10

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION              CASE NO.  3:17-cv-04419-JD

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-cv-02991-JST, 2015 U.S.  Dist. LEXIS 137153 (N.D. Cal. Oct. 7, 2015) ................................................................ 7

*Alcabes v. Capella Hotel Grp. LLC*, Case No. CV 14-7650 DMG (MRWx), 2015 U.S. Dist. LEXIS 182701 (C.D. Cal. 2015) ................................................................ 6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ........................... 7

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ............................ 6

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) ................................................................................................................ 5, 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........................................... 6, 8, 9

*Calder v. Jones*, 465 U.S. 783 (1984) ......................................................................... 6

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) .................................. 8

*Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240 (9th Cir. 1984) ............................. 5

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ...................................... 9, 10

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ............................................................ 5

*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977) ............... 5

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ...................................................... 5

*Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 U.S. Dist. LEXIS 87417 (N.D. Cal. 2015) .................................................................................................... 7

*Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758 (9th Cir. 1990) ................................ 10

*GT Sec., Inc. v. Klastech GmbH*, No. C-13-03090 JCS, 2014 U.S. Dist. LEXIS 88237 (N.D. Cal. June 27, 2014) .................................................................................... 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ................................ 5

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) ........................................................... 10

*Lake v. Lake*, 817 F.2d 1416 (9th Cir. 1987) ............................................................. 6

*Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463 (1986) ...................................... 6

*Phillips v. Hernandez*, No. 12-CV-748-MMA (WMC), 2012 U.S. Dist. LEXIS 150361 (S.D. Cal. Oct. 18, 2012) ................................................................................ 8

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) ......................................................... 5

3

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                                    CASE NO.  3:17-cv-04419-JD

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991)..................................................................9

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)...............................6, 7

*Selhorst v. Alward Fisheries, LLC*, Case No. 2011 U.S. Dist. LEXIS 120810 (N.D.Cal. 2011)... 9

*Smith v. Facebook, Inc.*, No. 5:16-cv-01282-EJD, 2017 U.S. Dist. LEXIS 145031 (N.D. Cal.
   May 9, 2017)..............................................................................................................................7, 8

*Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ..........................................................................7, 8

*Ziegler v. Indian River Cnty.*, 64 F.3d 470(9th Cir. 1995) ..........................................................10

**Statutes**

15 U.S.C. §§ 6501-6505 ....................................................................................................................4

**Rules**

16 C.F.R. § 312.2 ...............................................................................................................................4

Fed. R. Civ. P. 12(b)(2).....................................................................................................................1

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

4

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2

3

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

4

5

6

7

8

**PLEASE TAKE NOTICE** that, pursuant to this Court's April 5, 2018 Order (*McDonald* ECF No. 159)[1] and following the completion of jurisdictional discovery, defendant Kochava, Inc. ("Kochava") respectfully renews its motion and moves this Honorable Court for an order dismissing Plaintiffs' Amended Class Action Complaint ("ACAC") (*Rushing* ECF No. 88[2]) under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

9

## MEMORANDUM OF POINTS AND AUTHORITIES

10

## I.  INTRODUCTION

11

12

13

14

15

16

17

18

19

20

21

22

The ACAC should be dismissed for lack of personal jurisdiction over Kochava, a Delaware corporation headquartered in Sandpoint, Idaho, where Kochava performs its work related to the online Disney video game applications or "apps" at issue in this action.  Even after completing jurisdictional discovery, which confirmed that none of Kochava's servers or employees involved in the SDK services for the Disney apps are located in California, Plaintiffs cannot satisfy their burden of establishing sufficient contacts to support general or specific personal jurisdiction over Kochava in California.  Plaintiffs ignore this information adduced in jurisdictional discovery in their amended complaint, relying instead on: (1) inaccurate and out-of-context citations to internet sources; and (2) Kochava's relationship with Disney.  However, none of Plaintiffs' bases for personal jurisdiction over Kochava is legally sufficient.  The only relevant connection between Kochava and this judicial district is Plaintiffs' claims in this suit, which is wholly inadequate to vest personal jurisdiction consistent with due process.

