GORDON REES SCULLY
MANSUKHANI, LLP
CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
HAZEL MAE PANGAN (SBN: 272657)
hpangan@grsm.com
SAMUEL B. LAUGHLIN (SBN: 299720)
slaughlin@grsm.com
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470

ALLISON J. FERNANDEZ  (SBN: 272853)
afernandez@grsm.com
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile:   (415) 986-8054

Attorneys for Defendant
Kochava, Inc.

[Additional counsel for Defendants listed on
signature pages]

VENABLE LLP
CELESTE M. BRECHT(SBN: 236804)
cmbrecht@venable.com
RAMANDA R. LUPER (SBN: 313606)
rrluper@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

EDWARD P. BOYLE
JOHN C. VAZQUEZ
epboyle@venable.com
jcvazquez@venable.com
1270 Avenue of the Americas
New York, NY 10020
Telephone: (212) 808-5675
Facsimile: (212) 307-5598

Attorneys for Defendants comScore,
Inc. and Full Circle Studies, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

AMANDA RUSHING, ASHLEY
SUPERNAULT, JULIE REMOLD, and TED
POON, on behalf of themselves, and as parents
and guardians of their children, L.L., M.S.,
N.B., C.B., R.P., and K.P., and on behalf of all
others similarly situated

                Plaintiffs,

    vs.

THE WALT DISNEY COMPANY;
DISNEY ENTERPRISES, INC.; DISNEY
ELECTRONIC CONTENT, INC., UPSIGHT,
INC.; UNITY TECHNOLOGIES SF;
KOCHAVA, INC.; MOPUB, INC.; TWITTER,
INC.; COMSCORE, INC.; and FULL CIRCLE
STUDIES, INC.,

                Defendants.

CASE NO.  3:17-cv-04419-JD

Related Case: *McDonald, et al. v. Kiloo ApS,
et al.*, Case No. 3:17-cv-04344-JD

**DEFENDANTS' SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' MGL 93A AND
UCL CLAIMS**

[Fed. R. Civ. P. 12(b)(6)]

Judge:    Hon. James Donato
Date:      October 18, 2018
Time:     10:00 a.m.
Ctrm:     11

1

## <u>SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

2

Defendants will and hereby do move to dismiss Plaintiffs' claims under Massachusetts

3

General Laws chapter 93A, *et seq.* ("MGL 93A") and California Bus. & Prof. Code §§ 17200, *et*

4

*seq.* ("UCL") for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendants submit this

5

supplemental brief as the MGL 93A and UCL claims are unique to the *Rushing v. Disney* case.

6

## I.   PLAINTIFF SUPERNAULT FAILS TO ALLEGE A CLAIM UNDER MGL 93A

7

Plaintiff Ashley Supernault asserts an MGL 93A claim on behalf of herself, her child, and

8

others in the "Massachusetts Class."  DAC ¶¶ 235, 287-90.  To state an MGL 93A claim, a

9

plaintiff must show: "(1) an unfair or deceptive act or practice on the part of the defendant; (2) an

10

injury or loss suffered by the consumer; and (3) a causal connection between the defendant's

11

unfair or deceptive act or practice and the consumer's injury."  *Waters v. J.C. Christensen &*

12

*Assocs.*, 2011 U.S. Dist. LEXIS 41075, at *34-36 (D. Mass. Mar. 4, 2011).  "[T]he boundaries of

13

what may qualify for consideration as a Chapter 93A violation is a question of law."  *Arthur D.*

14

*Little, Inc. v. Dooyang Corp.*, 147 F.3d 47, 54 (1st Cir. 1998) (citations omitted).

15

### A.   Plaintiff Supernault Fails to Allege "Unfair or Deceptive Acts or Practices"

16

Because Supernault's MGL 93A claim is "wholly derivative" of her other unsuccessful

17

claims, it is "likewise insufficient to establish an unfair method of competition or an unfair or

18

deceptive act or practice" under MGL 93A.  *Pembroke Country Club, Inc. v. Regency Sav. Bank,*

19

*F.S.B.*, 815 N.E.2d 241, 247 (Mass. App. Ct. 2004); *see also Skehel v. DePaulis*, 2017 WL

20

2380164, at *2 (D. Mass. June 1, 2017) (plaintiff's "Chapter 93A claims are derivative of their

21

unsuccessful claims … and thus, they cannot succeed").

