MORGAN, LEWIS & BOCKIUS LLP
TERA M. HEINTZ, Bar No. 241414
 tera.heintz@morganlewis.com
ELLIE F. CHAPMAN, Bar No. 305473
 ellie.chapman@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001

Attorneys for Defendants
FLURRY, INC., OATH (AMERICAS) INC., and
OATH INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL MCDONALD, TAMARA DRAUT, and DOMINIQUE MURILLO, on behalf of themselves; as parents and guardians of their children, P.G.M., P.S.M., P.R.M., H.D.-F., M.M., G.M., and E.M.; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KILOO A/S; SYBO GAMES APS; ADCOLONY, INC.; CHARTBOOST, INC.; FLURRY, INC.; INMOBI PTE LTD.; IRONSOURCE USA INC.; OATH (AMERICAS) INC. d/b/a OATH ADVERTISING, INC.; OATH INC.; TAPJOY, INC.; and VUNGLE, INC.,<br><br>Defendants. | Case No. 3:17-cv-04344-JD<br><br>**DEFENDANTS FLURRY, INC., OATH (AMERICAS) INC. AND OATH INC.'S MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      October 18, 2018<br>Time:      10:00 a.m.<br>Judge:     Hon. James Donato<br>Courtroom: 11, 19th Floor<br><br>Amended Complaint Filed:   June 4, 2018 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS FLURRY, INC., OATH (AMERICAS) INC. AND
OATH INC.'S MOT TO DISMISS AMND CMPLT
Case No. 3:17-cv-04344-JD

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 18, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable James Donato, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 11, Defendants Flurry, Inc. ("Flurry") as well as Oath (Americas) Inc. and Oath Inc. (both together, "the Oath Entities") will and hereby do move this Court pursuant to the Federal Rule of Civil Procedure ("Rule") 12(b)(6) for an order dismissing with prejudice Plaintiffs' Amended Complaint against them because Plaintiffs have failed to state any claim against Flurry or the Oath Entities upon which relief may be granted.

The Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Defendants' Joint Motion to Dismiss and Memorandum of Points and Authorities filed concurrently herewith, the reply to be filed in support of this Motion and in support of Defendants' Joint Motion to Dismiss; all of the pleadings, files, and records in this proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated: August 3, 2018                     MORGAN, LEWIS & BOCKIUS LLP

                                          By  */s/ Tera M. Heintz*
                                              Tera M. Heintz

                                          Attorneys for Defendants
                                          FLURRY, INC., OATH (AMERICAS) INC.,
                                          and OATH INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFTS FLURRY, INC., OATH (AMERICAS) INC. AND
OATH INC.'S MOT TO DISMISS AMND CMPLT
Case No. 3:17-cv-04344-JD

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## I. ARGUMENT

Plaintiffs' claims against Flurry and the Oath Entities should be dismissed because Plaintiffs' allegations fail to differentiate among the three different entities, and fail to allege facts that could support liability of the Oath Entities for the acts of their subsidiary.[1]

First, Plaintiffs' claims against Flurry and the Oath Entities should be dismissed because the Amended Complaint impermissibly conflates all of Plaintiffs' allegations against all three defendants, without differentiating among the entities. Am. Compl. ¶ 13 (defining "Flurry, Inc., Oath (Americas) Inc., and Oath Inc. . . . together [as] 'Flurry'"), ¶¶ 56-67 (directing allegations at "Flurry" with no distinction made between the Flurry, Inc. and the Oath Entities). California courts have held that such undifferentiated pleading violates Rule 8 and cannot sustain a claim as a matter of law. *See, e.g.*, *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1093-95 (N.D. Cal. 2003) (dismissing complaint that "lumps" allegations against group of defendants, rather than alleging separate facts for each defendant; complaint fails to state plausible claim unless plaintiff indicates "which individual defendant or defendants were responsible for which alleged wrongful act"); *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011) ("[Defendant] should not be required to guess which allegations pertain to it. By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiffs' Complaint violates Rule 8(a)(2) because it fails to provide [defendant] with fair notice of its alleged misconduct."); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8's pleading requirements). Plaintiffs' failure to specify which allegations apply to which of the three entities requires dismissal of their claims as to all three entities.

