LANCE A. ETCHEVERRY (SBN 199916)
Lance.Etcheverry@skadden.com
ALLISON B. HOLCOMBE (SBN 268198)
Allison.Holcombe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

Attorneys for Defendant
Sybo Games ApS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL MCDONALD, TAMARA DRAUT, and DOMINIQUE MURILLO, on behalf of themselves; and as parents and guardians of their children, P.G.M., P.S.M., P.R.M., H.D.-F., M.M., G.M., and E.M.; and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KILOO A/S; SYBO GAMES APS; ADCOLONY, INC.; CHARTBOOST, INC.; FLURRY, INC.; INMOBI PTE LTD.; IRONSOURCE USA INC.; OATH (AMERICAS) INC. d/b/a OATH ADVERTISING, INC.; OATH, INC.; TAPJOY, INC.; and VUNGLE, INC.,<br><br>Defendants. | CASE NO.: 3:17-cv-04344-JD<br><br>DEFENDANT SYBO APS'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION<br><br>Judge:      Hon. James Donato<br><br>Date:       October 18, 2018<br>Time:       10:00 a.m.<br>Courtroom:  11, 19th Floor<br><br>Trial Date: None set |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

    I.    INTRODUCTION ........................................................................................... 1

    II.    PROCEDURAL BACKGROUND ................................................................. 2

ARGUMENT .............................................................................................................................. 4

    I.    PLAINTIFFS' CLAIMS AGAINST SYBO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................... 4

        A.    Plaintiffs Fail To State A Claim For Intrusion Upon Seclusion ..................... 4

        B.    Plaintiffs Fail To State A Claim For Violation Of New York GBL § 349 ..... 5

    II.    THIS COURT LACKS PERSONAL JURISDICTION OVER SYBO FOR THE NEW YORK PLAINTIFFS' CLAIMS ......................................................... 6

        A.    The Court Lacks Jurisdiction Over The New York Named Plaintiffs' Claims ............................................................................................................ 6

        B.    The Court Lacks Personal Jurisdiction Over Sybo For Claims Brought By All Out-Of-State Plaintiffs ............................................................................ 8

    III.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ............... 9

    IV.    CONCLUSION ................................................................................................ 9

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on October 18, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable James Donato, United States District Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 11, the undersigned Defendant, Sybo ApS, will and hereby does move the Court to dismiss the Amended Class Action Complaint ("Amended Complaint" or "AC").

Defendant's motion is made pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and seeks dismissal with prejudice of all claims asserted by Plaintiffs on behalf of themselves and unnamed plaintiffs who do not reside in California. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the files in this action, the arguments of counsel, and any such other matters as the Court may consider.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' second attempt to state claims against all Defendants fails, and their specific claims against Sybo ApS ("Sybo") miss the mark by even more. Sybo is absent from Plaintiffs' Amended Complaint. Plaintiffs again allege invasion of privacy and violations of New York state law prohibiting deceptive trade practices, but nowhere do Plaintiffs allege that Sybo actually engaged in invasive or deceptive conduct. Sybo's only tenuous connection to Plaintiffs' allegations is its contractual relationship with Kiloo A/S ("Kiloo"), Sybo's partner in developing the Subway Surfers app. Plaintiffs' allegations are entirely based on software developed by the SDK Defendants that was installed in the Subway Surfers app in accordance with contracts that were negotiated and signed by Kiloo and, as of today, are unknown to Sybo. As Plaintiffs' Amended Complaint makes clear, Kiloo—and not Sybo—was entirely responsible for the relationship with the SDK Defendants and for integrating their software with Subway Surfers. Plaintiffs have simply failed to describe any conduct that Sybo took vis-a-vis

---

[1] The Court approved the parties' Joint Stipulation Setting Schedule For Defendants' Responsive Pleadings To Amended Complaints (ECF No. 186) in which the parties agreed that Sybo and Kiloo would be allowed ten pages of jurisdictional briefing (jointly or separately), and all individual defendants would be allowed five pages of briefing to address defendant-specific issues. (ECF No. 185.) As Sybo and Kiloo chose to file separate jurisdictional briefs, Sybo combined its jurisdictional and defendant-specific arguments into one nine-page brief for the sake of efficiency.

