REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Facundo Bouzat (SBN 316957)
fbouzat@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Nicholas Diamand
ndiamand@lchb.com
Douglas I. Cuthbertson
dcuthbertson@lchb.com
Abbye R. Klamann (SBN 311112)
aklamann@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (SBN 167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA RUSHING, ASHLEY SUPERNAULT, JULIE REMOLD, and TED POON on behalf of themselves, and as parents and guardians of their children, L.L., M.S., N.B., C.B., R.P., and K.P., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY; DISNEY ENTERPRISES, INC.; DISNEY ELECTRONIC CONTENT, INC.; UPSIGHT, INC.; UNITY TECHNOLOGIES SF; KOCHAVA, INC.; MOPUB, INC.; TWITTER INC.; COMSCORE, INC.; and FULL CIRCLE STUDIES, INC.,<br><br>Defendants. | Case No. 3:17-cv-04419-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT KOCHAVA, INC.'S MOTION TO DISMISS**<br><br>Judge: Hon. James Donato<br>Date: October 18, 2018<br>Time: 10:00 a.m.<br>Courtroom: 11 |

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................... 1
II.    FACTUAL BACKGROUND ........................................................................................ 1
III.   LEGAL STANDARD .................................................................................................... 2
IV.    ARGUMENT ................................................................................................................. 3
    A.  Kochava purposefully directed privacy-invasive acts towards California and California residents ................................................................................... 3
        1.  Kochava committed intentional acts when it exfiltrated Disney Gaming App users' Personal Data. ............................................................. 3
        2.  Kochava aimed its intentional, privacy-violative conduct at California. ................................................................................................ 4
        3.  Kochava caused harm to Disney Gaming App users it knew to be located in California. ........................................................................... 6
    B.  Plaintiffs' claims arise out of Kochava's forum-related activity. ......................... 7
    C.  Kochava fails to make a compelling case that jurisdiction is unreasonable. .......... 8
        1.  Kochava purposefully interjected itself in California. ............................... 9
        2.  Kochava's burden in litigating in California is minimal, and insufficient to deny jurisdiction. .................................................................. 9
        3.  Litigation in California would not conflict with Idaho's sovereignty. ................................................................................................ 9
        4.  California has a strong interest in this action. ............................................ 9
        5.  Litigating this action in California is the most efficient course. ............... 10
        6.  Plaintiffs would obtain convenient and effective relief in California. ....... 10
V.     CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

Page

## CASES

*Am. Auto Ass'n, Inc. v. Darba Enters.*,
  No. C 09-00510 SI, 2009 WL 1066506 (N.D. Cal. Apr. 21, 2009) .................................... 5, 7, 9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ............................................................................................. 8

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ............................................................................................. 3

*Brainerd v. Governors of the Univ. of Alberta*,
  873 F.2d 1257 (9th Cir. 1989) ............................................................................................. 9

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ......................................................................................................... 4, 8

*Calder v. Jones*,
  465 U.S. 783 (1984) ................................................................................................. 3, 4, 6, 7

*Caruth v. Int'l Psychoanalytical Ass'n*,
  59 F.3d 126 (9th Cir. 1995) ................................................................................................. 9

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ............................................................................................. 8

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ............................................................................................. 10

*Cybersell v. Cybersell*,
  130 F.3d 414 (9th Cir. 1997) ............................................................................................... 5

*DEX Sys., Inc. v. Deutsche Post AG*,
  727 F. App'x 276 (9th Cir. 2018) ..................................................................................... 4, 5

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) .......................................................................................... 4, 9

*Facebook, Inc. v. ConnectU LLC*,
  No. C 07-01389 RS, 2007 WL 2326090 (N.D. Cal. Aug. 13, 2007) ................................... 5

*Gordy v. Daily News, L.P.*,
  95 F.3d 829 (9th Cir. 1996) ................................................................................................. 9

*GT Sec., Inc. v. Klastech GmbH*,
  No. C-13-03090 JCS, 2014 WL 2928013 (N.D. Cal. June 27, 2014) ............................... 8, 9

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ............................................................................................. 3

*NetApp, Inc. v. Nimble Storage, Inc.*,
  41 F. Supp. 3d 816 (N.D. Cal. 2014) ................................................................................... 4

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ............................................................................... 2, 8, 9, 10

