

Raghav Krishnapriyan
415-376-6421
415-362-6666 (main)
rkrishnapriyan@durietangri.com

October 11, 2019

**VIA CM/ECF FILING (COURTESY COPY VIA MESSENGER)**

Re:   *Michael McDonald et al. v. Kiloo APS et al.*
        Case No. 3:17-cv-04344-JD

Dear Judge Donato:

Kiloo requests that the Court order Plaintiffs to produce "[f]or forensic inspection, all Mobile Devices on which [they or their children] downloaded, played, or otherwise used Subway Surfers," the Kiloo-developed game that lies at the center of their allegations in the above-captioned case.[1]  The parties met and conferred on this issue in person on September 11, 2019, and by telephone on September 27, 2019.[2]

Even though Plaintiffs accuse Kiloo of taking and sharing their personal data from their devices without their knowledge, Plaintiffs now refuse to turn over for forensic inspection the very phones that lie at the center of their allegations.[3]  Such forensic inspections are a standard feature of class actions involving smartphones and tablets because courts recognize that when "Plaintiffs actively put their devices at issue when they chose to sue," they cannot "then limit the defendant's discovery that is targeted at the subject matter of the plaintiff's claims."  *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 3973752, at *2 (N.D. Cal. Aug. 22, 2019).

Plaintiffs chose to place their mobile devices at the very heart of this case.  Smartphones, tablets, and mobile devices are mentioned more than 260 times in the operative complaint.  *See generally* Dkt. No. 177.  Plaintiffs allege that they or their children downloaded Subway Surfers "onto mobile devices" in order for their children to play the game, and that Kiloo "partnered with each of the SDK Defendants to collect the Personal Data" of their children "for the purposes of tracking, profiling, and targeting them." *Id.* ¶¶ 195–206.  But despite injecting their own devices into the case, the operative complaint conspicuously avoids providing any relevant information about those devices.  It is intentionally obscure about who owned the mobile devices in question.[4]  It is as imprecise as possible about *when* the games

---

[1] *See* Ex. A, Kiloo's First Set of Requests for Production to Michael McDonald at RFP No. 28; Ex. B, Kiloo's First Set of Requests for Production to Tamara Draut at RFP No. 28; Ex. C, Kiloo's First Set of Requests for Production to Dominique Murillo at RFP No. 28.
[2] Although Kiloo brings this motion on its own behalf, other Defendants in the consolidated actions reserve the right to also compel the production of Plaintiffs' devices in their respective actions if Plaintiffs refuse to produce them.
[3] *See* Exs. D–F at 16–17.
[4] The obscurity is without a doubt intentional because Plaintiffs *deleted* allegations from their original complaint that made clear that the devices were owned by the parents.  *Compare* Complaint ¶¶ 81, 86, Dkt. 1 (indicating that Subway Surfers was

October 11, 2019
Page 2

were downloaded, presumably in an effort to avoid the applicable statutes of limitation.[5]  It repeatedly
makes broad allegations about the tracking of mobile devices in general, while carefully avoiding any
suggestion that those allegations apply to Plaintiffs in particular.[6]  It purports to provide a "forensic
analysis of the Internet communication[s] between the device and Kiloo's servers" without specifying
whether it came from Plaintiffs' devices.[7]  It baldly (and falsely) alleges that "users have no reasonable
way to determine that advertising SDKs have been embedded on their mobile devices," *see id.* ¶ 29,
without stating whether Plaintiffs had read or seen Kiloo's privacy policy, which disclosed precisely
what Plaintiffs claim was impossible to discover.  It says nothing about whether Plaintiffs made use of
the extensive privacy features included in iOS and Android, about their privacy practices in general, or
about the privacy practices of other apps and websites Plaintiffs used—all of which would obviously
bear on whether the activities Kiloo allegedly engaged in are, as Plaintiffs claim, "highly offensive" to
them.  *See id.* ¶¶ 198, 202, 206.

The sheer breadth of Plaintiffs' allegations makes it impossible to obtain the relevant information
through any means other than a forensic examination.  When what is at issue are topics as broad as what
Plaintiffs knew about Subway Surfers and its activities, when they knew it, all the steps they took to
preserve their privacy, and what steps they took to guard their allegedly personal data in other contexts,
it is apparent that interrogatories or discrete pieces of data will not suffice.  Indeed, forensic inspection
has been ordered even when only a discrete subject matter was relevant, such as battery performance or
Apple FaceTime usage.  *See, e.g.*, *In re Apple*, 2019 WL 3973752, at *1; *Grace v. Apple*, No. 17-cv-
00551 LHK (NC), Dkt. 154 (N.D. Cal. Mar. 29, 2018).  Here, by contrast, Plaintiffs have placed
virtually the entirety of their device usage and online behavior at issue.  Do they regularly use
websites or apps that they knew or should have known engaged in behavioral advertising?  Did they
visit websites that should have put them on notice of their claims?  If their devices are shared between
multiple users—as Plaintiffs' initial complaint suggested—to what extent can the types of information
they dub "Personal Data" even be associated with a given person?  As privacy features were provided in
Subway Surfers, Android, and iOS, did Plaintiffs upgrade and take advantage of them, or did their
behavior reflect a lack of concern for their privacy?  Plaintiffs have placed the answers to all these
questions squarely at issue through their allegations.  And a forensic examination is the most efficient
way to answer them, as reflected by the fact that they are regularly ordered in class actions and other
cases involving smartphones, tablets, and computers even when a much more limited set of device data
was implicated.  *See, e.g., In re Apple*, 2019 WL 3973752, at *1; *Grace*, No. 17-cv-00551 LHK (NC),

---

downloaded onto the *parents'* phones in order for children to play the game) *with* Amended Complaint ¶¶ 195, 199, Dkt. 177
(deleting those allegations).

