December 3, 2019

**VIA ECF**

District Judge James Donato
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      RE:    *Michael McDonald et al. v. Kiloo A/S et al.*, Case No. 3:17-cv-04344-JD

Your Honor,

      Defendant Kiloo A/S and Plaintiffs hereby submit the attached joint letter to the Court regarding the parties' respective proposals for a protocol governing the forensic inspection of Plaintiffs' devices.

      A proposed forensic inspection protocol on behalf of Kiloo, Disney, Viacom, Sybo, Unity, Upsight, and Chartboost is attached as Exhibit A, and Plaintiffs' proposed forensic inspection protocol is attached as Exhibit B.  A redline of Exhibit B over Exhibit A is attached as Exhibit C.

Respectfully submitted,

| | |
|---|---|
| */s/ Raghav R. Krishnapriyan* | */s/ Michael W. Sobol* |
| Raghav R. Krishnapriyan | Michael W. Sobol |
| *Attorney for Defendant Kiloo A/S* | *Attorney for Plaintiffs* |

cc:    All Counsel of Record

## FILER'S ATTESTATION

      Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Michael W. Sobol, attest that concurrence in the filing of this document has been obtained.

Dated: December 3, 2019

                          By:    */s/ Michael W. Sobol*
                                        MICHAEL W. SOBOL

District Judge James Donato
December 3, 2019
Page 1

## I. Kiloo's Position

### A. Introduction

The heart of this case is activity that Plaintiffs allege occurred on or through their mobile devices. Those mobile devices contain the evidence that would allow Kiloo to test whether the activities Kiloo allegedly engaged in are, as Plaintiffs claim, "highly offensive" to them. Amended Complaint, Dkt. 177 ¶¶ 198, 202, 206. It was for that reason that Kiloo sought a forensic inspection, which the Court ordered. But after failing to prevent the forensic inspection in the first instance, Plaintiffs now propose a protocol that defeats the very purpose of an inspection. Plaintiffs' proposed protocol *only* provides the information that Plaintiffs offered to provide Defendants *before* the Court's November 19th hearing on this matter. Plaintiffs are attempting to circumvent the Court's Order by insisting on a protocol that this Court necessarily deemed inadequate.

Kiloo does not dispute that Plaintiffs have legitimate privacy concerns about having the contents of their mobile devices inspected. For exactly that reason, Kiloo's proposed protocol implements robust protections for Plaintiffs' privacy, including by prohibiting disclosure of certain sensitive information like photos and videos even to Defendants' outside counsel (much less Defendants themselves), requiring redaction of electronic communications and web histories absent Court order, and designating all material "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" under the Court-adopted protective order. But protecting Plaintiffs' privacy does not require rendering the Court's order a nullity. For that reason, the Court should resolve the five disputes below in Kiloo's favor.

### B. Kiloo's Proposed Protocol Should Be Adopted

#### 1. Kiloo's proposed forensic inspection protocol provides robust privacy protections

Kiloo is sensitive to Plaintiffs' legitimate privacy concerns, despite their having placed their mobile devices and their contents at issue by filing this lawsuit. Kiloo's proposal thus imposes strict protections on the data obtained from the forensic inspection process.

As an initial matter, Kiloo's proposal requires all imaging to be done by an agreed Neutral and then conveyed to Defendants' forensic inspection experts. It imposes even further limitations on what information can be conveyed even to Defendants' outside counsel. Kiloo's proposal completely prohibits the forensic inspection experts from providing to Kiloo's outside counsel potentially sensitive but irrelevant information, such as photos, videos, calendar entries, medical or financial information, calendars, or contacts. *See* Ex. A ¶ 29. This ensures that this sensitive information will never make it into an expert report, filing, or trial, and that it will moreover not even be seen by Defendants' counsel.

Kiloo's proposal also protects relevant information. It requires the contents, authors, and recipients of all electronic communications to be redacted unless doing so would impair the

District Judge James Donato
December 3, 2019
Page 2

forensic inspection experts' ability to convey relevant information from the underlying data. *See id.* ¶ 28. Even if that data does need to be used, Kiloo's protocol requires Defendants to submit the issue to the Court. In such cases, the Court, and not Defendants, will determine whether to allow the disclosure. *See id.* Similarly, Kiloo's protocol requires by default redaction of Plaintiffs' web browsing or application use history. *See id.* ¶ 30. It does so even though this history may be highly relevant—for instance, in order to determine whether Plaintiffs or their children knowingly used websites that engaged in behavioral advertising, as many websites do. Kiloo's protocol nevertheless provides that such information can only be identified if it is otherwise impossible to explain its relevance. *See id.* Even then, it still imposes protective restrictions on its disclosure, including by designating it under the protective order. *See id.*

