**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

January 31, 2020

Michael W. Sobol
Partner
msobol@lchb.com

**VIA CM/ECF (COURTESY COPY VIA MESSENGER)**

Re:  *McDonald et al. v. Kiloo A/S et al.*, No. 3:17-cv-04344-JD.

Plaintiffs' Letter Brief For Leave to Exceed 10 Deposition Limit in a 9-Defendant Case, and to Order Production of a Rule 30(b)(6) Witness to Testify on Nine Subjects.

Your Honor:

Plaintiffs seek assistance from the Court to prevent Defendant Kiloo from refusing to produce their witnesses for deposition.  The parties are scheduled to fly to Denmark *in one week* to take depositions of four Kiloo witnesses, but Kiloo will not commit to producing them unless Plaintiffs "seek no additional depositions from Kiloo" for the rest of the litigation and also agree to severely prejudicial terms, such as forfeiting any opportunity to examine Kiloo on the subject of "collection and transmission of data" central to this case.  Plaintiffs have already agreed to combine the deposition of the 30(b)(6) designees with the depositions of the individuals, and to refrain from further depositions until after class certification, and only then upon obtaining leave to do so under Rule 26.  In rejecting these terms, Kiloo asserts that deposing 14 individuals (which include only four Kiloo employees), and combining them with two 30(b)(6) depositions, is not reasonable in a nine-defendant case.  Kiloo also refuses to seat corporate designees on Plaintiffs' nine subjects, claiming overbreadth by interpreting discrete subjects like "The Development of Subway Surfers For Its Intended Users" as comprising "26 sub-topics."  Instead, Kiloo will only agree to a subset of those topics—four subjects of its own choosing—forever foreclosing inquiry into other topics squarely within the reasonable scope of discovery.[1]

Accordingly, Plaintiffs respectfully request that the Court: (1) grant Plaintiffs leave to exceed the ten-deposition limit and allow a total of 16 depositions (14 individuals and two combined corporate designees) in advance of the March 5 class certification deadline, and any further depositions thereafter only upon a further showing consistent with Rule 26; and (2) compel Kiloo to seat witnesses on five disputed 30(b)(6) topics – Topics 1, 2, 4, 5, and 9 – in addition to the four topics it has agreed to.

---

[1] Plaintiffs have met and conferred with Kiloo (and Sybo) pursuant to the Civil Local Rules and this Court's Standing Order on both issues, but not with the seven SDK Defendants, but without the unanimous consent of all nine Defendants, Plaintiffs must seek leave from the Court in any event.

January 31, 2020
Page 2

### Kiloo's tactical use of Rule 30(a)(2)(A)(i) will permanently deny Plaintiffs' access to critical witness testimony.

This complex class action names nine defendants which for nearly eight years have monetized children's personal data through one of the most successful kids' mobile gaming apps in history, Subway Surfers. Kiloo and Sybo made different contributions in co-designing Subway Surfers. The seven SDK Defendants directly compete with one another using their respective, differing advertising software embedded in Subway Surfers to monetize the data.

From the seven SDK Defendants, Plaintiffs seek to depose eight individuals, i.e., one from each, except for InMobi which has agreed to produce two witnesses to accommodate difficulties arising from their being abroad. Given that the SDK Defendants are largely competitors with independent liability, the depositions of each could not be duplicative.

From the Developer Defendants, Plaintiffs seek four individual witnesses from Kiloo, two from Sybo, and one 30(b)(6) deposition from each. The parties have already agreed to combine the 30(b)(1) and 30(b)(6) depositions. The four Kiloo individuals played unique roles: (a) Kristian Nordahl, who has verified interrogatory answers, executed filed declarations, and knows about SDK integration; (b) Rasmus Kristensen, a Lead Software Engineer who signed a declaration about data storage and knows about the app technology; (c) Jacob Møller, who co-founded the company, is its C.E.O., and has complete institutional knowledge of Kiloo; and (d) Christian Rønde, a software engineer who knows how the SDKs facilitate advertising. The 30(b)(6) topics, described further below, encompass issues core to Plaintiffs' claims.

