# Durie Tangri

Kaveri Vaid<br>
415-362-6666 (main)<br>
kvaid@durietangri.com

January 31, 2020

**VIA CM/ECF FILING (COURTESY COPY VIA MESSENGER)**

Hon. James Donato
San Francisco Courthouse
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Michael McDonald et al. v. Kiloo APS et al.*
      Case No. 3:17-cv-04344-JD

Dear Judge Donato:

     Kiloo requests the Court's intervention with respect to the compound and overbroad topics proposed by Plaintiffs for its upcoming deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Counsel for both parties have met and conferred twice pursuant to this Order and the Civil Local Rules. Nevertheless, the parties have reached an impasse. Plaintiffs served their final draft list of Rule 30(b)(6) topics on January 29, 2020, and they intend to take 30(b)(6) testimony from Kiloo's witnesses in Denmark during the weeks of February 10, 2020 and February 17, 2020. This dispute is thus urgent.

     Per this Court's standing order, a party may seek 30(b)(6) testimony on no more than 10 subject matters. Standing Order for Discovery In Civil Cases Before Judge Donato ("Standing Order") ¶16(a). These subject matters must be must be "described with reasonable particularity" and cannot be "wide-ranging." *Id.* If a 30(b)(6) notice includes an overbroad or compound topic, that topic "shall be unenforceable and may not later be replaced with a proper topic." *Id.* Examples of permissible topics include "the time line of research and development leading to the invention in question" and "the efforts undertaken by defendant to locate documents responsive to plaintiff's document request." *Id.* Notably, these example topics do not contain multiple parts. Nor do they require testimony from multiple witnesses with different fields of knowledge.

     Plaintiffs provided Kiloo with a list of nine 30(b)(6) topics. Ex. 1. Although Plaintiffs persist in marking these topics as a "draft" and have not yet served a final Rule 30(b)(6) notice, in a possible effort to minimize the time to raise any disputes with the Court, they have conveyed that their position is final. Four of these topics are compound, and a fifth is overbroad, in violation of the Standing Order. Kiloo met and conferred with Plaintiffs and sent Plaintiffs draft objections outlining how the offending topics were compound. Although Plaintiffs offered to narrow certain topics, their revisions did not cure the defects in these five topics. As Plaintiffs have stated that their position is now final, Kiloo is forced to seek relief from this Court.

Hon. James Donato
January 31, 2020
Page 2

**Topic No. 1:** "The existence and content of all contracts between such SDK Entities and Kiloo, the process by which each SDK was embedded in Subway Surfers (e.g., vetting or approval of each SDK, account creation, contract negotiation, account maintenance with the SDK Entities), and any suspension or termination of an SDK (and the reason for such suspension or termination)."

Topic 1 covers four distinct subject matters. *First*, it seeks testimony about the existence and content of all contracts between Kiloo and entities supplying software development kits ("SDKs") for use in Subway Surfers. This topic calls for testimony from Kiloo business or legal personnel competent to discuss the documents and their meaning. *Second*, it seeks testimony about "the process by which each SDK was embedded in Subway Surfers," including but not limited to vetting or approval, account creation, contract negotiation, and account maintenance. This covers both business/legal matters (contract negotiation, vetting) and technical and administrative ones (account creation and maintenance). Even if this were the only piece of Topic No. 1, it would still be too broad to be covered by a single witness. *Third*, it seeks testimony about the "suspension or termination of an SDK (and the reason for such suspension or termination." This is its own topic, and calls for testimony from Kiloo's business decision-makers. Topic 1 is thus compound.

**Topic 2:** "Each type of Personal Data collected, transmitted, or otherwise made available by Kiloo from Subway Surfers to any SDK or other Third Party (e.g., SDK Defendants, SDK Entities, advertisers, ad networks, ad exchanges, ad libraries, demand-side and supply-side platforms, data providers and aggregators), either directly by Kiloo or indirectly through an SDK, including:

　　i.　the time period(s) during which each type of Personal Data was collected or transmitted or made available by Kiloo;
　ii.　the policies or procedures for storing such Personal Data;
　iii.　the identity of each SDK or other Third Party to which Kiloo made Personal Data available, including how this changed over time; and
　iv.　any limitations Kiloo implements or implemented on the collection or transmission or making available of Personal Data, including but not limited to any configuration options for each SDK embedded in Subway Surfers that limit or limited the collection or subsequent use of Personal Data collected from Subway Surfers, including how this changed over time."

As the inclusion of multiple romanettes attests, Topic 2 in fact consists of several distinct topics: (1) the types of personal data collected or made available to third parties, who they were made available to, and how this changed over time; (2) Kiloo's configuration options for each SDK and how it exercised them; and (3) Kiloo's data storage and retention policies. Topic 2 is therefore also compound.

**Topic 4:** "Kiloo's ability to determine the age of Subway Surfers users, for any purpose, and how this changed over time, including without limitation, the users' age beginning with the original concept and design of the game, game visuals, characters and character design, and any marketing, testing, focus groups, or targeting of age groups among potential users or users of the game."

Hon. James Donato
January 31, 2020
Page 3

Topic 4 contains at least three separate subject matters. *First*, it covers Kiloo's "ability to determine the age" of its users, and "how this changed over time." This covers engineering knowledge of Kiloo's technical "ability" to identify user age. *Second*, it covers the design of Subway Surfers' art assets. *Third*, it covers marketing, testing, focus groups, and targeting. Each of these subject matters requires a different deponent with different expertise. The topic is thus compound.

**Topic 5:** "The development, creation, and implementation of the age gate in Subway Surfers, including the reasons(s) it was developed, created, and implemented, as well as every subsequent modification to the age gate and any revisions made by the SDK Entities to their SDKs in response to the introduction of an age gate in Subway Surfers."

Topic 5 represents yet another attempt to jam together at least four separate topics involving legal, business, and technical knowledge. *First*, this topic covers (a) the development, creation, and implementation of the age gate; (b) every subsequent modification of the age gate; and (c) any changes made by third parties to their SDKs. These are three separate subject matters that call for technical expertise. *Second*, the topic seeks the reasons for creating the age gate, which require business and legal knowledge. Again, it is thus compound.

**Topic 9:** "All efforts by Kiloo throughout the Relevant Period to comply with or address any laws, regulations, or industry standards Concerning the collection, storage, or transmittal of Children's Personal Data. This topic includes, but is not limited to, efforts by Kiloo to comply with or address COPPA (or any COPPA regulation), the GDPR (or any GDPR regulation), and inquiries made by CARU, or any other industry or regulatory agency addressing the collection of children's data."

Topic 9 seeks testimony about an unspecified list of industry standards and laws over the course of the nine years Subway Surfers has been available for download. Plaintiffs fail to cabin the long list of potentially relevant laws, regulations, or industry standards, which could include the CCPA and other state laws; PIPEDA and other international laws, a panoply of American and international industry organizations, and many more. This topic is thus overbroad.

As provided for in this Court's Standing Order, topics that are overbroad and/or compound must be stricken. Moreover, improper topics count against a propounding party's overall total. Here, Plaintiffs propounded nine total topics, five of which were compound or overbroad. Kiloo thus respectfully asks this Court to strike the five improper topics.

Very truly yours,

*/s/ Kaveri Vaid*

Kaveri Vaid