# Durie Tangri

Kaveri Vaid<br>
415-362-6666 (main)<br>
kvaid@durietangri.com

February 4, 2020

**VIA CM/ECF FILING (COURTESY COPY VIA MESSENGER)**

Re:   *Michael McDonald et al. v. Kiloo APS et al.*
      Case No. 3:17-cv-04344-JD

Dear Judge Donato:

We write in response to Plaintiffs' letter brief filed January 31, 2020, Dkt. No. 323.

### A.   Plaintiffs Fail to Provide Good Cause to Belatedly Increase Their Deposition Limit

Contrary to Plaintiffs' statements, Kiloo has not refused to seat deponents within the ten-deposition limit.  Plaintiffs noticed four individual depositions of Kiloo witnesses.  By the time they reach Denmark, Plaintiffs will have taken seven depositions.  The Kiloo depositions will be numbers eight, nine, ten, and twelve—putting Plaintiffs over the ten-deposition limit set out in Rule 30(a)(2)(A)(ii) and agreed to by the parties in the joint case management statement.  Dkt. No. 97 at 12.  Kiloo has consistently and unconditionally agreed to seat deponents within the ten-deposition limit.  Therefore, there is *no* dispute about whether Plaintiffs will be able to take the first three of the four depositions they have noticed for Kiloo.  With respect to the fourth, Kiloo's position is equally clear.  Kiloo agreed to seat the fourth deponent on the condition that Plaintiffs agreed to seek no further depositions of Kiloo witnesses.  The reason for this is obvious and practical:  all parties should want to minimize the unnecessary travel and expense of additional depositions in Denmark.  Kiloo imposed *no* other conditions on this deposition.

Plaintiffs' letter brief thus begins with a falsehood.  Plaintiffs write that although the depositions of "four Kiloo witnesses" are scheduled, "Kiloo will not commit to producing them" unless Plaintiffs "agree to severely prejudicial terms," including giving up the right to ask questions about "collection and transmission of data' central to this case."  Plaintiffs' Letter Brief, Dkt. No. 323 at 1.  The *only* part of that sentence which is true is that four depositions of Kiloo witnesses have been scheduled.  Kiloo never conditioned its consent to depositions under the limit at all.  It only conditioned its consent to the deposition over the limit on the sensible agreement that the parties would then conclude depositions of Kiloo witnesses in Denmark.  And Kiloo never conditioned additional 30(b)(1) depositions on the resolution of its objections to the 30(b)(6) topics.  These are two separate issues:  Plaintiffs' overly broad 30(b)(6) topics would be improper even if Plaintiffs complied with the Rule 30 deposition limit.  Upon receiving Plaintiffs' brief, Kiloo immediately and repeatedly asked Plaintiffs to correct its false statements.  Plaintiffs refused.  While it is conceivable that Plaintiffs' false statements are simply a

217 Leidesdorff Street   953 East 3rd Street
San Francisco, California 94111   Los Angeles, California 90013
(415) 362-6666   (213) 992-4499
www.durietangri.com

Hon. James Donato
February 4, 2020
Page 2

failure of reading comprehension, no charitable explanation exists for their refusal to correct them.[1]

It bears mentioning that *Plaintiffs* demanded that these depositions take place during the weeks of February 10 and February 17—a demand that Kiloo bent over backwards to comply with.[2]  But even that is not enough for Plaintiffs.  Plaintiffs now burden this Court to force potentially a second (or third, or fourth) trip to Denmark.  Plaintiffs force this dispute before the Court *now*, with less than a week to spare, because they noticed more than ten depositions without seeking a Court order or Kiloo's consent in violation of Rule 30(a)(2)(A)(ii) and this matter's joint case management statement.  Indeed, Kiloo first alerted Plaintiffs to the fact that they would exceed the deposition limit on January 7, 2020—nearly *one month* ago—and continued to do so as late as January 30, 2020.  But Plaintiffs ignored both these reminders and the Rule.

Kiloo's request for a single trip to Denmark is both practical and reasonable—we would expect Plaintiffs to agree that this case is best served by doing all Denmark depositions in a single trip.  Kiloo is a small company.  It is unreasonably burdensome to require Kiloo to fly its counsel to Denmark multiple times when Plaintiffs could simply take the depositions at one go.  It is especially so given that Plaintiffs demanded this deposition schedule.  They were not forced to do so—discovery in this matter does not close until April 23, 2020.  If Plaintiffs needed more time to decide whom to depose, they had it.

Plaintiffs' letter brief reveals that they have no basis to belatedly increase the number of depositions at this stage.  The law is clear: a party seeking additional depositions must make a "particularized showing" of why they are necessary.  *Doubt v. NCR Corp.*, No. C 09-5917 SBA, 2011 WL 3740853, at *5 (N.D. Cal. Aug. 25, 2011).  But Plaintiffs have provided this Court and Kiloo with *no* explanation of why they need to take Mr. Rønde's deposition, what information they expect to obtain from him that cannot be obtained elsewhere, or whether the burden and expense of the deposition outweighs its likely benefit.  *See* Fed. R. Civ. P. 30(a)(2).  Plaintiffs state only that Mr. Rønde "knows how the SDKs facilitate advertising."  But they do not explain why they cannot get this information from Lead Software Engineer Rasmus Kristensen or from their *eight depositions* of the SDK Defendants, who presumably have the most direct knowledge of this topic.