23

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

24

### A.  Kochava Is a Delaware Corporation with No Significant Ties to California

25

26

Kochava is a Delaware corporation with its principal place of business located at 201

27

28

---

[1] "*McDonald*" Electronic Case Filing ("*McDonald* ECF") citations in this motion are to the ECF docket entries of the related case *McDonald, et al. v. Kiloo ApS, et al.*, No. 3:17-cv-04344-JD.
[2] "*Rushing* ECF" citations are to the ECF docket entries of the above-captioned case, No. 3:17-cv-04419-JD.

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                                              CASE NO.  3:17-cv-04419-JD

Church Street, Sandpoint, Idaho 83864.  ACAC ¶ 14; Hicks Decl. ¶ 2.  Kochava presently

employs only 140 people and provides business-to-business "software as a service" ("SaaS")

focusing on mobile attribution and analytics, which entails the use of Kochava's proprietary

software development kits, or "SDKs," to maintain and improve the performance of its clients'

software.  *Id.* at ¶¶ 2, 4.  Kochava produces no physical goods of any kind, nor does Kochava

market or sell any products or services to consumers.  *Id.* at ¶¶ 2, 6.

Kochava has no corporate offices, mailing address, or telephone number in California,

nor does it own or lease any real property in California.  *Id.* at ¶ 5.  Kochava does not advertise

through print, television, radio, or other traditional advertising in California.  *Id.*

**B.  <u>Kochava's Business with Disney</u>**

In 2013, Kochava contracted with Disney to provide SaaS for attribution and analytics of

various Disney apps by way of SDKs.  *Id.* at ¶ 7.  These apps are or were available for download

onto devices such as the Apple iPhone and iPad, and the Google Android.  *Id.*  The purpose of

the SDKs is to support the apps' internal operations, including analyzing the apps' functioning.

*Id.*  Kochava's SDK services were not specifically directed to California end users—i.e., the

consumers who would download the Disney apps, which are or were available to users

nationwide.  *Id.* at ¶ 8.  Moreover, Kochava's SDK services—i.e., technical support, fielding

questions, and providing information and materials—for Disney are performed and completed at

Kochava's headquarters in Idaho, where Kochava's employees who provide these services for

Disney's apps are located.  *Id.*, Ex. 1.  Kochava's business records are also kept in Idaho.  Hicks

Decl. ¶ 8.  Kochava processes and stores the data for its SDK services in the cloud and on servers

located in its processing facility in Liberty Lake, Washington, near the Washington-Idaho

border.  *Id.*, Ex. 2.  Kochava does not process or store its data on any servers in California.

Hicks Decl. ¶ 8.

Further, Kochava does not receive any contact information—telephone number, email, or

address—for the end users of the Disney apps.  *Id.* at ¶ 12.  Kochava does not market or sell its

SDK services to end users in California, or have knowledge of Plaintiffs, their identities, or

residences in California.  *Id.* at ¶¶ 6, 12.  While Kochava may receive internet protocol ("IP")

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-2-

addresses for apps in which Kochava's SDK is embedded for supporting the apps' internal operations, at best, those IP addresses refer to the location of the internet network to which an app is connected at that particular point in time. *Id*. at ¶ 11. By itself, an IP address does not reveal a user's location, much less residence—and in any event, Kochava does not review any geographical data as part of its own operations. *Id.*

C. **Plaintiffs' Jurisdictional Allegations as to Kochava**

Pursuant to the Court's April 5, 2018 Order (*McDonald* ECF No. 159 at 2) on Kochava's prior motion to dismiss for lack of personal jurisdiction (*McDonald* ECF No. 114), Plaintiffs conducted jurisdictional discovery on Kochava, seeking documents concerning: (1) the locations of the servers operated or accessed by Kochava and on which data derived from or concerning the Disney apps at issue is housed; (2) documents reflecting Kochava's knowledge of where the app data is stored or located; and (3) the locations of any and all Kochava employees "tasked with executing" Kochava's contractual obligations to Disney for the apps at issue. Pangan Decl. ¶2, Ex. A. On May 4, 2018, Kochava produced its responsive documents showing the location of the servers used by Kochava and the location of its employees assigned to the Disney apps. Pangan Decl. ¶ 3, Ex. B; Hicks Decl., Exs. 1-2. Neither the servers nor employees are located in California. Hicks Decl., Exs. 1-2.