22

None of the conduct alleged is "unfair" or "deceptive."  In determining whether conduct

23

violates MGL 93A, courts examine: "1) whether the practice falls within the penumbra of

24

common-law, statutory, or other established concepts of unfairness; 2)  whether it is immoral,

25

unethical, oppressive, or unscrupulous; and 3) whether it causes substantial injury to consumers .

26

. . ."  *Hiam v. HomeAway.com, Inc.*, 267 F. Supp. 3d 338, 347–48 (D. Mass. 2017), *aff'd*, 887

27

F.3d 542 (1st Cir. 2018) (citation omitted).  Similar to the standards applicable to evaluating

28

Plaintiffs' MGL chapter 214, § 1B and California privacy claims, the defendant "must have

-1-

1    committed some 'extreme or egregious' fault'" to be liable under MGL 93A.  *Jones v. Experian*

2    *Info. Sols., Inc.*, 141 F. Supp. 3d 159, 163–64 (D. Mass. 2015) (*quoting Baker v. Goldman, Sachs*

3    *& Co.*, 771 F.3d 37, 51 (1st Cir. 2014)); *see also In re TJX Companies Retail Sec. Breach Litig.*,

4    564 F.3d 489, 497 (1st Cir. 2009) ("chapter 93A is intended exclusively for egregious conduct").

5           Here, Supernault alleges that Defendants violated MGL 93A by "contracting for the

6    installation of SDKs in Disney's child-oriented Gaming Apps and secretly collecting and sharing

7    Plaintiff's and Class Members' children's Personal Data without parental consent[.]"  DAC at

8    ¶ 288.  As explained in Defendants' joint motion to dismiss ("Joint Motion"), however: (1) the

9    alleged collection and use of anonymous persistent identifiers and related data does not violate

10   any common law or statutory privacy rights under Massachusetts or other state laws (Joint

11   Motion, at Part IV(A)(1), (C)); (2) the complaint fails to allege any deceitful conduct (*id.*,

12   IV(A)(3)); and (3) the complaint fails to allege facts that data collected was shared or used for

13   any improper purpose (*id.*, IV(D)).  Supernault's allegations are not sufficiently "extreme" or

14   "egregious" and thus likewise do not violate MGL 93A.  *See, e.g., Jones*, 141 F. Supp. 3d at

15   163–64 (while plaintiff claims that unwanted sales "calls are unfair because they are 'harassing

16   and annoying and invades the privacy of Plaintiff'" and "these facts show that the calls certainly

17   bothered Plaintiff, they do not support the idea that Defendants committed any extreme or

18   egregious acts" to violate 93A).  Because Supernault has "not alleged any wrongdoing beyond

19   that alleged with respect to [Plaintiffs'] other claims," her "93A claim is 'wholly derivative'" and

20   equally fails.  *Lento v. RBS Citizens, N.A.*, 2015 WL 1430863, at *12 (D. Mass. Mar. 27, 2015).[1]

21          **B.      Plaintiff Supernault Fails to Allege a Cognizable Injury Under MGL 93A**

22          Standing to sue under MGL 93A is limited to plaintiffs who have suffered actual injury

23   caused by the allegedly unfair practice.  Mass. Gen. Laws. Ch. 93A, §§ 2(a), 9(1).  "[I]n order to

24   _____

[1] Further, MGL 93A exempts conduct that is permitted by federal law.  Mass. Gen. Laws ch.
25   93A, §§ 2(a)-(c), 3.  Contrary to Supernault's allegations that Defendants violated MGL 93A by
collecting and using persistent identifiers, the Children's Online Privacy Protection Act
26   ("COPPA"), expressly permits the collection and use of persistent identifiers on devices used by
children where the information is used only for "internal operations."  Children's Online Privacy
27   Protection Rule, 78 Fed. Reg. 3972, 3979 & n. 95, 3981, 3998 (Jan. 17, 2013); 16 C.F.R. §§
312.2, 312.5(c)(7).  As described in the Joint Motion, the FAC does not plausibly allege that
28   Defendants use persistent identifiers for any purpose that violates COPPA.

1    establish a violation of Chapter 93A, a plaintiff must demonstrate that even a *per se* violation

2    caused injury to him."  *Casavant v. Norwegian Cruise Line, Ltd.*, 76 Mass. App. Ct. 73, 76 (2009)

3    (citing *Hershenow v. Enterprise Rent-a-Car Co. of Boston, Inc.*, 445 Mass 790, 797 (2006)).