Second, Plaintiffs' claims against the Oath Entities must also be dismissed because Plaintiffs allege no facts that would support a claim against the Oath Entities for the acts of their

---

[1] Pursuant to this Court's Order dated June 8, 2018, Flurry and the Oath Entities file this separate Motion to Dismiss to address issues unique to them and that are not addressed in Defendants' Joint Motion to Dismiss.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFTS FLURRY, INC., OATH (AMERICAS) INC. AND
OATH INC.'S MOT TO DISMISS AMND CMPLT
Case No. 3:17-cv-04344-JD

subsidiary.  "[I]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."  *See Lancaster v. Alphabet Inc.*, No. 15-cv-05299-HSG, 2016 WL 3648608, at *7 (N.D. Cal. July 8, 2016) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).  Courts depart from this rule only in "unusual situations" where (1) the corporations are "alter egos" of each other; (2) the subsidiary acts as an agent of the parent corporation; or (3) the parent corporation aids, abets, or ratifies the acts of its subsidiary.  *WhiteCryption Corp. v. Arxan Techs., Inc.*, No. 15-cv-00754-WHO, 2015 WL 3799585, at *2 (N.D. Cal. June 18, 2015) (citing *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, No. CVF03-5412 AWI LJO, 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008)).

Plaintiffs plead no facts supporting such an "unusual situation" here.  Plaintiffs' sole relevant allegation is a conclusory assertion that, "upon information and belief," Flurry "acts as [the Oath Entities'] general manager."  Am. Compl. ¶ 13.  Such a conclusory assertion is insufficient to sustain a claim against the Oath Entities as a matter of law.  *See, e.g.*, *Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, No. 1:14-cv-01125-SAB, 2016 WL 8730734, at *8-10 (E.D. Cal. Feb 5, 2016) (granting parent's motion to dismiss where plaintiff alleged that parent exercised "total management and control" over its subsidiary's affairs); *Price v. Synapse Grp., Inc.*, No. 16-cv-01524-BAS-BLM, 2017 WL 3131700, at *12-13 (S.D. Cal. July 24, 2017) (granting motion to dismiss where plaintiff alleged that parent "so control[led] . . . and conduct[ed] the affairs of [the subsidiary] as to render [the subsidiary] a mere instrumentality of [the parent company]").

Indeed, courts routinely reject claims against parent corporations with far more detailed allegations of liability based on theories of alter ego, agency, and ratification than alleged here.[2]

---

[2]  In determining if an agent relationship exists, a court considers "three essential characteristics: (1) an agent or apparent agent holds a power to alter the legal relationships between the principle and third persons and between the principle and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principle has the right to control the conduct of the agent with respect to matters entrusted to him." *Grober v. Mako Prods., Inc.*, No. cv-04-08604 SGL OPX, 2008 WL 9027249, at *6 (C.D. Cal. Aug. 29, 2008); *see also Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 542 (2000) ("As a practical matter, the parent must be shown to have moved beyond the establishment of

*See, e.g.*, *Macom Tech. Solutions Holdings, Inc. v. Infineon Techs. AG*, No. 2:16-cv-02859-CAS PLAX, 2016 WL 6495373, at *11-14 (C.D. Cal. Oct. 31, 2016) (dismissing claims against parent corporation for acts of subsidiary where plaintiff alleged that parent has "held itself out as the new owner" of subsidiary and its patents and products; merged product lines with subsidiary; attempted to renegotiate subsidiary's contracts; threatened to sell certain patents; accused plaintiff's products of infringement on subsidiary's patents; sent threatening letters on behalf of subsidiary; and shared single website, and that purpose of subsidiary was to operate U.S. arm of parent company); *WhiteCryption Corp.*, 2015 WL 3799585, at *3-4 (dismissing claims where plaintiff alleged that parent and subsidiary had overlapping management and key employees, and that subsidiary's managers were involved in many of the communications surrounding formation of agreements at issue in lawsuit); *Higley v. Cessna Aircraft Co.*, No. cv-10-3345 GHK FMOX, 2010 WL 3184516, at *1-3 (C.D. Cal. July 21, 2010) (dismissing claims where plaintiff alleged that at least one director on parent's board also served on subsidiary's board, that parent controlled subsidiary, and that parent owned 100% of subsidiary's stock).

Plaintiffs' conclusory and undifferentiated allegations against Flurry and the Oath Entities are insufficient as a matter of law to state claims against any of the entities, much less to pierce the corporate veil between Flurry and the Oath Entities.

## II.   CONCLUSION

For all of the foregoing reasons, Flurry and the Oath Entities respectfully request that the Court dismiss Plaintiffs' claims against them. As Plaintiffs have already been granted leave to cure the deficiencies in their Complaint, their claims should be dismissed with prejudice.

---

general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's *day-to-day* operations in carrying out that policy.").

4

DEFTS FLURRY, INC., OATH (AMERICAS) INC. AND
OATH INC.'S MOT TO DISMISS AMND CMPLT
Case No. 3:17-cv-04344-JD

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| Dated: August 3, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| | By */s/ Tera M. Heintz* |
| |     Tera M. Heintz |
| | Attorneys for Defendants<br>FLURRY, INC., OATH (AMERICAS) INC., and OATH INC. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFTS FLURRY, INC., OATH (AMERICAS) INC. AND
OATH INC.'S MOT TO DISMISS AMND CMPLT
Case No. 3:17-cv-04344-JD