Defendants, much less conduct that would result in liability. Thus, because Plaintiffs have failed to meet their burden to state a claim against Sybo, all claims against Sybo should be dismissed with prejudice.

Additionally, the New York state law claims asserted by named plaintiffs Tamara Draut and her child H.D.-F. (the "New York Plaintiffs") on behalf of themselves and other unnamed class members that do not live in California should be dismissed for lack of personal jurisdiction. The claims lack the connection to California necessary to bestow jurisdiction on a California court. While Plaintiffs make specific jurisdictional allegations against Kiloo (*id.* ¶ 20), and most of the SDK Defendants (*id.* ¶¶ 19-22), they do not allege any facts about Sybo in support of their theory that New York residents can assert claims in a California court against a wholly Denmark-based defendant for alleged injuries that were presumably sustained in New York. The same holds true for the putative class members; there are no allegations with respect to these plaintiffs that connect the claims to California, whether by conduct on the part of Sybo or by the location of the unnamed plaintiffs when their alleged injuries occurred. Thus, this Court lacks personal jurisdiction over these out-of-state plaintiffs, and Sybo respectfully requests that the Court dismiss their claims with prejudice.

## II.  PROCEDURAL BACKGROUND

Plaintiffs filed the initial complaint in this case on July 31, 2017. (ECF No. 1.) On November 16, 2017, Plaintiffs and Defendants entered a stipulation, which the Court then granted, in which Defendants agreed to provide limited discovery prior to the Court's decision on anticipated motions to dismiss. (ECF Nos. 108, 109.) Defendants agreed to provide all contracts with any other Defendants related to apps named in Plaintiffs' Amended Complaint subject to a protective order. (ECF No. 108.) On January 18, 2018, after the briefing to dismiss Plaintiffs' initial complaint was complete, the parties entered a protective order that included three levels of confidentiality for documents in this litigation. (ECF No. 124.) The most restrictive level was designated HIGHLY CONFIDENTIAL-FOR OUTSIDE COUNSEL ONLY. (*Id.* at 3.) Documents subject to this designation can only be viewed by a defendant's American outside counsel. (*Id.* at 3-4.)

On April 5, 2018, the Court heard argument on Defendants' motions to dismiss. Defendants collectively moved, along with the Defendants in the two other related actions, to dismiss the original

complaints on preemption grounds. (ECF No. 115.) Sybo and Kiloo also moved to dismiss the New York Defendants' claims in the original complaint for lack of personal jurisdiction. (ECF No. 113.) At the hearing, the Court heard argument on the jurisdiction motion and addressed several questions to the parties regarding personal jurisdiction. The Court indicated that it would allow informal jurisdictional discovery of Kiloo and Sybo related to the location of servers or employees involved with the apps at issue in the complaint. (*See* 4/5/18 Hearing Tr. 57:14-15 (articulating the scope of jurisdictional discovery as "the server location and the location of business teams . . . or analytical teams").) In its minute order issued on April 6, 2018, the Court ordered Kiloo and Sybo to "engage in jurisdictional discovery on an informal basis." (ECF No. 159 at 2.)

On April 13, 2018, Plaintiffs sent Sybo a letter requesting information regarding the mobile app Subway Surfers and Sybo's relationship with the SDK Defendants. In response, Sybo provided a declaration from its CEO Mathias Norvig stating that, *inter alia*: (1) all of Sybo's data relating to Subway Surfers are stored on servers owned by Amazon Web Services located in Virginia, and (2) Sybo had had no interaction with the SDK Defendants or any knowledge of their contractual relationship with Kiloo regarding Subway Surfers. (Ex. A, Declaration of Mathias Norvig at 1-2.) [2]