*Quigley v. Guvera IP Pty Ltd.*,
  No. C 10-03569 CRB, 2010 WL 5300867 (N.D. Cal. Dec. 20, 2010) .............................. 6, 8

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ............................................................................................. 2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ........................................................................................... passim

*Walden v. Fiore*,
   571 U.S. 277 (2014) ................................................................................................... 4, 7, 8

**RULES**

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................................................ 2

## I. INTRODUCTION

Kochava Inc.'s ("Kochava") motion to dismiss for lack of personal jurisdiction should be denied. Kochava's argument that it lacks sufficient California contacts to come within this Court's jurisdiction is squarely refuted by Plaintiffs' allegations that Kochava contracted with California-based co-defendants (*i.e.*, the Disney Defendants[1]) to embed software in children's apps which exfiltrates children's Personal Data, including children in California. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). This conduct violated Plaintiffs' and their children's reasonable expectations of privacy. Kochava had reason to know that Plaintiffs and their children were located in California: the very data they were exfiltrating revealed as much. Therefore, the Court's exercise of personal jurisdiction over Kochava would be proper.

## II. FACTUAL BACKGROUND

Kochava is a mobile technology company that contracts with app developers to provide services fueled by app users' Personal Data.[2] (Amended Complaint ("FAC") ¶¶ 57-62, 69.) Plaintiffs allege that Kochava intentionally uses its technology to exfiltrate children's data without parental consent and in violation of their privacy rights. (*Id.* ¶¶ 31, 181, 214, 218, 222, 226.) Kochava contracts with Disney to embed coding (a "software development kit" or "SDK") into Disney's child-directed apps ("Disney Gaming Apps"). (*Id.* ¶¶ 19, 64-69.) As a Disney Gaming App is downloaded onto a device, Kochava's SDK is also downloaded as an integral app component. (*Id.* ¶ 30.) The downloaded SDK communicates with Kochava's servers from that device, sending Personal Data back and forth between Kochava and the device. (*Id.* ¶¶ 19, 41.) This Personal Data is commercialized to benefit both Kochava and Disney. (*Id.* ¶¶ 30-31.)

Kochava has extensive California contacts related to this litigation. It openly markets to California customers like Disney, including by highlighting the proximity of its headquarters—located in Idaho—to the Bay area. (*Id.* ¶ 18.) Kochava advertises its presence in San Francisco

---

[1] The Walt Disney Company, Disney Enterprises, Inc., and Disney Electronic Content, Inc. (together, "Disney").

[2] As used herein, "Personal Data" is any data that refers to, is related to, or is associated with an identified or identifiable individual. (FAC ¶ 11.)

1  (*id.*) and employs sales personnel in California.³  Kochava contracts with Disney to embed its

2  SDK into child-directed apps marketed to, and downloaded by, Californians.  (FAC ¶¶ 20-21, 64-

3  68.)  Pursuant to this contract, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (*Id.* ¶ 21.)  ▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (*Id.*)  ▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮.  (*Id.* ¶¶ 66, 68.)

10  Plaintiffs Amanda Rushing and Julie Remold, and their respective children, reside in

11  California; they downloaded Disney's Gaming Apps in California and Kochava exfiltrated

12  Personal Data from those devices while they were played in California.  (FAC ¶¶ 3, 5.)

13  **III.   LEGAL STANDARD**

14  Where no applicable federal statute governs personal jurisdiction, such as here, the court

15  applies the law of the state in which it sits.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l,*

16  *L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  In California, the "long-arm statute

17  permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the

18  Due Process Clause of the United States Constitution."  *Id*.  "[D]ue process requires that the

19  defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the

20  suit does not offend traditional notions of fair play and substantial justice.'"  *Ranza v. Nike, Inc.*,

21  793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks and citation omitted).

22  Plaintiffs bear the burden to make a *prima facie* showing of personal jurisdiction.

23  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  In the absence of an evidentiary

24  hearing, allegations in the complaint must be taken as true, and "[c]onflicts between the parties

---

³ Kochava represents that "[n]one of these personnel work or have ever worked on the SDK services for Disney and its apps at issue," but does not disclose whether any of these employees market Kochava's services to or otherwise work with Disney or other California-based companies.  (Mot. at 5.)  The limited jurisdictional discovery permitted to date by the Court did not include Kochava's marketing efforts in California.

over statements contained in affidavits must be resolved in the plaintiff's favor."
*Schwarzenegger*, 374 F.3d at 800; *Boschetto*, 539 F.3d at 1015.