[5] *See, e.g.*, Amended Complaint ¶ 195 (alleging that "Mr. McDonald or his children" downloaded Subway Surfers "[i]n or
around 2014 or 2015.").

[6] For example, the operative complaint alleges that "[t]he name of the device is often particularly personal, as the default
device name is frequently configured to include users' first and/or last names (*e.g.*, 'Jane Minor's iPhone')," but does not say
whether that was true of any of the Plaintiffs. *See* Amended Complaint ¶ 38.

[7] *See, e.g.*, Amended Complaint ¶¶ 40, 47–52, 57–59, 70–73, 78–80, 84–86, 93–95, 101–03, 109.  The alleged forensic
inspection has not been produced in the more than 16 months since it appeared in Plaintiffs' complaint, and Plaintiffs have
also refused to produce the video that they showed in open court almost a year ago, at the October 17, 2018 hearing on
Defendants' motion to dismiss.

October 11, 2019
Page 3

Dkt. 154 (N.D. Cal. Mar. 29, 2018); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, 2012 WL 70428 at *2–4 (N.D. Cal. Jan. 9, 2012) (granting motion to compel where plaintiffs demonstrated that the forensic inspection sought relevant information, which was likely unavailable from other sources given the defendant's "apparent inability and/or unwillingness" to provide it); *Herskowitz/Juel v. Apple Inc.*, Nos. 12-2131-LHK, Dkt. 98 (N.D. Cal. Feb. 12, 2014) (ordering the plaintiffs' computers and devices to be turned over for inspection by the defendant's experts because data on those devices was "likely to be highly relevant"); *Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams*, No. C10-05297 RMW (HRL), 2013 WL 11235928, at *2 (N.D. Cal. Oct. 15, 2013) (holding that there was "a sufficient nexus" between the allegations of misappropriation and party's computers to warrant forensic imaging).

Despite being provided with authority to support Defendants' position, Plaintiffs have taken the position that "Defendant must identify specific categories of documents or information they seek through any inspection for Plaintiff[s] to evaluate…." *See* Exs. D–F at 16.  But when asked to specify the types of data that Plaintiffs were concerned about providing to a forensic examiner, Plaintiffs declined.  Given the scope of Plaintiffs' allegations, which put at issue their own privacy practices and knowledge from potentially as early as May 2012, when Subway Surfers was released, vague promises to consider producing piecemeal data are no substitute for a forensic examination.  In any event, "it is Plaintiffs, as 'the party seeking protection,' that 'may identify feasible alternatives.'"  *In re Apple*, 2019 WL 3973752, at *3 (quoting *Williams v. Superior Court*, 398 P.3d 69, 84 (Cal. 2017)).  Plaintiffs have made no attempt to specify each of the types of data that they would be willing to provide.  Indeed, in an attempt to move the process forward, Kiloo provided Plaintiffs with an exemplary list of relevant information from Plaintiffs' phones—such as the versions of Subway Surfers Plaintiffs ran, Plaintiffs' privacy settings, and what versions of Android or iOS Plaintiffs had run and when.  But a month later, Plaintiffs have not even indicated whether it would be possible to provide that information, much less provided all of this subset of relevant information.

Kiloo is cognizant of legitimate privacy concerns that Plaintiffs may have.  From the beginning, Kiloo has made clear that it is not requesting that Plaintiffs' devices be turned over directly to Kiloo or its counsel.  Instead, Kiloo seeks to conduct the inspection pursuant to a protocol similar to that recently entered in *In re Apple*, No. 5:18-md-02827-EJD, Dkt. 378 (N.D. Cal. Aug. 15, 2019).  That protocol, as the court in that case recognized, "provide[s] robust protections" and therefore "lessen[ed] the intrusion to Plaintiffs' privacy."  *In re Apple*, 2019 WL 3973752, at *2.[8]  Yet Plaintiffs have refused even to discuss the particulars of a protocol.  Kiloo asks that the Court order that a forensic inspection of the devices Plaintiffs used to download, use, or play Subway Surfers be conducted pursuant to a protocol similar to that approved by the court in *In re Apple*.

---

[8] It also distinguished the sole case Plaintiffs have cited to support their position, pointing out that that case, unlike this one, involved a request that devices or forensic images be turned over directly to the other party.  *See id.* at *2 (distinguishing *Henson v. Turn, Inc.*, No. 15-cv-01497-JSW (LB), 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018)).  *Henson* itself recognized that there is ample authority for forensic inspections conducted by a neutral forensic expert.  *See Henson*, 2018 WL 5281629 at *6–*7.

October 11, 2019
Page 4

Respectfully,

Raghav Krishnapriyan

Counsel for Defendant Kiloo APS

October 11, 2019
Page 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2019, this document was filed with the Court using CM/ECF, which will send a notification of the filing to the attorneys of record in this case.


*/s/ Raghav Krishnapriyan*
RAGHAV KRISHNAPRIYAN