> **2. An inspection of Plaintiffs' other apps is crucial to determine whether Plaintiffs' privacy complaints are genuine.**

The heart of Plaintiffs' claims is that Defendants' apps engage in highly offensive activity. Whether Plaintiffs have used *other* apps that engage in practices at issue in the case, and the privacy settings for those apps, is central to assessing the claim that Plaintiffs found Kiloo's actions "highly offensive." Dkt. 177 ¶¶ 198, 202, 206. Application usage and web browser history is similarly highly relevant. As just one example, certain apps disclose in their splash screen that they may display behavioral advertising. If Plaintiffs opened up such an app and clicked through the splash screen, that would demonstrate that they *knowingly* agreed to behavioral advertising, which goes both to merits issues (i.e., whether Plaintiffs have a claim at all) and class certification issues (e.g., because it illuminates differences in the class).

That's why Kiloo's proposal provides that the forensic examiner should take photographs of "screens sufficient to show each of the apps installed on the Devices." Ex. A ¶¶ 15–16. Kiloo's proposal additionally provides for application usage and web browser history to be captured by the Neutral and provided to the forensic inspection experts, subject to the privacy protections detailed in section 1. Plaintiffs' proposal, on the other hand, unilaterally labels the seven apps specifically named in Plaintiffs' complaints the "Relevant App(s)," Ex. B ¶ 2, requires the Neutral to "redact … all references to any apps other than these, *id.* ¶ 15 n.4, and bars the forensic inspection experts from even identifying the fact that any apps other than Defendants' are on Plaintiffs' mobile devices. *See also id.* ¶¶ 15, 16, 26. Plaintiffs' proposal thus neuters the forensic inspection.

> **3. The Neutral should be permitted to re-create Plaintiffs' "sniffing" analysis if the Court orders production of it.**

Plaintiffs' complaint relied on a purported "forensic analysis of the Internet communication[s] between the device and Kiloo's servers." *See, e.g.*, Dkt. 177 ¶ 40. Such an analysis is often known as a "sniffing" analysis. Importantly, Plaintiffs have admitted that the analysis was not conducted on Plaintiffs' own mobile devices. It is imperative to have the neutral examiner attempt to recreate Plaintiffs' sniffing analysis using Plaintiffs' devices. *See* Dkt. 306 at 2. If the sniffing analysis reveals different results when applied to Plaintiffs' own devices, that calls into question the adequacy of Plaintiffs as class representatives and the

District Judge James Donato
December 3, 2019
Page 3

existence of the class itself.  Because Plaintiffs have thus far refused to even produce even their own sniffing analysis, Defendant Viacom has moved to compel its production, and that dispute is before the Court.  *See* Dkt. 103 in Case No. 3:17-cv-4492-JD.  Assuming the Court orders that analysis produced (as it should), the Neutral should be permitted to try to replicate it on Plaintiffs' own devices.

### 4. The forensic inspection protocol should not be limited to the discrete pieces of information Plaintiffs have otherwise promised in discovery.

The central justification for forensic inspections, in this case as in others, is that producing discrete pieces of information is inadequate when it is impossible to identify relevant information in advance.  Whether Plaintiffs regularly use apps or websites that they knew or should have known engaged in behavioral advertising, whether Plaintiffs cared enough about privacy to take advantage of privacy features that were available, and whether device information can even be associated with a given person in light of the fact that Plaintiffs' devices were shared amongst multiple people—all these are questions that Plaintiffs have squarely placed at issue, and questions that can only be answered through a forensic inspection.  That was the basis for Kiloo seeking a forensic inspection.  *See* Dkt. 306 at 2.  Plaintiffs opposed that request, arguing that it was sufficient for Plaintiffs produce certain discrete and narrow categories of information.  *See id.* at 3; Dkt. 309 at 2.  The Court ordered the forensic inspection.

Plaintiffs now act as though those events never took place and attempt to limit the inspection to specific pieces of information.  Under Plaintiffs' proposal, the experts would only receive *the same* discrete and extremely narrow pieces of information that Plaintiffs have otherwise offered to provide in discovery.  *See* Ex. B ¶ 27.  If that were sufficient, presumably the Court would simply have ordered the production of those discrete categories of information, as Plaintiffs urged it to.  But instead the Court ordered a forensic inspection, subject to provisions to protect Plaintiffs' privacy.  *See* Dkt. 313.  That requires taking the forensic image and carving out specific categories of sensitive information, as Kiloo's proposal does, not taking the specific pieces of information Plaintiffs previously offered to produce and throwing out the rest of the forensic image.  Plaintiffs' attempt to evade the effect of the Court's order under the guise of complying with it should be rejected.