Rule 30 limits each side of the docket to ten depositions, but also permits parties to stipulate to more than ten. *See* Fed. R. Civ. P. 30(a)(2). Without such a stipulation, the Court in its discretion may alter the limit consistent with the permissible scope of discovery expressed in Rule 26. *Id.* In a nine-defendant case, depositions of 14 individuals with differing and relevant information, and two corporate designees who will overlap with the individuals, is reasonable and proportional to the needs of the case before class certification. Fed. R. Civ. P. 26(b)(1) & (2).

### Kiloo is abusing 30(b)(6)'s 10-subject matter limit to permanently deny Plaintiffs access to centrally relevant evidence.

Plaintiffs seek corporate testimony on nine subjects, but Kiloo will only agree to four topics of its own choosing claiming that the notice exceeds the 10-topic limit. Although each topic covers only one discrete subject, described with reasonable particularity, and although Plaintiffs worked with Kiloo to refine and narrow the topics, Kiloo stands by its overreaching objections, asserting that the five disputed 30(b)(6) topics actually cover *over 40 topics*:

> "Topic 1 – Relationship Between Kiloo and SDK Entities," which Kiloo asserts includes "at least" 10 topics;
>
> "Topic 2 – Collection and Transmission of Personal Data," which Kiloo asserts includes "at least" 8 subparts;

January 31, 2020
Page 3

"Topic 5 – Subway Surfers' Age Gate," which Kiloo asserts "contains multiple subtopics that should each have been their own topic."

Despite Plaintiffs' good-faith narrowing of Topic 4, Kiloo unreasonably stands by its claim that it contains "at least" "26 sub-parts," and refuses to seat a deponent for it:

**Topic 4 – The Development of Subway Surfers For Its Intended Users**

Kiloo's records, policies, procedures, efforts, and/or ability to determine the age of Subway Surfers users, for any purpose, and how this changed over time, including without limitation: The intended audience for Subway Surfers, the users' age[,] beginning with the original concept and design of the game, game visuals, characters and character design, and any marketing, testing, focus groups, or targeting of age groups among potential users or users of the game.

The description of the topics in the 30(b)(6) notice are meant to avoid a dispute over its scope, but Kiloo has seized upon Plaintiffs' effort to provide reasonable particularity as a tactical opportunity to foment dispute. In reality, the subjects are discrete. Topic 1 concerns Kiloo's relationship with SDK entities. Topic 2 seeks concerns how and by whom the personal data from Subway Surfers was collected and transmitted. Topic 4 (shown above) concerns how Subway Surfers was designed for targeting children. Topic 5 concerns the operation of the Subway Surfers age-gate. Topic 9 concerns Kiloo's compliance efforts concerning children's privacy. These five discrete topics result from a concerted effort by Plaintiffs' counsel to obtain only testimony that is necessary to their case. (A copy of the disputed 30(b)(6) notice, as modified during the meet and confer process over a three week period, is attached as Exhibit A.)

Kiloo attempts to exploit the fact that Plaintiffs have only one shot to take these depositions in Denmark before their March 5, 2020 class certification deadline by forcing them to waive legitimate rights to reasonable discovery, or get none at all. Kiloo's attempt to leverage the case schedule to Plaintiffs' detriment, on the eve of travel to Denmark (the scheduling of which has been a protracted undertaking), is transparent and improper.

Accordingly, Plaintiffs respectfully request that the Court: (1) grant Plaintiffs leave to exceed the ten-deposition limit and allow a total of 16 depositions (14 individuals and two combined corporate designees) in advance of the March 5 class certification deadline, and any further depositions thereafter only upon a further showing consistent with Rule 26; and (2) compel Kiloo to seat witnesses on five disputed 30(b)(6) topics (in addition to the four topics it has agreed to).

Respectfully submitted,

Michael W. Sobol