The sole "cause" Plaintiffs offer to exceed their deposition limit is the fact that this is a "nine-defendant case."  But there were nine defendants when Plaintiffs agreed in the case management statement to a ten-deposition limit, subject to requests to later increase the limit for good cause.  *See* Dkt. No. 97 at 12.  The fact that Plaintiffs now regret their decision does not constitute "good cause."  The Federal Rules do not entitle them to endless bites at the apple.

Plaintiffs' stressing of the time-sensitive nature of this dispute is also misleading.  They fail to disclose that any urgency is the result of Plaintiffs' unfounded belief that they were not bound by the 10-

---

[1] Following the Court's Standing Order For Discovery In Civil Cases, Kiloo has not attached the correspondence supporting Kiloo's position.  Kiloo stands ready to produce those emails upon the Court's request.

[2] Plaintiffs insisted that the depositions take place during these two weeks even though we informed them that lead counsel and the lead associate on the case were both in trial at that time.  Kiloo nevertheless accommodated Plaintiffs' demand.

Hon. James Donato
February 4, 2020
Page 3

deposition limit. Plaintiffs unilaterally sought 14 30(b)(1) depositions without seeking either consent or a court order—the *only* two avenues for additional depositions. Fed. R. Civ. P. 30(a)(2)(A). Kiloo brought this issue to Plaintiffs' attention on January 7, 2020. Plaintiffs then demanded that Kiloo consent to 30 depositions, which Kiloo declined. Plaintiffs then let this issue lie until Kiloo brought it to their attention once again on January 21, 2020. Plaintiffs then sat on their hands for nine more days until Kiloo again asked for their position. Only then did they reject Kiloo's offer and file a brief with this Court. Plaintiffs ask the Court to rule on a compressed timeline, but fail to disclose that they have been responsible for that timeline every step of the way. Kiloo respectfully asks that the Court raise the 10-deposition limit to permit Mr. Rønde's deposition only if Plaintiffs agree not to notice further Kiloo depositions in Denmark after this trip.

### B.  Plaintiffs' 30(b)(6) Topics 1, 2, 4, 5, and 9 Are Overbroad and Compound

Topics 1, 2, 4, 5, and 9 in Plaintiffs' draft 30(b)(6) notice (which Plaintiffs still have yet to serve)[3] are overbroad under the Standing Order For Discovery In Civil Cases. The Standing Order's example topics make this clear: each example topic is a single short sentence covering a single issue that is reasonably knowable by a single witness. Plaintiffs' topics, in contrast, are each at least a full paragraph in length, with sentences full of clauses and subclauses. The challenged topics stitch together legal, business, technical, administrative, artistic, and marketing subject matters, and each requires multiple deponents to adequately address.

In characterizing Kiloo's objections, Plaintiffs once again falsely state Kiloo's position. In an effort to reach agreement with Plaintiffs without burdening this Court, Kiloo provided written objections to an earlier version of Plaintiffs' draft 30(b)(6) topics. Plaintiffs then narrowed some topics but not others, and Kiloo conveyed updated objections to Plaintiffs.[4] But Plaintiffs now juxtapose Kiloo's objections to their original draft topics against the subsequently revised versions in an attempt to make Kiloo appear unreasonable. For example, Plaintiffs claim that Kiloo "unreasonably stands by its claim" that Topic 4—the only topic Plaintiffs actually quote—contains "'at least' '26 sub-parts.'" But that objection was to an earlier version of the topic that Plaintiffs do not reproduce in their letter—a version that was over a hundred words longer and contained three romanettes.

Plaintiffs purport to summarize each of the objectionable topics into a single short sentence that they surely hope better complies with the requirements of the Standing Order. But these were not topics Plaintiffs ever propounded to Kiloo. Rather, the topics in Plaintiffs' draft notice were hundred-plus-word paragraphs overflowing with subparts. If Plaintiffs now want to provide Kiloo with narrow topics, they should do so. Kiloo has repeatedly requested the same, only to be told by Plaintiffs that their position was "final." In the meantime, the Court should strike Plaintiffs' overbroad topics.

---

[3] Kiloo requested Plaintiffs' Rule 30(b)(6) topics on November 11, 2019, but Plaintiffs waited until January 6, 2020 to serve a "draft" notice—and then two days later informed Kiloo that it was inadvertently sent and attached another draft.

[4] Again, Kiloo does not include the supporting correspondence pursuant to this Court's Standing Order. But, as above, Kiloo stands ready to provide it to the Court if requested.

Hon. James Donato
February 4, 2020
Page 4

Respectfully,

*/s/ Kaveri Vaid*

Kaveri Vaid

Counsel for Defendant Kiloo APS

Hon. James Donato
February 4, 2020
Page 5

## CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2020, this document was filed with the Court using CM/ECF, which will send a notification of the filing to the attorneys of record in this case.



                                 */s/ Kaveri Vaid*
                                 KAVERI VAID