In their amended complaint, Plaintiffs' allegations for the propriety of personal jurisdiction over Kochava are based on out-of-context references to Kochava's website materials. For example, Plaintiffs allege that Kochava's Idaho headquarters is a "short 1:40 flight from the Oakland airport" and that Kochava has "offices in San Francisco, California." ACAC ¶¶ 14, 18. While Kochava's website does refer to the short flight distance between Oakland and Sandpoint, that statement is made in the context of promoting the accessibility and desirability of Kochava's Sandpoint headquarters' location, not in the context of showing continuous and systematic operations in the Bay Area. *Id.* at ¶ 18, n. 3 (citing www.kochava.com/company/). By Plaintiffs' logic, businesses headquartered in Ontario, Canada, which is an even shorter hour and a half flight from San Francisco, are subject to personal jurisdiction in San Francisco. Flight time is not jurisdictionally relevant.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                                    CASE NO. 3:17-cv-04419-JD

Plaintiffs' assertion that Kochava has offices in San Francisco is simply wrong and based on misinterpretations of statements on Kochava's "careers" web page, which promotes career opportunities to prospective employees. *See* Hicks Decl. ¶ 5. Kochava has no corporate offices in San Francisco, and its presence is limited to a few personnel who work out of their homes, and none of whom work or have ever worked on the apps at issue. *Id.* at ¶ 5.

Plaintiffs further claim that Kochava's SDK "targeted and tracked such users, injuring them in California" and that Kochava "knew or should have known that users were located in California" based on data that includes only device characteristics, and not information such as name, email address, or address. ACAC ¶¶ 20, 64. Plaintiffs' citation to "geolocation" as a data point reported by Kochava to Disney pertains only to the IP addresses that Kochava may collect but do not reveal a device user's actual location or residence—i.e., Kochava cannot determine users' actual locations based on this data.[3] *Id.* at ¶ 20; Hicks Decl. ¶¶ 11-12.

Plaintiffs also claim that Kochava "is granted remote or direct access to Disney's computer systems and networks, which—upon information and belief—are located in California." ACAC ¶ 21. However, Kochava does not have "remote or direct" access to Disney's computers or networks, and has no knowledge of where Disney's employees or servers supporting the apps at issue are located, as Kochava's services neither require nor are dependent such knowledge. Hicks Decl. ¶¶ 9-10.

## III. ARGUMENT

### A. This Court Lacks Personal Jurisdiction over Kochava

In diversity actions, a federal court determines whether personal jurisdiction exists over a non-resident defendant through a two-step inquiry: (1) whether a state statute confers personal jurisdiction over the nonresident defendant; and (2) whether the exercise of jurisdiction accords with federal constitutional principles of due process. *See Data Disc, Inc. v. Systems Technology*

---

[3] IP addresses are not geolocation information under the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501-6505 ("COPPA"), and its implementing regulations, which define "geolocation information" as "information sufficient to identify street name and name of a city or town." 16 C.F.R. § 312.2.

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                     CASE NO.  3:17-cv-04419-JD

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    *Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977).  Courts hold that California's long-arm

2    statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S.

3    Constitution."  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v.*

4    *Bauman*, 134 S. Ct. 746, 753 (2014)). The plaintiff bears the burden of establishing the court's

5    personal jurisdiction.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

6           There are two types of personal jurisdiction: "general" and "specific."  *Bristol-Myers*

7    *Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017).  For

8    a corporation, the paradigmatic forum for the exercise of general jurisdiction is one in which the

9    corporation is fairly regarded "at home."  *See Daimler*, 134 S. Ct. at 760.  "A court with general

10   jurisdiction may hear any claim against that defendant, even if all the incidents underlying the

11   claim occurred in a different State."  *Bristol-Myers Squibb Co.*, 173 S. Ct. at 1780.

12          **1.   Kochava Is Not Subject to General Jurisdiction in California**

13          General personal jurisdiction exists only where a defendant's contacts with the forum are

14   "continuous and systematic."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

15   416 (1984).  The "continuous and systematic" contacts must be sufficient enough so as to

16   consider the proposed forum the corporation's "home."  *See Daimler*, 134 S.Ct. at 761 (citations

17   omitted).  It is not appropriate to rely on the magnitude of the defendants' in-state activities

18   because "a corporation that operates in many places can scarcely be deemed at home in all of

19   them . . . [o]therwise, 'at home' would be synonymous with "doing business[.]"  *Daimler*, 134

20   S.Ct. at 762, n. 20.  Rather, courts should look to the place of incorporation and principal place

21   of business as the paradigmatic bases for general jurisdiction.  *Id*. at 760.