4    Plaintiff Supernault fails this requirement.

5         Supernault alleges that she suffered an "actual injury—in the form of the purchase price

6    of the Where's My Water? App and/or their loss of privacy and autonomy—as a result of"

7    Defendants' alleged data collection.  DAC ¶ 289.  As to the purchase price, Supernault not only

8    fails to allege that she actually purchased the app, but she fails to identify an *actual* monetary

9    loss in a reduction in the *value* of the app.  *Shaulis v. Nordstrom, Inc.,* 865 F.3d 1, 12 (1st Cir.

10   2017) (complaint did "not state a legally cognizable economic injury under Chapter 93A because

11   it fails to identify anything objective that [plaintiff] bargained for that she did not, in fact,

12   receive").  Moreover, a mere allegation that one would not have purchased the product but for

13   the conduct is insufficient under MGL 93A.  *See In re Celexa & Lexapro Mktg. and Sales*

14   *Practices Litig.*, 2015 WL 3751422, at *8 (D. Mass. June 15, 2015) (rejecting "informed choice"

15   injury theory that plaintiffs would not have bought drug had they known certain information).

16        Supernault also fails to allege facts supporting any actual injury resulting from her

17   conclusory allegation of "loss of privacy and autonomy."  For claimed injuries resulting from an

18   "invasion of the consumer's personal privacy," the "plaintiff must demonstrate some harm; the

19   mere invasion of an established right is insufficient."  *Ferreira v. Sterling Jewelers, Inc.,* 130 F.

20   Supp. 3d 471, 478 (D. Mass. 2015).  As demonstrated in the Joint Motion, Plaintiffs have not

21   suffered any actionable privacy loss from the collection and use of anonymous data, and the

22   defendants' practices were fully disclosed to them.  *See* Joint Motion, at IV(A)-(C); *see also*

23   *Perlow v. ABC Fin. Servs., Inc.,* 2018 WL 3431903, at *4 (Mass. Super. June 19, 2018) (plaintiff

24   suffered no "privacy" invasion causing harm under 93A where agreement disclosed possibility of

25   conduct).  Supernault further fails to allege facts showing that her claimed fears about the effects

26   of any alleged behavioral advertising have actually manifested, much less that Defendants'

27   conduct caused those effects.  DAC ¶¶ 134-39, 172-81.  These speculative apprehensions of

28   future harm are not enough to plead cognizable injury under MGL 93A.  *Waters v. J.C.*

1  | *Christensen & Assocs.*, 2011 U.S. Dist. LEXIS 41075, at *41 (D. Mass. Mar. 4, 2011).

2  | **II.   PLAINTIFF REMOLD FAILS TO ALLEGE A CLAIM UNDER THE UCL**

3  | Remold's UCL claim should be dismissed because she has pled no facts plausibly

4  | showing that Defendants committed fraud or otherwise engaged in unfair or unlawful acts or

5  | behaviors.  *See* Cal. Bus. & Prof. Code §§ 17200, *et seq.*[2]

6  | **A.   Plaintiff Remold Fails to Allege "Unlawful" Acts or Practices**

7  | Remold cannot maintain a UCL "unlawful" claim because, as demonstrated in the Joint

8  | Motion, she does not plausibly allege that Defendants violated any law.  Joint Motion, at IV(A);

9  | *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (dismissing UCL

10 | unlawful claim where plaintiff could not state claim under "borrowed" statutes).[3]

11 | **B.   Plaintiff Remold Fails to Allege That Defendants Engaged in Unfair Conduct**

12 | To demonstrate "unfairness," a plaintiff must show (1) the risk to consumers outweighs

13 | any benefit, (2) the action was unlawful, or (3) the action was "immoral, unethical, oppressive,

14 | unscrupulous, or substantially injurious to consumers."  *Davis v. HSBC Bank, N.A.*, 691 F.3d

15 | 1152, 1169-70 (9th Cir. 2012).  None of these standards apply.