On June 4, 2018, Plaintiffs filed their Amended Complaint, which reasserted claims against Sybo, Kiloo, and the SDK Defendants in this case for Intrusion Upon Seclusion, violation of the California Constitutional Right to Privacy, and violation of New York General Business Law § 349. (ECF No. 173.) As described in the Motion To Dismiss Plaintiffs' Amended Complaints filed on behalf of all Defendants ("Joint Motion"), Plaintiffs' allegations center around the use of SDK Defendants' software in mobile apps to collect personal information from children using the app. Notably, the Amended Complaint in this action does not assert that Sybo was a part of this alleged wrongdoing: "The 'SDK Defendants' . . . are entities which provided their own proprietary computer code to Developer Defendant Kiloo . . . for installation and use in Subway Surfers." (AC ¶ 10.) Plaintiffs do not allege

---

[2] Sybo has attached Mr. Norvig's declaration to the present motion for consideration by the Court in reviewing Sybo's Rule 12(b)(2) motion to dismiss. *See S.H. Silver Co. v. David Morris Int'l*, 2008 WL 4058364, at *2 (N.D. Cal. Aug. 28, 2008) ("A court may decide whether personal jurisdiction exists on the basis of affidavits and documentary evidence submitted by the parties, or hold an evidentiary hearing regarding the matter.").

further involvement by Sybo anywhere else in the Amended Complaint.  Indeed, Sybo is largely ignored in the brief, and allegations against it are scant.  In their 256-paragraph Amended Complaint, Plaintiffs mention Sybo in only five paragraphs and two footnotes.  (*See* AC ¶¶ 6, 8, 9, 46, 184.)  The only specific mentions of Sybo are to describe its role as co-developer and responsibility for tasks unrelated to the SDKs or advertising: Sybo "owns the intellectual property rights for Subway Surfers, and is responsible for developing the game play, graphics, and in-game programming."  (*Id.* at ¶ 8.)

## ARGUMENT

### I. PLAINTIFFS' CLAIMS AGAINST SYBO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. Plaintiffs Fail To State A Claim For Intrusion Upon Seclusion

When a plaintiff asserts claims for both intrusion upon seclusion and invasion of privacy claims under California's Constitution, "courts conduct a combined inquiry that considers (1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion." *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 846 (N.D. Cal. 2017) (internal citations omitted).  Such claims should be dismissed where (1) "[t]he allegations supporting the claim for invasion of privacy are conclusory . . . [and] fail[] to allege sufficient facts to support that [defendant's] conduct constituted a serious invasion of Plaintiffs' privacy." (*Puttner v. Debt Consultants of Am.*, 2009 WL 1604570, at *6 (S.D. Cal. June 4, 2009) or (2) "[t]here are no factual allegations that demonstrate that any defendant was or is in any way responsible" for the intrusive acts alleged by the plaintiff (*Cobb v. Consunji*, 2011 WL 6813221, at *9 (N.D. Cal. Dec. 28, 2011)).  Plaintiffs' claims against Sybo fail for both reasons.

In *Puttner*, the plaintiff alleged that repeated phone calls made "with such frequency and persistence as to constitute harassment in an attempt to collect a debt" constituted an invasion of privacy. 2009 WL 1604570, at *5 (citation omitted).  The court dismissed the plaintiff's claim stating that the allegations were conclusory and noted that "[t]he Complaint does not allege the content of [defendant's] alleged communications, or the frequency or dates of the alleged communications that give rise to the invasion of privacy claim. *Id.* at *6.

Similarly, in *Cobb*, plaintiff's complaint failed to connect the defendant to the alleged invasion

of privacy. Plaintiff alleged that technical difficulties he and his family experienced with their computers and cell phones were the result of "hacking" and monitoring by the defendant, plaintiff's former employer. The court dismissed the claim, holding that "[t]here [were] no factual allegations that demonstrate that any defendant was or is in any way responsible for the problems Plaintiff and his family have been experiencing with their cell phones." 2011 WL 6813221, at *9.