IV.     **ARGUMENT**

Where, as here, plaintiffs allege an intentional tort, the Ninth Circuit employs a three-part test: (i) the defendant must have purposefully directed his activities toward the forum; (ii) the claim must arise out of or relate to forum-related activities; and (iii) the exercise of jurisdiction must comport with fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802. Plaintiffs' allegations—which set forth Kochava's intentional collection of children's Personal Data for the purpose of tracking their online activities and targeting them with advertising necessarily occurring via contacts with the State of California—satisfy the *Schwarzenegger* factors.

### A.     Kochava purposefully directed privacy-invasive acts towards California and California residents.

The court's analysis of the purposeful direction-prong depends on the nature of the claim at issue. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). In cases sounding in tort, "showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum[.]" *Schwarzenegger*, 374 F.3d at 803. Purposeful direction is evaluated under the test derived from *Calder v. Jones*, 465 U.S. 783 (1984), requiring that the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* Kochava's intentional exfiltration of Plaintiffs' children's Personal Data, targeting of users in California, and the resulting harm that Kochava knew would occur in California satisfy the *Calder* effects test.

#### 1.     Kochava committed intentional acts when it exfiltrated Disney Gaming App users' Personal Data.

Kochava acknowledges that it contracted with Disney to embed its SDK into the Disney Gaming Apps, designed its SDK to collect children's Personal Data and send it to Kochava's servers, and stores and analyzes that data for commercial exploitation. (Mot. at 2; *see also* FAC ¶¶ 19-21, 64-69, 80-82.) These "actual, physical acts in the real world," satisfy the *Calder* effects test. *Schwarzenegger*, 374 F.3d at 806. "[A]ccess[ing] computer systems and obtain[ing] secure information without permission" constitutes an intentional act. *NetApp, Inc. v. Nimble Storage,*

1  *Inc.*, 41 F. Supp. 3d 816, 825 (N.D. Cal. 2014).  Kochava engaged in recognized intentional acts
2  in exfiltrating Plaintiffs' children's data.  (FAC ¶¶ 19-21, 80-82, 90-92, 96-98, 106-08.)

### 2. **Kochava aimed its intentional, privacy-violative conduct at California.**

The Supreme Court has repeatedly recognized that the second prong of the *Calder* effects test is satisfied where a defendant "purposefully 'reach[es] out beyond' [its] State and into another." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)); *see also Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Kochava expressly aimed its conduct at California when it embedded its SDK into Disney Gaming Apps knowing that its SDK would then reside on children's mobile devices throughout California and subsequently send children's data from California to Kochava in order to target and serve children in California with advertisements.  *Walden*, 571 U.S. at 285 ("[E]ntry into the State—either by the defendant in person or through an agent, goods, mail, *or some other means*— is certainly a relevant contact.") (citations omitted, emphasis added).

The Ninth Circuit recently held that a defendant expressly aims conduct at California when it knowingly accesses software housed on servers located in the state.  *DEX Sys., Inc. v. Deutsche Post AG*, 727 F. App'x 276, 278 (9th Cir. 2018).  In *DEX Systems*, a software owner licensed use of its software to an overseas company which, per the parties' contract, accessed the software from servers in California.  The licensee's continued access of the software from the servers in California after the license expired provided the California federal court with personal jurisdiction over the foreign licensee.  *Id.*  Likewise here, Plaintiffs allege that: (1) Kochava was aware that the Disney Gaming Apps would be engaged on children's mobile devices–comparable to the servers in *DEX*—in California (*see, e.g.*, FAC ¶¶ 40-41, 80-82, 90-92, 96-98, 106-108); (2) Kochava's SDK sent and received data requests from outside the forum to children's phones in California (*Id.*); and (3) Kochava's exfiltration of Personal Data from children constitutes an intentional tort occurring on the devices located in California (*Id.* ¶¶ 18-20, 172, 181). *See DEX Systems*, 727 F. App'x at 278 (conduct is expressly aimed at California even where defendant has "limited contacts with California" where those "contacts include the allegedly tortious conduct in California that gave rise to [plaintiff's] claims.").  Further, Plaintiffs allege that Kochava

1  contracted with Disney to install its SDK onto children's mobile devices, including devices
2  Kochava knew were located in California. (FAC ¶¶ 19-21; *see DEX Systems*, 727 F. App'x at
3  278 (Ninth Circuit finding that use of the California server was "not merely a fortuitous
4  occurrence" and, instead, "the software was located on California servers pursuant to an
5  agreement reached by the parties.")).