### 5. The Neutral should be permitted to take photographs of Plaintiffs' security settings.

To date, plaintiffs have not provided information regarding various analytics and advertising settings on their devices that may reveal consent to certain of the practices they now challenge.  Kiloo's proposal accordingly provides for disclosure of those settings, *see id.* ¶ 15, which may affect what information the device shares or transmits, what apps are running or collecting data in the background that may interfere with forensic testing on the devices, and certain privacy choices Plaintiffs may have made about their devices.  Plaintiffs have provided no explanation why screenshots of these screens would violate their privacy, and yet refuse to agree to that portion of Kiloo's proposed protocol.

District Judge James Donato
December 3, 2019
Page 4

## II.   Plaintiffs' Position

On November 19, 2019, the Court directed the parties "to meet and confer on a protocol for forensic inspection of Plaintiffs' mobile devices while protecting their privacy." Dkt. 313. While the parties agree about most procedural aspects of the protocol, they continue to disagree about whether Kiloo may have unfettered access to Plaintiffs' devices. Plaintiffs' proposal is simple and straightforward: (1) the Neutral may fully image the devices in their entirety and produce extensive content from the images that the parties have so-far agreed to (subject to the protective orders), and (2) Kiloo may obtain additional content from the devices upon establishing a right to production under the applicable discovery rules.

Instead, Kiloo has proposed, and continues to insist upon, a protocol largely cribbed from *In re Apple Inc. Device Performance Litigation*, a case concerning the actual *performance of* mobile devices and not the unauthorized exfiltration of private *data from* mobile devices. Kiloo's protocol is wholly unfit for this case because it goes way beyond obtaining relevant information stored on the devices, but instead hands over the entire content of the devices to Kiloo's experts, who can pass that information on to Defendants *without any meaningful restrictions*. Moreover, Kiloo seeks to forensically test the devices, not as way to evaluate how they function, but to gain unrestricted access to data on and off the phone.

Kiloo implicitly asserts that the Court has already ordered, in requiring the parties to meet and confer to draft a joint protocol, that Plaintiffs must completely divulge the contents of their mobile devices. This tactical misreading of the Court's order is a blatant attempt to bootstrap an inspection protocol into a determination of the proper scope of discovery that is wildly broad and deeply invasive of the privacy of Plaintiffs' children. Under Kiloo's proposed stipulation, multiple experts will have complete forensic images of the devices and license to snoop into any and all web browsing history, and then hand their analysis over to the lawyers. Tellingly, Kiloo acknowledges that its proposed procedure will invade family members' "personal security tokens, user IDS, credit care information, social security numbers, banking and other financial account information, medical account information, or . . . other personal identifying information belonging to Plaintiffs or their family members." Ex. A (Kiloo Protocol) ¶ 30.

Respectfully, Plaintiffs urge the Court to adopt Plaintiffs' proposal and direct Kiloo to meet and confer over the scope of any additional information it seeks to discover from Plaintiffs' devices.

### A.   Kiloo Seeks Unfettered Access Through a Forensic Inspection Protocol, Despite Plaintiffs' Offer to Produce Identified Categories of Relevant Information.

Kiloo attempts to use this dispute over a forensic inspection protocol as a vehicle to bypass the discovery dispute process and have the Court effectively rule on an issue not properly before it: whether Defendants may know and analyze all other apps currently on Plaintiffs' devices and Plaintiffs' and their children's entire internet browsing history.

District Judge James Donato
December 3, 2019
Page 5

From the beginning, Kiloo has claimed an entitlement to, in its words, "virtually *all* that Plaintiffs have done with their mobile devices over the course of years." Kiloo's proposed protocol directs the Neutral to turn over complete and unrestricted forensic images of Plaintiffs' devices to its experts, modeled on the protocol used in *In re Apple* to test the performance characteristics of mobile devices. *See* Ex. A (Kiloo Protocol) ¶ 27. In addition to the misguided application of that other case, Kiloo has never articulated why such broad access to Plaintiffs' devices is warranted, nor precisely what information it hopes to find.

Although Kiloo asserts that certain personal information on the devices may bear on Plaintiffs' children's expectations of privacy, it overreaches, seeking, for example, (1) *all* apps and websites (including social media and internet-based accounts) Plaintiffs or Plaintiffs' children have visited, downloaded, or used for the past eight years, including for sharing documents and videos and (2) the web browsing histories for Plaintiffs and their children for the past eight years. *See, e.g.*, Kiloo RFP Nos. 22, 24, 37–40.