22          Here, Plaintiffs' allegations are deficient to confer general jurisdiction over Kochava.  As

23   previously discussed above, Kochava has no offices in California, and its California-based

24   personnel do not work (and have not worked) on the Disney apps.  Hicks Decl. ¶¶ 5, 8.  The

25   presence of employees working in the forum is insufficient to confer general jurisdiction.  *See*

26   *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) (noting that

27   even the presence of a "substantial sales force" in the forum state is insufficient to confer general

28   jurisdiction in cases where the cause of action is unrelated to the forum activity); *see also*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-5-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  *Alcabes v. Capella Hotel Grp. LLC*, Case No. CV 14-7650 DMG (MRWx), 2015 U.S. Dist.

2  LEXIS 182701, *8-9 (C.D. Cal. 2015) ("presence of two employees, a social media director and

3  a regional director of sales, with no offices in the state is insufficient to confer general

4  jurisdiction[.]").  As a result, Kochava's limited number of personnel in California, without

5  more, does not confer general jurisdiction.

**2.  Kochava Is Not Subject to Specific Jurisdiction in This Case**

7  Specific jurisdiction requires the following three elements: "(1) The non-resident

8  defendant must purposefully direct [its] activities [. . . .] with the forum or resident thereof; (2)

9  the claim must be one which arises out of or relates to the defendant's forum-related activities;

10  and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must

11  be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

12  Plaintiff bears the burden on the first two factors, then the burden shifts to the defense to a make

13  a "compelling case" that exercise of jurisdiction is unreasonable.  *See Burger King Corp. v.*

14  *Rudzewicz*, 471 U.S. 462, 476-78 (1985).

*a.   Plaintiffs Cannot Establish Purposeful Direction by Kochava*

16  "'A purposeful availment analysis is most often used in suits sounding in contract,' while

17  a 'purposeful direction analysis . . . is most often used in suits sounding in tort. *Lake v. Lake*,

18  817 F.2d 1416, 1421 (9th Cir. 1987).  In tort cases,[4] the Ninth Circuit evaluates whether there

19  exists "purposeful direction" using a three-part test called the "*Calder* Effects Test," under which

20  "'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the

21  forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum

22  state.'"  *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)

23  (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)).

24  Here, Plaintiffs do not allege any "intentional act" by Kochava expressly aimed at

25  California that caused harm that Kochava knew would likely be suffered in California.  Plaintiffs

26  allege that Kochava directed its actions to California residents because Kochava contracted to

___
[4] Intrusion upon seclusion is an intentional tort claim.  *See Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463, 1482 (1986) (citing the Restatement Second of Torts).

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                    CASE NO.  3:17-cv-04419-JD

have its SDK embedded in Disney's apps, which allegedly "track and profile children" who Kochava knew or had reason to know were in California.  ACAC ¶¶ 18-20.  However, Plaintiffs do not allege that Kochava actually targets individual users based on or with knowledge of their actual physical location.  Kochava's SDK services were not specifically directed to California end users of Disney's apps, which are or were indiscriminately available to third party users nationwide for download onto devices such as the Apple iPhone and iPad, and the Google Android.  Hicks Decl. ¶ 7.

In any event, even assuming that Kochava directed activity at California generally, personal jurisdiction only exists where a defendant commits "'wrongful conduct targeted at a Plaintiff whom the defendant knows to be a resident of the forum state.'"  *Smith v. Facebook, Inc.*, No. 5:16-cv-01282-EJD, 2017 U.S. Dist. LEXIS 145031, at *14 (N.D. Cal. May 9, 2017) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). The Ninth Circuit has emphasized that "'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," and that "something more" means conduct expressly aimed at the forum.  *Schwarzenegger*, 374 F.3d at 805.