16 | As demonstrated in the Joint Motion, the Defendants' alleged collection and use of

17 | anonymous data does not violate Plaintiffs' common law or statutory privacy rights.  Joint

18 | Motion, at IV(A).  Moreover, Plaintiffs fail to allege facts that Defendants actually used such

19 | information in any improper manner.  *Id.*, IV(D).  And while Remold's unfair claim relies on the

20 | assertion that Defendants "surreptitiously exfiltrated [data] without consent" (DAC ¶ 283),

21 | Defendants disclose the collection and use of anonymous data to consumers in their respective

[2] As only Plaintiff Remold paid for the "Where's My Water" app, only she may maintain a UCL claim.  *See Svenson v. Google Inc.*, 2016 WL 8943301, at *17 (N.D. Cal. Dec. 21, 2016) (where online "services were free," the "asserted loss of those privacy protections does not constitute a loss of *money or property*").  Only Remold appears to assert a UCL claim in the complaint.

[3] Remold cannot base her UCL claim on alleged violations of COPPA, which does not permit a private right of action.  *See* 15 U.S.C. §§ 6502(c), 6505(d).  Indeed, after Defendants moved to dismiss Plaintiffs' complaints on the basis of express and implied preemption, the Court rejected Plaintiffs' efforts to bootstrap their state-law claims on alleged COPPA violations, requiring that they replead their claims independent of COPPA.  *See* Dkt. 82 at 2.  *Cf. Zhang v. Superior Court*, 57 Cal. 4th 364, 388 (2013) ("UCL cause of action will not lie to enforce violation of a particular statute" where "Legislature affirmatively intended to preclude such indirect enforcement").

DEFENDANTS' SUPPLEMENTAL BRIEF ISO MTD PLAINTIFFS' MGL 93A AND UCL CLAIMS
CASE NO. 3:17-cv-04419-JD

privacy policies.  *See* Joint Motion, at IV(A)(3); *Davis*, 691 F.3d at 1170 (finding conduct not unfair where company disclosed terms and conditions on website and the plaintiff's ignorance was due to own behavior); *Cullen v. Netflix, Inc.*, 2013 WL 140103, at *8 (N.D. Cal. 2013), *aff'd*, 600 F. App'x 508 (9th Cir. 2015) (unfair claim dismissed; failed to allege "statements were fraudulent").

### C.   Plaintiff Remold Fails to Plead Fraud with Heightened Specificity

Both Remold's fraud *and* unfair claims—which, as noted, are equally dependent on allegations of fraudulent conduct—fail because they do not meet the requisite heightened pleading standard required by Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that a plaintiff must satisfy Rule 9(b) when pleading a UCL fraud claim); *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1051 (N.D. Cal. 2014) (applying Rule 9(b) to UCL unfair claim which relied on defendants' "alleged 'unified course of fraudulent conduct'").  Here, Remold's claims "do not satisfy Rule 9(b)" as Remold "fail[s] to allege . . . 'the who, what, when, where, and how of the misconduct alleged.'  Instead, [she] refer[s] to phrases plucked from [Defendants'] website[s]," but "do[es] not state when [she] w[as] exposed to [these] allegedly deceitful advertisements and misrepresentations or which statements [she] consider[ed] material."  *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011).

Remold fails to allege that Defendants engaged in any fraudulent conduct or misrepresented their data collection and use practices.  To the contrary, Defendants' privacy policies accurately disclose Defendants' data collection and use practices.  *See* Joint Motion, at IV(A)(3).  Further, Remold fails to plead reliance with any specificity.  Instead, she simply claims that, "but for Defendants' unfair, unlawful, or fraudulent business acts/or practices, [she] would not have purchased Defendants' Where's My Water? app."  DAC ¶ 285.  Courts have found similar bare-bones allegations insufficient to meet Rule 9(b)'s stringent requirements.  *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1083–84 (N.D. Cal. 2017), *aff'd*, 2018 WL 3490675 (9th Cir. July 20, 2018) (dismissing UCL claims for failure to plead reliance).

### III.   CONCLUSION

The Court should dismiss Plaintiffs' MGL 93A and UCL clams with prejudice.

-5-

1    Dated August 3, 2018                          Respectfully submitted,

2                                             By:   /s/ Craig J. Mariam

3                                                   _____
                                                    CRAIG J. MARIAM
4                                                   HAZEL MAE B. PANGAN
                                                    SAMUEL B. LAUGHLIN
5                                                   GORDON & REES SCULLY
                                                    MANSUKHANI LLP
6                                                   633 West Fifth Street, 52nd Floor
                                                    Los Angeles, CA 90071
7                                                   Telephone: + 1 (213) 576-5000
                                                    Facsimile: + 1 (877) 306-0043
8                                                   Email: cmariam@gordonrees.com
                                                    Email: hpangan@gordonrees.com
9                                                   Email: slaughlin@grsm.com