Plaintiffs' allegations are based entirely around the use of SDK software to improperly gather children's personal information. (*See, e.g.*, AC ¶¶ 1, 29, 110, 127, 167.) However, as in *Cobb* and *Puttner*, Plaintiffs have failed to plead any connection between Sybo and the alleged wrongdoing since there is no allegation that Sybo had any knowledge of Kiloo's relationship with the SDK Defendants in general, much less of their alleged efforts to gather children's information specifically. (*See, e.g.*, AC ¶¶ 81, 87, 96 (describing SDK Defendants' contractual relationships with Kiloo only).) The specific allegations of wrongdoing—which, as described in the Joint Motion, still fail to state a claim—only involve Kiloo and the SDK Defendants. The allegations here are even more deficient than in *Puttner*, where the plaintiff there claimed defendant had actually made contact with the plaintiff via phone calls. Here, there is no allegation of contact of any kind, much less one that represents a highly offensive invasion of privacy. Thus, Plaintiffs' claim for intrusion upon seclusion and invasion of privacy should be dismissed.

### B. Plaintiffs Fail To State A Claim For Violation Of New York GBL § 349

To state a claim under New York GBL § 349, "a plaintiff must allege facts showing that '(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result.'" *Goldman v. Bayer AG*, 2017 WL 3168525, at *5 (N.D. Cal. July 26, 2017) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)); *Gasser v. Kiss My Face, LLC*, 2017 WL 4773426, at *4 (N.D. Cal. Oct. 23, 2017) ("the plaintiff must show that members of the public are likely to be deceived") (internal citations omitted); *In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at *14 (C.D. Cal. Oct. 20, 2014) ("[C]onduct must have a broad impact on consumers at large.") (internal citations omitted).

As described above (*see* I.A.), Plaintiffs have failed to allege any facts establishing that Sybo directed any conduct at Plaintiffs, much less that any conduct was deceptive. Plaintiffs make passing

reference to a statement contained on Sybo's public website (AC ¶ 8 n.2) and a marketing effort (*id.* ¶ 184), but do not allege that these statements were deceptive in any way. Thus, Plaintiffs' claims brought under GBL § 349 must fail.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER SYBO FOR THE NEW YORK PLAINTIFFS' CLAIMS

### A. The Court Lacks Jurisdiction Over The New York Named Plaintiffs' Claims

A court may assert either general or specific jurisdiction over a foreign defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A court may exercise general jurisdiction only if a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home" in California. *Id.* The only allegations that connect Sybo to California is the fact that the other named plaintiffs in this case—Michael McDonald, Dominique Murillo, and their children—reside and presumably downloaded Subway Surfers in the state. (AC ¶¶ 3, 5.) Such minimal connections do not constitute the "continuous and systematic" affiliations with California that would be required to support general jurisdiction. *See, e.g.*, *Goodyear*, 564 U.S. at 926-29; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-19 (1984); *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014), *aff'd*, *Bauman v. Daimler Chrysler Corp.*, 743 F.3d 1295 (9th Cir. 2014).

Plaintiffs therefore must establish that Sybo is subject to specific jurisdiction in California. "Specific jurisdiction . . . depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (internal quotations and citation omitted) (second alteration in original). To establish specific jurisdiction, Plaintiffs must satisfy the following two prongs:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; [and]
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities . . . .

*Schwarzenegger* v. *Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). If the

plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citation omitted).

In its recent decision in *Bristol-Myers Squibb Co. v. Superior Court*, the Supreme Court held that foreign plaintiffs in a mass tort action failed to establish specific jurisdiction over a foreign defendant because the foreign plaintiffs did not allege either that the product at issue was manufactured in the forum state or that they bought or were injured by the product in the forum state. 137 S. Ct. 1773, 1781-82 (2017). The Court found that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested [defendant's drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781 (emphasis in original). The Court further reasoned that "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)). This principle remains true even if those "third parties . . . can bring claims similar to those brought by the nonresidents." *Id.*

The Supreme Court did not state whether its holding would also apply in the class action setting. However, courts in this and other circuits have held that it does apply to foreign named plaintiffs in class actions. *See, e.g.*, *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) [hereinafter "*Samsung*"]; *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 874 (N.D. Ill. 2017); *cf. Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) (holding that *Bristol-Myers* does not apply to putative class actions where all named plaintiffs are forum state residents, but putative class members are not); *Alvarez v. NBTY, Inc.*, 2017 WL 6059159, at *6 (S.D. Cal. Dec. 6, 2017) (noting that "*Bristol-Myers* is arguably instructive to federal courts handling class actions").[3]

---

[3] While other courts in this district have stated that *Bristol-Myers* does not apply to federal class actions, their holdings are not precedential and do not foreclose the possibility that *Bristol-Myers* may be applicable to this class action. *See, e.g.*, *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 859 n.2 (N.D. Cal. 2018) (holding that *Bristol-Myers* does not apply to federal class actions based on federal question jurisdiction, but not addressing whether *Bristol-Myers* would apply if jurisdiction arose solely on the basis of diversity).