6        Jurisdiction is still proper, regardless of whether Kochava had actual knowledge that
7  Plaintiffs' children and other Disney Gaming App users are located in California. "The
8  technology of the Internet can, in at least some cases, provide a means whereby specific, targeted,
9  conduct may be 'expressly aimed' at a particular individual or entity, despite the fact that the
10 person engaging in the conduct may not know the geographic location of the individual or entity."
11 *Facebook, Inc. v. ConnectU LLC*, No. C 07-01389 RS, 2007 WL 2326090, at *5 (N.D. Cal.
12 Aug. 13, 2007). Although Kochava denies knowing the "real world location" of its users (Mot. at
13 7-8.), it does not deny targeting Plaintiffs' children's devices, nor exfiltrating their data. The
14 "mere fact that the Internet provided [Kochava] a tool by which they could carry out their conduct
15 against [Plaintiffs] without first making efforts to learn [their] geographic location is not a reason
16 to excuse them from jurisdiction to which they would otherwise be subject." *Facebook, Inc*, 2007
17 WL 2326090, at *5.

18       Moreover, Kochava's SDK, once embedded in the Disney Gaming Apps, sets in motion
19 an ongoing interaction between Kochava and children's mobile devices of sending and receiving
20 data requests within California to enable targeted advertising. Such web-based activity provides
21 grounds for personal jurisdiction. An online service interacts within a forum to give rise to
22 personal jurisdiction if it "function[s] for commercial purposes and where users exchange
23 information." *Am. Auto Ass'n, Inc. v. Darba Enters.*, No. C 09-00510 SI, 2009 WL 1066506, at
24 *4 (N.D. Cal. Apr. 21, 2009) (citing *Cybersell v. Cybersell*, 130 F.3d 414, 418 (9th Cir. 1997)).
25 Kochava engineered its SDK to exfiltrate Personal Data as users interact with the Disney Gaming
26 Apps, and profited when California users played. *Id.*; *see also Quigley v. Guvera IP Pty Ltd.*, No.
27 C 10-03569 CRB, 2010 WL 5300867, at *4 (N.D. Cal. Dec. 20, 2010) (personal jurisdiction
28 established "although [defendant] [did] not directly sell products through its website, it

generate[d] revenue through consumer interaction on the website."). That users did not *enter* their Personal Data, but rather had it exfiltrated for commercial exploitation, only underscores the privacy violative-nature of Kochava's acts.

### 3. Kochava caused harm to Disney Gaming App users it knew to be located in California.

The third prong of the *Calder* effects test requires that the defendant cause harm that it knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 802; *Quigley*, 2010 WL 5300867, at *4. Kochava knew or should have known that Plaintiffs and their children would be harmed in California where they resided because the Personal Data it exfiltrated from their devices— ▮ — ▮. Plaintiffs allege that Kochava: (i) used its software to reach into California to exfiltrate data, (ii) could ascertain from that data which users resided in California, and (iii) harmed app users who resided in California. (FAC ¶ 20.) ▮

▮ (*Id.* ¶¶ 66, 68 (emphasis added).) Plaintiffs further allege that Kochava exfiltrated users' IP addresses, thereby revealing the users' locations. (*Id.* ¶¶ 20, 61, 81, 91, 97, 107.) Indeed, Kochava boasts that it can target ad audiences based on "recently visited locations" and uses geolocation data in its marketing efforts. (*Id.* ¶ 61.) Kochava's ambiguous claim that it cannot use an IP address to "determine the real world location of a user," (Mot. at 7-8; Hicks Decl. ¶ 11) does not disturb Plaintiffs' core allegation: Kochava's technology allows it to identify user location—including that of Plaintiffs and their children—to *at least* the state level, thereby making it aware that it is exfiltrating the data of California users.