In contrast, Plaintiffs' proposal concretely identifies categories of information to be produced to Kiloo from the devices that are responsive to specific discovery requests, including (1) device-specific information, identifiers, and settings; (2) user IDs associated with the devices; (3) usage history for the gaming apps alleged in the amended complaint; (4) device- and app-level privacy settings; (5) app- and user-level settings for the relevant apps; (6) push notification setting associated with the relevant apps; (7) a history of operating system versions downloaded and installed on the devices; (8) Plaintiffs' browsing history for Defendant-associated websites; and (9) a history or logs of data transmissions to or from the devices associated with the relevant apps. *See* Ex. B (Pls. Protocol) ¶ 27. Plaintiffs further offered to meet and confer regarding the scope of discovery for any other categories of information, consistent with the Federal Rules. But Kiloo refuses to even consider that proposal.

### B. Production of the Device Images to "Replicate" Plaintiffs' Forensic Analyses Is Unwarranted.

Kiloo's request to use Plaintiffs' devices themselves—and not the images thereof—to conduct forensic analyses to replicate data transmittals referenced in Plaintiffs' amended complaint is unwarranted. First, Kiloo cannot "replicate" the forensic analyses using Plaintiffs' devices, because *the analyses referenced in Plaintiffs' amended complaint were not performed on Plaintiffs' devices in the first instance*. Further, any relevant apps *currently* installed on Plaintiffs' devices—if the relevant apps are currently installed at all—may not be the same version used in Plaintiffs' pre-suit analyses. Second, the parties' dispute about the discoverability of Plaintiffs' pre-suit investigations are at issue in a separately pending motion to compel, which this Court has not yet considered. *See Rushing v. Viacom, Inc.*, No. 3:17-cv-04492-JD, Dkt. 103. Plaintiffs intend to comply with any relief the Court orders—including an order directing the Neutral to "replicate" the forensic analyses. But such relief was never sought in Kiloo's original motion to compel a forensic inspection or Defendants' pending motion to compel. *See* Dkt. 306 (requesting "that the Court order Plaintiffs to produce '[f]or forensic inspection, all Mobile Devices on which [they or their children] downloaded, played, or otherwise used Subway Surfers'"). Third, conducting forensic analyses of the type referenced in

the amended complaint on Plaintiffs' devices necessitates connecting the devices to the internet. Such a procedure exposes the devices to several risks, including that data otherwise relevant to this case will altered on the devices.

### C. Kiloo's Proposal Places Unrestricted Forensic Images in the Hands of Its Experts, with No Meaningful Protections.

The limitations Kiloo proposes to place on its experts elevate form over substance and offer no real protections to Plaintiffs or their children. Under Kiloo's proposal, its experts are not restricted—*at all*—from providing information to Defendants' counsel about every app that ever existed on the devices or Plaintiffs' and their children's entire web browsing history found on the devices. *See* Ex. A (Kiloo Protocol) ¶¶ 28–30. And while Defendants' experts cannot *directly* share certain sensitive personal information on Plaintiffs' devices with defense counsel, they can do so through a report, making the purported protections a mirage. This large exception swallows any theoretical protections, and permits precisely the type of invasive discovery that courts have loathe to permit. *See Henson v. Turn, Inc.*, No. 15-CV-01497-JSW, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) ("Turn's request to directly inspect the plaintiffs' mobile devices or for complete forensic images of the devices threatens to sweep in documents and information that are not relevant to the issues in this case."). Accordingly, only the Neutral should be allowed access to the full forensic image, which can then provide agreed-upon subsets of that forensic image to Defendants' experts.

Finally, while the protections afforded by the relevant protective orders in this case safeguard the production of information made within the permissible scope of discovery under Fed. R. Civ. P. 26, Defendants' proposal would allow unrestricted access to data without first identifying information that falls within the scope of Rule 26, and seeks production of all information prior to any determination of relevancy, and is therefore overly broad by design in the first instance. Plaintiffs therefore request that if the Court adopts Defendants' proposal that it also require them to hold Plaintiffs harmless for loss resulting from the unauthorized transmittal or collection of any and all information residing on Plaintiffs' devices while in the Neutral's (or Defendants' experts') custody, possession, or control.

### D. Conclusion

Accordingly, Plaintiffs respectfully ask the Court to adopt their proposed forensic inspection protocol and direct Defendants to meet and confer over the scope of any additional information they seek from Plaintiffs' devices.

District Judge James Donato
December 3, 2019
Page 7

## CERTIFICATE OF SERVICE

     I hereby certify that on December 3, 2019, this document was filed with the Court using CM/ECF, which will send a notification of the filing to the attorneys of record in this case.

*/s/ Michael W. Sobol*
MICHAEL W. SOBOL