Indeed, this Court has held that in light of the Supreme Court's holding in *Walden v. Fiore*, 134 S. Ct. 1115, 1122, 1124-25 (2014), "'a defendant's knowledge of a plaintiff's forum connections and the foreseeability of harm there are [not] enough in themselves to satisfy the minimum contacts analysis.'" *Adobe Sys. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-cv-02991-JST, 2015 U.S.  Dist. LEXIS 137153, at *10 (N.D. Cal. Oct. 7, 2015) (citing *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 U.S. Dist. LEXIS 87417, at *8 (N.D. Cal. 2015)).

Here, there is no allegation or evidence that Kochava even knew the identities any of the end users of the apps, or that Kochava attempted to contact any of the end users, including Plaintiffs, in any way.  Plaintiffs allege that Kochava collects a variety of *anonymized* data concerning end users, such as details about the mobile devices and the language used by the user—but there is no allegation that Kochava collects information to identify the specific user in the real world, such as contact information, names, or physical location. ACAC ¶¶ 64, 80-82, 90-92, 96-98, 106-108.  Indeed, even with an IP address, Kochava is unable to determine the real

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-7-

1   world location of a user.  Hicks Decl. ¶ 11.  Accordingly, Kochava did not know Plaintiffs and

2   could not have anticipated Plaintiffs would "suffer harm" in California.

3       b.   _Plaintiffs' Claims Do Not Arise out of Kochava's Contacts with California_

4           The relationship between the defendant's suit-related conduct and the forum state "must

5   arise out of contact that the 'defendant _himself_' creates with the forum State."  _Walden_, 134 S.

6   Ct. at 1122 (quoting _Burger King v. Rudzewicz_, 471 U.S. 462, 475 (1985) (emphasis in

7   original)).  The analysis "must be focused on the defendant's contacts with the forum State itself,

8   not the defendant's contacts with persons who reside there."  _Walden_, 134 S. Ct. at 1122.  Even

9   where a nonresident defendant contracts with a California resident, there is no personal

10  jurisdiction over the nonresident defendant for claims asserted by a plaintiff who is not a party to

11  that agreement.  _See, e.g._, _Phillips v. Hernandez_, No. 12-CV-748-MMA (WMC), 2012 U.S.

12  Dist. LEXIS 150361, at *13 (S.D. Cal. Oct. 18, 2012) (jurisdiction insufficient on contract

13  entered into in San Diego where the plaintiff was not a party to it).

14          Thus, the fact that Kochava contracted with California-based Disney is irrelevant, as this

15  relationship is insufficient for personal jurisdiction.  _See Bristol-Myers_, 137 S. Ct. at 1781;

16  _Walden_, 134 S. Ct. at 1123; _Smith_, 2017 U.S. Dist. LEXIS 145031 at *14 ("[p]ersonal

17  jurisdiction requires 'something more'—namely, 'wrongful conduct targeted at a plaintiff whom

18  the defendant knows to be a resident of the forum state.'" (internal citations omitted).  Under

19  plaintiffs' theory, Kochava directed itself to _every state_, opening itself to lawsuits for providing

20  SDK services out of Idaho to anywhere in the United States where users of Disney's apps reside.

21  _See CollegeSource, Inc. v. AcademyOne, Inc._, 653 F.3d 1066, 1075-76 (9th Cir. 2011) ("If the

22  maintenance of an interactive website were sufficient to support general jurisdiction in every

23  forum in which users interacted with the website, the eventual demise of all restrictions on the

24  personal jurisdiction of state courts would be the inevitable result.").

25          Further, Plaintiffs' incorrect allegation that Kochava signed its contract with Disney in

26  California is inconsequential to the jurisdictional analysis, which looks not at where a contract is

27  signed but whether the contract contemplates future performance _within_ the forum.

28  _See Selhorst v. Alward Fisheries, LLC_, Case No. 2011 U.S. Dist. LEXIS 120810, at *4 (N.D.Cal.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-8-

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                    CASE NO.  3:17-cv-04419-JD

1    2011) (purposeful availment requires a contract is "dependent upon further activities in the

2    forum state") (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991)).  Here,

3    Kochava's performance of its SDK services for Disney occurred and continues to occur outside

4    of California and in Idaho.  Hicks Decl. ¶ 8.