10                                                  ALLISON J. FERNANDEZ
                                                    GORDON & REES SCULLY
11                                                  MANSUKHANI LLP
                                                    275 Battery Street, Suite 2000
12                                                  San Francisco, CA 94111
                                                    Telephone: + 1 (415) 986-5900
13                                                  Facsimile: + 1 (415) 986-8054
                                                    Email: afernandez@gordonrees.com

14                                                  *Attorneys for Defendant Kochava, Inc.*

15                                            By:   /s/ Celeste M. Brecht

16                                                  _____
                                                    CELESTE M. BRECHT
17                                                  RAMANDA R. LUPER
                                                    VENABLE LLP
18                                                  2049 Century Park East, Suite 2300
                                                    Los Angeles, CA 90067
19                                                  Telephone: + 1 (310) 229-9900
                                                    Facsimile: + 1 (310) 229-9901
20                                                  Email: cmbrecht@venable.com

21                                                  EDWARD P. BOYLE
                                                    JOHN C. VAZQUEZ
22                                                  VENABLE LLP
                                                    1270 Avenue of the Americas
23                                                  New York, NY 10020
                                                    Telephone: + 1 (212) 808-5675
24                                                  Facsimile: + 1 (212) 307-5598
                                                    Email: epboyle@venable.com
25                                                  Email:jcvazquez@venable.com

26                                                  *Attorneys for Defendants comScore, Inc.*
                                                    *and Full Circle Studies, Inc.*

27

28

1

2
By:    /s/ Purvi G. Patel
_____

3
DAVID F. MCDOWELL
PURVI G. PATEL

4
MORRISON & FOERSTER LLP
707 Wilshire Boulevard

5
Los Angeles, CA 90017-3543
Telephone: + 1 (213) 892-5200

6
Facsimile: + 1 (213) 892-5454
Email: DMcDowell@mofo.com

7
Email: PPatel@mofo.com

8
JULIE O'NEILL

9
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue N.W.

10
Washington D.C. 20006
Telephone: + 1 (202) 887-1500

11
Facsimile: + 1 (202) 887-0736
Email: JONeill@mofo.com

12

13
*Attorneys for Defendant Unity
Technologies SF*

14

15
By:    /s/ James G. Snell
_____

16
JAMES G. SNELL
ANNA C. MOURLAM

17
JULIE ERIN SCHWARTZ
PERKINS COIE LLP

18
3150 Porter Drive
Palo Alto, CA 94304-1212

19
Telephone: + 1 (650) 838-4367
Facsimile: + 1 (650) 838-4567

20
Email: jsnell@perkinscoie.com
Email: amourlam@perkinscoie.com

21
Email: jschwartz@perkinscoie.com

22
*Attorneys for Defendants Mopub, Inc. and*

23
*Twitter, Inc.*

24

25

26

27

28

-7-

DEFENDANTS' SUPPLEMENTAL BRIEF ISO MTD PLAINTIFFS' MGL 93A AND UCL CLAIMS
CASE NO.  3:17-cv-04419-JD

1

2
By:     /s/ Jonathan H. Blavin

3
GLENN D. POMERANTZ
JORDAN D. SEGALL

4
MUNGER, TOLLES & OLSON, LLP
350 South Grand Avenue, 50th Floor

5
Los Angeles, CA 90071-3426
Telephone:     + 1 (213) 683-9132

6
Facsimile:      +1 (213) 687-3702
Email: glenn.pomerantz@mto.com

7
Email: jordan.segall@mto.com

8
ROSEMARIE T. RING
JONATHAN H. BLAVIN

9
MUNGER, TOLLES & OLSON, LLP

10
560 Mission Street, 27th Floor
San Francisco, CA 94105

11
Telephone:     +1 (415) 512-4000
Facsimile:      + 1 (415) 512-4700

12
Email: rose.ring@mto.com
Email: jonathan.blavin@mto.com

13

14
*Attorneys for Defendants The Walt Disney Co.; Disney Enterprises, Inc.; and Disney Electronic Content Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Craig J. Mariam, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: August 3, 2018                                     /s/ Craig J. Mariam

                                                                    _____

                                                                         Craig J. Mariam

-9-

DEFENDANTS' SUPPLEMENTAL BRIEF ISO MTD PLAINTIFFS' MGL 93A AND UCL CLAIMS

CASE NO.  3:17-cv-04419-JD