The New York Plaintiffs live in New York, and the Amended Complaint neither provides any support for the idea that the game was downloaded anywhere but New York nor includes any other allegations connecting the New York Plaintiffs' claims to any connection Sybo may have to California. Even after taking jurisdictional discovery, Plaintiffs do not and cannot allege that the New York Plaintiffs' claims have any connection to California that would allow it to withstand that holding of *Bristol-Myers*.

As a result, the New York Plaintiffs cannot establish personal jurisdiction over Sybo. *See, e.g.*, *Samsung*, 2018 WL 1576457, at *2 (dismissing named plaintiff in class action who did not live in California, did not purchase the product at issue in California, and suffered all of his injuries out-of-state); *Greene*, 289 F. Supp. 3d at 874 (dismissing named plaintiff's claims in class action for lack of personal jurisdiction where he did not live in the forum state, did not allege that any injury occurred in the forum state, or that the defendant had any contact with the forum state in connection with his claims); *Zaletel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599, 608-12 (E.D. Va. 2016) (dismissing for lack of personal jurisdiction claims brought against app developer by out-of-state plaintiff); *Lopez v. Shopify, Inc.*, 2017 WL 2229868, *7-9 (S.D.N.Y. May 23, 2017) (dismissing for lack of personal jurisdiction claims brought against Canadian e-commerce entity and its U.S.-subsidiary because the defendants' contacts with New York did not relate to plaintiff's claims), report and recommendation adopted in full, *Lopez v. Shopify, Inc.*, 2018 WL 481891, at *2 (S.D.N.Y. Jan. 17, 2018).

### B.  The Court Lacks Personal Jurisdiction Over Sybo For Claims Brought By All Out-Of-State Plaintiffs

As the out-of-state putative class members also have no connection to California, the Court should dismiss all claims brought on their behalf. *See McDonnell v. Nature's Way Prods., LLC*, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) ("Because the only connection to Illinois is that provided by [named plaintiffs'] purchase of Women's Alive, which cannot provide a basis for the Court to exercise personal jurisdiction over the claims of nonresidents where Nature's Way has no other connection to this forum, the Court dismisses all claims . . . brought on behalf of non-Illinois residents or for violations of [other states'] law[s] without prejudice."); *Wenokur v. AXA Equitable Life Ins. Co.*, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) ("The Court also notes that it lacks personal

jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class."); *but see Fitzhenry-Russell*, 2017 WL 4224723, at *3-5 (declining to apply *Bristol-Myers*' holding to putative class members where the court determined that defendant's contacts with California satisfied the *Schwarzenegger* test); *Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017) (finding that the court had personal jurisdiction over defendant as to the claims in a FLSA collective action by virtue of the specific jurisdiction established by the sole named plaintiff's claims).[4]

### III. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

"[T]he court has discretion to dismiss a claim without leave to amend if amendment would be futile." *Hernandez v. TLC of the Bay Area, Inc.*, 263 F. Supp. 3d 849, 853, 855 (N.D. Cal. July 12, 2017) (dismissing case with prejudice where it found "no basis to conclude that the FAC can be amended yet again to state a claim for relief"). Plaintiffs have already had a chance to add any allegations against Sybo to their Amended Complaint as well as a chance to take jurisdictional discovery, but were unable to muster allegations establishing any of their claims. Amendment would be futile, and the Court should therefore dismiss Plaintiffs' claims against Sybo with prejudice. *See W. Parcel Express v. United Parcel Serv. of Am., Inc.*, 1996 WL 756858, at *3 (N.D. Cal. Dec. 3, 1996) (dismissing claims with prejudice where "another amendment . . . would not and could not address the problems identified in both the original and Amended Complaint").