Kochava's assertion that it did not attempt to contact users in California or identify them in the "real world" is an irrelevant distraction. (Mot. at 7.) The relevant inquiry is whether Kochava knew that its activities would harm Plaintiffs in California, not whether Kochava could identify Plaintiffs in the "real world" or directly contact them. *Schwarzenegger*, 374 F.3d at 802. Moreover, ▮

1

2

3  ▮▮▮▮▮ (FAC ¶ 68.)  Kochava's

4  data exfiltration—the very activity giving rise to Plaintiffs' injuries—provided Kochava the

5  ability to know that its acts would cause harm in California and among California residents.  The

6  third *Calder* test prong is therefore satisfied.

       **B.**     **Plaintiffs' claims arise out of Kochava's forum-related activity.**

Plaintiffs' claims arise out of Kochava's California-related activities.  This prong is analyzed under a "but for" standard.  *Am. Auto Ass'n, Inc.*, 2009 WL 1066506, at *5.  But for Kochava's conduct *in California*, Plaintiffs would not have been injured.  For example: (i) but for Kochava's contracts with a California-based co-defendant, its privacy-violative SDK would not have been downloaded onto Plaintiffs' devices; and (ii) but for Kochava's use of its SDK to access and exfiltrate data from devices while they were located in California, Plaintiffs' and their children's privacy would not have been violated in California where they reside.

▮▮▮▮▮.  While admitting substantial, ongoing conduct with the California Disney Defendants, Kochava erroneously argues that this conduct is "irrelevant."  (Mot. at 8.)  To the contrary, Kochava's business activities with the Disney Defendants resulted in the installation of the privacy-violative software on children's mobile devices, and therefore constitutes "suit-related conduct" creating "a substantial connection with the forum State."  *Walden*, 571 U.S. at 284.  Indeed, Kochava—in developing a relationship with the Disney Defendants—itself created ongoing contacts within California.  In *Walden*, the Supreme Court directed lower courts to consider "the various contacts the defendants had created with California (*and not just with the plaintiff*)"—including interactions with "California sources" that were related to the nature of the suit.  571 U.S. at 287.  The Court specifically cited "entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State" as an example of a defendant establishing sufficient contact with the forum.  *Id.* at 285 (citing *Burger King*, at 471 U.S. at 479-80).

1  Kochava's business partnership with Disney played a central role in Plaintiffs' claims, and
2  is not a separate, unrelated occurrence in the forum. But for their contractual relationship,
3  Kochava's SDK would not be embedded in the Disney Gaming Apps, and Plaintiffs would not
4  have had their Personal Data exfiltrated to Kochava in violation of their privacy rights. ▮
5  ▮
6  ▮
7  ▮
8  ▮.
9  (FAC ¶ 21.)[4] As such, Kochava's relationship with the Disney Defendants is part and parcel of
10 Kochava's California-aimed conduct that gives rise to this suit.

   **C.      Kochava fails to make a compelling case that jurisdiction is unreasonable.**

As Plaintiffs have satisfied the first two prongs of the *Schwarzenegger* test, "'the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068-69 (9th Cir. 2017) (citation omitted). Kochava has not carried—and indeed cannot carry—its "heavy burden" of proving a "compelling case" that this Court's jurisdiction would be so unreasonable as to deprive Kochava of due process. *GT Sec., Inc. v. Klastech GmbH*, No. C-13-03090 JCS, 2014 WL 2928013, at *11 (N.D. Cal. June 27, 2014).

In determining reasonableness, courts weigh the six factors addressed below. *Panavision*, 141 F.3d at 1323. No single factor is dispositive, and if the analysis does not clearly favor either party, jurisdiction should be granted. *Id.*; *GT Sec.*, 2014 WL 2928013, at *17 (citing *Dole Food*, 303 F.3d at 1117); *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995*)*.

---

[4] Thus, jurisdiction is also proper because Plaintiffs' "alleged harm arises out of [] purposefully directed contacts to California residents due to the interactive nature" of Kochava's SDK. *Quigley*, 2010 WL 5300867, at *5. Even Kochava's own case law–*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011)–establishes that specific jurisdiction is warranted here. Kochava's citation to *CollegeSource* for the proposition that maintenance of an interactive website does not warrant jurisdiction is misplaced. (Mot. at 8.) The Ninth Circuit there held that the defendant *was* subject to specific jurisdiction. *Id.* at 1080. The quotation Kochava cites concerns *general* jurisdiction—which Plaintiffs do not allege. *Id.* at 1075-76.