5         In any event, Mr. Hicks, who signed the Disney agreement, was not in California on the

6    date shown in the e-signature.  *Id.* at ¶ 13.  In support of their allegation that Mr. Hicks signed

7    the agreement in California, Plaintiffs cite an IP address lookup that incorrectly places Mr. Hicks

8    in California on the signing date, when he was actually in Idaho, further showing that IP address

9    data does not reveal a user's actual physical location.  ACAC ¶ 21 n. 7; Hicks Decl. ¶¶ 11, 13.

10              *c.   Exercising Specific Jurisdiction over Kochava Is Unreasonable*

11        Even where a court concludes that a defendant purposefully directed its activities to the

12   forum (which the allegations and facts do not support here), the exercise of jurisdiction by local

13   courts must also "comport with fair play and substantial justice" – or, in other words, be

14   reasonable.  *Burger King*, 471 U.S. at 486.  Reasonableness is assessed by numerous factors, the

15   most relevant of which are discussed below.  *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d

16   1482, 1487-88 (9th Cir. 1993) (enumerating reasonableness factors).

17              i.    There Is No Purposeful Injection by Kochava

18        The "purposeful injection" factor parallels the analysis for purposeful direction.  *GT Sec.,*

19   *Inc. v. Klastech GmbH*, No. C-13-03090 JCS, 2014 U.S. Dist. LEXIS 88237, at *53 (N.D. Cal.

20   June 27, 2014) (defendant's activities that satisfied the "'purposeful direction' prong" also

21   "demonstrate a sufficient level of purposeful injection[.]").  As such, because Kochava has not

22   purposefully directed conduct to Plaintiffs, *a fortiori*, it has not purposefully injected itself either.

23              ii.   Defense in California Is Unduly Burdensome for Kochava

24        Kochava's SDK services for Disney are performed in Idaho, where Kochava's business

25   records are kept and personnel who work on the Disney apps are located.  Hicks Decl. ¶ 8.  Thus,

26   requiring Kochava to defend this action in California poses an undue burden, particularly given

27   Kochava's lack of sufficient contacts to warrant general jurisdiction, let alone specific

28   jurisdiction for Plaintiffs' claims that do not arise out of Kochava's limited activities in this state.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-9-

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                          CASE NO.  3:17-cv-04419-JD

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

iii.    California Lacks Significant Interest in Adjudicating This Dispute

This factor considers California's interest in adjudicating the controversy.  *Core-Vent Corp.*, 11 F.3d at 1487-88.  A forum state's interest is insignificant where, as here, the "case does not involve a tort or a contract that would implicate an ongoing relationship."  *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 761 (9th Cir. 1990).  As discussed above, Kochava's only relevant connection to California as it pertains to this case is that Kochava contracted to provide SDK services to Disney.  However, Plaintiffs' *tort* claims do not arise out of that contract for purposes of personal jurisdiction because Plaintiffs are not parties to that contract.  Moreover, Kochava's SDK services for the Disney apps are performed and completed in Idaho, thereby making Kochava's connection with California all the more attenuated.  *See* Hicks Decl. ¶ 8.

iv.    Most Efficient Judicial Resolution & Alternative Forum in Idaho

The factors of efficiency and California's importance to Plaintiffs' interest in convenient and effective relief primarily focus on the location of the evidence and the witnesses from the nonresident defendant's perspective.  *See Core-Vent Corp.*, 11 F.3d at 1487-88; *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470, 476 (9th Cir. 1995) ("neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the Plaintiff").

Here, it is undisputed that Kochava is headquartered in Idaho, where its business records and personnel who work on the Disney apps are located.  Hicks Decl. ¶ 8.  For Kochava, it would be contrary to the principles of judicial economy to continue the proceedings in California when the records and witnesses are in Idaho.  Effective relief is available in the U.S. District Court for District of Idaho, where Kochava can be found.  Whatever inconvenience plaintiffs face in litigating in Idaho is outweighed by Kochava's right to "fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *see also Ziegler*, 64 F.3d at 476.

**IV. CONCLUSION**

Based on the foregoing, Kochava respectfully requests dismissal from this action based on a lack of personal jurisdiction.

-10-

1

2    Dated:  August 3, 2018

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

By:    /s/ Craig J. Mariam
       Craig J. Mariam

Attorneys for Defendant
KOCHAVA, INC.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1142891/35607034v.1

DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION                 CASE NO.  3:17-cv-04419-JD