### IV. CONCLUSION

For the foregoing reasons, Sybo respectfully submits that the claims brought by the New York Plaintiffs and the out-of-state putative class members should be dismissed with prejudice.

DATED: August 3, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
By: */s/ Lance A. Etcheverry*
Lance A. Etcheverry
Attorneys for Defendant
Sybo Games ApS

---

[4] Sybo acknowledges that the Northern District of California has not yet applied *Bristol-Myers* to unnamed out-of-state plaintiffs. However, these cases are distinguishable and non-binding on this Court.

# EXHIBIT A

| | |
|---|---|
| 1 | LANCE A. ETCHEVERRY (SBN 199916) |
| | Lance.Etcheverry@skadden.com |
| 2 | ALLISON B. HOLCOMBE (SBN 268198) |
| | Allison.Holcombe@skadden.com |
| 3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 300 South Grand Avenue, Suite 3400 |
| 4 | Los Angeles, California 90071-3144 |
| | Telephone: (213) 687-5000 |
| 5 | Facsimile:  (213) 687-5600 |
| 6 | JACK P. DICANIO (SBN 138782) |
| | Jack.Dicanio@skadden.com |
| 7 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 525 University Avenue, Suite 1400 |
| 8 | Palo Alto, California 94301 |
| | Telephone: (650) 470-4500 |
| 9 | Facsimile:  (650) 470-4570 |
| 10 | Attorneys for Defendant |
| | Sybo Games ApS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL MCDONALD, TAMARA DRAUT, and their children, P.G.M., P.S.M., P.R.M., and H.D.-F., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KILOO APS; SYBO GAMES APS; ADCOLONY, INC.; ALTABA INC.; CHARTBOOST, INC.; FLURRY, INC.; INMOBI PTE LTD.; INMOBI INC.; IRONSOURCE LTD.; IRONSOURCE USA INC.; TAPJOY, INC.; and VUNGLE, INC.,<br><br>Defendants. | CASE NO.: 3:17-cv-04344-JD (L)<br><br>DECLARATION OF MATHIAS GREDAL NØRVIG<br><br>**HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY**<br><br>Judge:       Hon. James Donato<br><br>Trial Date:  None set |

DECLARATION OF MATHIAS GREDAL NØRVIG                              CASE No. 3:17-CV-04344-JD (L)

**DECLARATION OF MATHIAS GREDAL NØRVIG**

I, Mathias Gredal Nørvig, declare as follows:

1. I am the Chief Executive Officer of defendant Sybo Games ApS ("Sybo"). I am over the age of 18 and am otherwise competent to testify in this case and in a court of law. The matters stated herein are of my own personal knowledge, and if called to testify, I would and could do so. I make this declaration in response to Plaintiffs' informal requests for jurisdictional discovery as outlined in Plaintiffs' April 13, 2018 Letter (the "Letter").

2. I have reviewed the Letter and understand that it is requesting information regarding the mobile app Subway Surfers and Sybo's relationships with the SDK Defendants.

3. Sybo owns the IP rights for Subway Surfers, which is co-developed and published by Kiloo A/S ("Kiloo"). Sybo is responsible for gameplay, graphics, sounds, and in-game programming. Subway Surfers is published by Kiloo. Kiloo is responsible for SDK integrations, social media platform integration, community management, player support, and in-game store optimization. Kiloo is responsible for the end user agreement and contractual relations with ad networks.

4. Sybo stores data related to Subway Surfers on servers owned by Amazon Web Services ("AWS"). The data stored on these servers is not connected to ad-related data gathered by the SDK Defendants.

5. Sybo understands that the AWS servers are located in Northern Virginia. ▌

[redacted]

///

8. Sybo does not have a contractual relationship with and does not interact with any other SDK Defendants regarding Subway Surfers.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 3, 2018 at Copenhagen, Denmark.

By: _____
Mathias Gredal Nørvig
Chief Executive Officer
Sybo Games ApS

MATHIAS NØRVIG
CEO