- 8 -

PLAINTIFFS' OPPOSITION TO DEFENDANT
KOCHAVA, INC.'S MOTION TO DISMISS
3:17-CV-04419-JD

### 1. Kochava purposefully interjected itself in California.

When a "defendant's activities . . . satisfy the 'purposeful direction' prong," they also "demonstrate a sufficient level of purposeful injection into the forum state to support a finding of reasonableness." *GT Sec.*, 2014 WL 2928013, at *15. As demonstrated in Section IV.A., *supra*, Kochava's intentional exfiltration of Personal Data satisfies the purposeful direction test.

### 2. Kochava's burden in litigating in California is minimal, and insufficient to deny jurisdiction.

Unless the 'inconvenience is so great as to constitute a deprivation of due process it will not overcome clear justifications for the exercise of jurisdiction.'" *Panavision*, 141 F.3d at 1323 (quoting *Caruth*, 59 F.3d at 128-29). Kochava's sole claim as to burden is the location of its employees in Idaho. (Mot. at 9.) "[A]dvances in technology and discounted airfare do not make it unreasonable for [an out-of-state] defendant to litigate in California." *Am. Auto Ass'n, Inc.*, 2009 WL 1066506, at *6 (citing *Panavision*, 141 F.3d at 1323). Indeed, Kochava underscores that its headquarters are "a short 1:40 flight from the Oakland airport." (FAC ¶ 18.) Kochava's professed "inconvenience is not so great as to deprive [it] of due process." *Panavision*, 141 F.3d at 1323.

### 3. Litigation in California would not conflict with Idaho's sovereignty.

Kochava fails to identify any potential conflicts between California and Idaho.

### 4. California has a strong interest in this action.

California has "a strong interest in protecting its residents from torts that cause injury within the state, and in providing a forum for relief." *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989). Plaintiffs are California residents and the events giving rise to their claims occurred in California. *See* Section IV.A.3., *supra*. Kochava points to *no* interest that Idaho has in adjudicating this dispute, much less one that would counter California's "strong interest in providing an effective means of redress for its residents tortiously injured." *Panavision*, 141 F.3d at 1323 (quoting *Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996)). Contrary to Kochava's argument that it has no ongoing relationship with California, Plaintiffs allege long-running cooperation between Kochava and the California-based Disney Defendants that form the basis for this lawsuit.

**5.     Litigating this action in California is the most efficient course.**

Kochava is one of *nine* defendants in this litigation. "The fact that the lawsuit will continue in California with other parties tips the efficiency factor" in Plaintiffs' favor. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). Indeed, were Kochava to prevail in its jurisdiction argument, litigation involving claims arising from the same acts and practices, with the same parties, would take place in *two*, *separate* fora, leading to immense inefficiency. Neither of the likely outcomes – staying the Idaho case or joining both cases through a multidistrict litigation – achieves an efficient resolution. This factor weighs in favor of this Court's jurisdiction.

**6.     Plaintiffs would obtain convenient and effective relief in California.**

Although a plaintiff's convenience is not weighed heavily, *Panavision*, 141 F.3d at 1324, any inconvenience purportedly suffered by Kochava – a sophisticated corporation that conducts business extensively in California – would be amplified for Plaintiffs, parents of minor children, who neither have contacts with Idaho nor occasion to travel to Idaho for business-related matters.

**V.     CONCLUSION**

For the foregoing reasons, exercise of specific jurisdiction over Kochava is proper, and Kochava's Motion should be denied in its entirety.

Dated: September 7, 2018          Respectfully Submitted,

*/s/ Michael W. Sobol*
_____

Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
Facundo Bouzat (State Bar No. 316957)
fbouzat@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
Douglas I. Cuthbertson (*pro hac vice*)
dcuthbertson@lchb.com
Abbye R. Klamann (State Bar No. 311112)
aklamann@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (State Bar No. 167688)
hbates@cbplaw.com
Allen Carney (*pro hac vice*)
acarney@cbplaw.com
David Slade (*pro hac vice*)
dslade@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiffs and the Proposed Classes*