1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL MCDONALD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KILOO A/S, et al.,<br><br>    Defendants. | Case No.: 3:17-cv-04344-JD (L)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS AND DIRECTING NOTICE TO THE SETTLEMENT CLASSES** |
| AMANDA RUSHING, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>    Defendants. | Case No.: 3:17-cv-04419-JD |
| AMANDA RUSHING,<br><br>    Plaintiff,<br><br>    v.<br><br>VIACOMCBS INC., et al.,<br><br>    Defendants. | Case No.: 3:17-cv-04492-JD |

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NOS.: 3:17-CV-04344-JD (L);
3:17-CV-4419-JD and 3:17-CV-4492-JD

On _____, 2020, a hearing was held on the motion of Plaintiffs Michael McDonald, Tamara Draut, Dominique Murillo, Amanda Rushing, Ashley Supernault, Julie Remold, and Ted Poon ("Plaintiffs") for a consolidated order in the three above-captioned putative class actions (the "*Kiloo* Action," the "*Disney* Action," and the "*Viacom* Action," collectively, the "Actions"): (1) finding the Court will likely approve the parties' proposed Fed. R. Civ. P. 23(b)(2) class action settlements (the "Settlements"); (2) finding the Court will likely certify the Settlement Classes[1] for purposes of judgment; (3) appointing Plaintiffs as Class Representatives for the Settlement Classes; (4) appointing Lieff, Cabraser, Heimann & Bernstein, LLP and Carney Bates & Pulliam PLLC, as Class Counsel for the settlement classes; (5) directing notice to the Settlement Classes and approving the form and manner of the Notice plan; and (6) scheduling deadlines for (i) Class Counsel to file their Motion for Final Approval (the "Final Approval Motion") and separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlements or Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (iii) a hearing on the final approval of the Settlements and Attorneys' Fees Motion.

Having considered Plaintiffs' Motion for Preliminary Approval and all exhibits and other evidence submitted in supporting thereof, the Court hereby **ORDERS** that Plaintiffs' Motion is **GRANTED** as follows:

## I.     Nature of Actions

Plaintiffs allege that Defendants' collection and use of user data from mobile apps allegedly aimed at minors intruded upon the privacy rights of parents and their minor children, including teens, in violation of firmly-established social privacy norms, as manifested in traditional state law remedies and federal statutes.  Specifically, Plaintiffs allege that the Developer Defendants, including Kiloo, Sybo, Disney, and ViacomCBS, created their respective Gaming Apps[2] for kids and/or contracted with certain SDK Defendants[3] to embed their code

---

[1] Unless otherwise noted, the "Settlement Classes" refer to all of the putative classes identified in the sixteen Settlements across the three Actions.  "Settlement Class Members" similarly refers to all members of the Settlement Classes.

[2] The "Gaming Apps" refer to the subject apps in each case: the *Kiloo* Action involves the (continued…)

1   (called software development kits or "SDKs") into those apps to surreptitiously collect personal

2   data for commercial gain.  *Kiloo* Am. Compl. ¶ 20, Dkt. 268-1; *Disney* Am. Compl. ¶ 19, Dkt.

3   117-1; *Viacom* Am. Compl. ¶ 12, Dkt. 90-1.

4         Defendants deny Plaintiffs' factual allegations, and deny any wrongdoing or legal

5   violations across all three Actions.  Defendants maintain that they have complied with the

6   Children's Online Privacy Protection Act ("COPPA") requirements for the treatment of children's

7   data and have not used any such data for commercial gain in violation of any state law, as

8   Plaintiffs allege.  Further, Defendants maintain that they have not and do not use any personal

9   data to serve advertisements to mobile app users in violation of COPPA or any state law.

10   **II.      Class Certification for Purposes of Settlement**

11         The Court hereby finds it will likely certify the Settlement Classes for purposes of

12   judgment on the Settlements, the definitions of which were included in Exhibit 17 the Joint

13   Declaration in support of Plaintiffs' Motion for Preliminary Approval (the "Joint Declaration"),

14   which is reattached to this Order.  The Court is likely to find, for purposes of settlement only, that

15   each of the Settlement Classes independently satisfies all of the requirements for certification

16   under Federal Rules of Civil Procedure 23(a) and (b)(2):

17        (a)      For settlement purposes only, members of each Settlement Class are so numerous

18             that joinder of all members in a single proceeding would be impracticable, if not

19             impossible, because of their numbers and dispersion;

20        (b)      For settlement purposes only, there are questions of law and fact common to the

21             members of each individual Settlement Class;

22        (c)      For settlement purposes only, the Plaintiff(s) that seek to represent each Settlement

23             Class(es) have claims that are typical of the claims of Settlement Class(es) that

24

25   "Subway Surfers" app, the *Disney* Action involves the "Princess Palace Pets" app and three
versions of the "Where's My Water?" apps, and the *Viacom* Action involves the "Llama Spit
Spit" App.

26   [3] In the *Kiloo* Action, the SDK Defendants are InMobi, Tapjoy, Vungle, ironSource, AdColony,
Chartboost, and Flurry.  In the *Disney* Action, the SDK Defendants are Unity, Upsight, Comscore

27   and Full Circle Studies ("Comscore"), and Twitter and MoPub ("Twitter"). In the *Viacom* Action,
the SDK Defendant is Upsight.  On August 5, 2020, Plaintiffs dismissed with prejudice the claims

28   previously asserted against Unity in the *Viacom* action.

      - 2 -

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NOS.: 3:17-CV-04344-JD (L);
3:17-CV-4419-JD and 3:17-CV-4492-JD

1    they seek to represent;

2    (d)    For settlement purposes only, Plaintiff(s) that seek to represent each Settlement

3    Class have fairly and adequately represented the interests of the respective

4    Settlement Class(es) and will continue to do so;

5    (e)    For settlement purposes only, Plaintiffs and the Settlement Class Members are

6    represented by qualified, reputable counsel who are experienced in preparing and

7    prosecuting class actions; and

8    (f)    For settlement purposes only, each Defendant has acted or refused to act on

9    grounds that apply to the respective Settlement Class defined in that Defendant's

10    Settlement, so that final injunctive relief is appropriate to the Settlement Class

11    defined in each Defendant's Settlement.

12    Accordingly, the Court certifies as a separate class each Settlement Class reflected in

13    Exhibit 17 to the Joint Declaration and appoints named Plaintiffs and their Counsel as

14    representatives of the Settlement Classes as delineated in Exhibit 17 to the Joint Declaration.

15    **III.    Preliminary Approval of the Settlements**

16    A trial court may approve a proposed settlement if it is determined to be "fair, reasonable,

17    and adequate." Fed. R. Civ. P. 23(e)(2).  Preliminary approval should only be granted where the

18    parties have "show[n] that the court will likely be able to . . . approve the proposal under Rule

19    23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B); *see also O'Connor v. Uber Technologies, Inc.*, No. 13-cv-

20    03826-EMC, 2019 WL 1437101, at *4 (N.D. Cal. 2019).  "The Court cannot, however, fully

21    assess such factors until after the final approval hearing; thus, a full fairness analysis is

22    unnecessary at th[e] [preliminary approval] stage." *Uschold v. NSMG Shared Services*, LLC, 333

23    F.R.D. 157, 169 (N.D. Cal. 2019) (quoting *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal.

24    2008) (internal quotation marks omitted)).  And while the trial court must make a preliminary

25    finding of fairness, there is a "'strong judicial policy that favors settlements, particularly where

26    complex class action litigation is concerned.'" *See Ayala v. Coach, Inc.*, No. 14-CV-02031-JD,

27    2016 WL 9047148, at *2 (N.D. Cal. Oct. 17, 2016) (quoting *Class Ptfs. v. City of Seattle*, 955

28    F.2d 1268, 1276 (9th Cir. 1992)).

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NOS.: 3:17-CV-04344-JD (L);
3:17-CV-4419-JD and 3:17-CV-4492-JD

1    The Court hereby finds that it is likely to approve the proposed Settlements under the

2    relevant factors for final approval.  The Court has reviewed the terms of the Settlements,[4]

3    including the injunctive relief provided to the Settlement Classes and the release of claims, and

4    Plaintiffs' motion papers.  Based on review of those papers and its familiarity with the Actions,

5    the Court finds and concludes that the Settlements are the result of good-faith, prolonged, serious,

6    informed, and non-collusive arms'-length negotiations after Class Counsel had adequately

7    investigated Plaintiffs' claims, including through extensive discovery, and become familiar with

8    their strengths and weaknesses.  The assistance of Judge Jay Gandhi (Ret.), Lexi W. Myer, and

9    Cathy Yanni, three highly-qualified mediators, in the settlement process supports the finding that

10   the Settlements are non-collusive.  The Settlements will also avoid substantial additional costs to

11   all parties, as well as avoid the delay and risks presented by further prosecution of issues during

12   pre-trial, trial, and possible appeal.  Additionally, Class Counsel's review of the extensive

13   discovery provided in this action and evaluation of the strength of the Settlement Classes' claims

14   against each defendant supports the scope of relief set forth in the Settlement Agreements.   Based

15   on all of these factors, including strengths of the proposed injunctive relief, the Court concludes

16   that the Settlements meet the criteria for preliminary settlement approval.  The Settlements have

17   no obvious defects and are likely to be approved as fair, reasonable, and adequate, such that

18   notice to the Settlement Classes is appropriate.

19   **IV.    Notice**

20   The Court approves, as to form and content, the proposed Notice (the "Notice"), attached

21   as Exhibit B to the Angeion Declaration in support of the Motion for Preliminary Approval.  The

22   Notice appropriately informs Settlement Class Members about, among other things: (1) the

23   pendency of the Lawsuit and of the Settlements, including the terms thereof; (2) the Class

24   Representatives' applications for service awards; (3) the procedures for filing an objection to the

25   Settlements; (4) contact information for Class Counsel, and a toll-free number to ask questions

26   _____

27   [4] Each Settlement is attached as an Exhibit to the Joint Declaration as follows:  Ex. 3 (AdColony);
     Ex. 4 (Chartboost); Ex. 5 (Flurry); Ex. 6 (InMobi); Ex. 7 (ironSource); Ex. 8 (Tapjoy); Ex. 9
     (Vungle); Ex. 1 (Kiloo); Ex. 2 (Sybo); Ex. 13 (Unity); Ex. 12 (Twitter); Ex. 11 (Comscore); Ex.

28   10 (Disney); Ex. 15 (ViacomCBS); Exs. 14 & 16 (Upsight in the *Disney* & *Viacom* Actions).

about the Settlements; (5) the address of the case-specific website (the "Class Settlement Website") maintained by the Settlement Administrator that links to important case documents, including motion for preliminary approval papers, and instructions on how to access the case docket via PACER or in person; (6) important dates in the settlement approval process, including the date of the Final Approval Hearing (as described below); and (7) Plaintiffs' forthcoming Attorneys' Fees Motion.

The proposed Notice plan is a reasonable method calculated to reach members of the Settlement Classes who would be bound by the Settlements.  The Notice will be posted on a website about the Settlements and links to the website will be published online using contextual advertisements on websites likely to be visited and used by Settlement Class Members.  While Rule 23 "expressly requires notice only in actions certified under Rule 23(b)(3)," 2003 Advisory Comm. Notes on Fed. R. Civ. P. 23, the parties have agreed to provide Notice out of an abundance of caution to alert the Classes to the Settlements and the agreed-upon injunctive relief. Accordingly, the Court finds and concludes that the proposed Notice plan will provide notice in a reasonable manner and satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and this District's Procedural Guidance for Class Action Settlements.

Promptly following the entry of this Order, Class Counsel will prepare final versions of the Notice, incorporating into them the relevant dates and deadlines set forth herein. Then, pursuant to the deadlines set forth at the end of this Order: (1) the Notice (as revised) shall be posted on the Class Settlement Website established by the Settlement Administrator ("Angeion Group"), along with all relevant Court orders in the Actions; and (2) the Notice shall be disseminated pursuant to the Notice plan as described herein and in Plaintiffs' preliminary approval papers.  The Parties shall pay the cost of the Notice Plan consistent with the provisions in each Defendant's settlement agreement.

The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes.  As part of the Final Approval Motion, Plaintiffs shall submit declarations to the Court confirming compliance with the notice provisions set forth above.

- 5 -

**V.     CAFA Notice**

The Court finds that Defendants have complied with the Class Action Fairness Act ("CAFA").  Under CAFA, within "10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement" must serve notice of the proposed settlement upon "the appropriate State official of each State in which a class member resides and the appropriate Federal official."  28 U.S.C. § 1715.  The Motion for Preliminary Approval of Class Action Settlements was filed on August 5, 2020.  Defendants have filed Notices of Compliance with CAFA attesting that, no later than _____, 2020, notice of the Settlements containing all documents required by 28 U.S.C. § 1715(b)(1)-(8) was served upon the Attorney General of the United States of America and the appropriate state officials in California and all the other states in which a Class Member is known to reside.  *See* Dkts. ___.

**VI.    Final Approval Hearing**

The Court hereby schedules a hearing (the "Final Approval Hearing") to determine whether to grant final approval of the Settlements pursuant to Federal Rule of Civil Procedure 54(b), as well as to rule on Class Counsel's motion for an award of reasonable attorneys' fees, costs and expenses ("Attorneys' Fees Motion").  The Final Approval Hearing shall take place at the date and time set forth at the end of this Order.  The date of the Final Approval Hearing may be changed without further notice to the Settlement Classes.  However, Plaintiffs are responsible for promptly updating the Class Settlement Website with information about any such change.

Pending the Final Approval Hearing, all proceedings in the Actions, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlements and this Order, are stayed, consistent with this Court's previous orders.  (*Kiloo*, Dkt. 358; *Disney*, Dkt. 148; *ViacomCBS*, Dkt. 120.)  Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Settlements until the date of the Final Approval Hearing.

**VII.   Objection**

Any Settlement Class Member may comment on or object to any aspect of the proposed Settlement(s) applicable to a Settlement Class to which the Settlement Class Member belongs or

1    the associated Attorneys' Fees Motion, either on his or her own or through an attorney hired at his

2    or her expense, by following the procedures set forth herein. These procedures and requirements

3    are intended to ensure the efficient administration of justice and the orderly presentation of any

4    Class Member's objection to any of the Settlements to which he or she is a part, in accordance

5    with the due process rights of all Settlement Class Members.

6         Any Settlement Class Member who wishes to comment on or object to any of the

7    Settlements or Attorneys' Fees Motion applicable to a Settlement Class to which the Settlement

8    Class Member belongs must do so **in writing**.  To be considered, any comment on or objection to

9    any of the Settlements or Fee Motion must be mailed, **postmarked no later than the Objection**

10    **Deadline set forth below**, to the Court at the following address: Class Action Clerk, United

11    States District Court for the Northern District of California, 450 Golden Gate Avenue, San

12    Francisco, CA 94102. It must also include the following information:

13      (a)     the case names and numbers (*McDonald v. Kiloo A/S*, Case No. 3:17-cv-04344-JD,

14                 *Rushing v. The Walt Disney Company,* Case No.: 3:17-cv-04419-JD); *Rushing v.*

15                 *Viacom, Inc.*, Case No.: 3:17-cv-04492-JD);

16      (b)     the name, mailing address, e-mail address, and signature of the Settlement Class

17                 Member and, if represented by counsel, of his or her counsel;

18      (c)     the specific aspect of the Settlement(s) or Fee Motion to which the Settlement

19                 Class Member objects or wishes to comment upon, along with any legal support

20                 the Settlement Class Member wishes to bring to the Court's attention and any

21                 evidence the Settlement Class Member wishes to introduce; and

22      (d)     a statement of membership in the Settlement Class(es) that clearly identifies that

23                 his or her child(ren) played one of the Gaming Apps and identifies which Gaming

24                 App(s) his or her child(ren) played and to which Settlement Class(es) the

25                 Settlement Class Member purports to belong.

26         Settlement Class Members who have timely commented on or objected to any of the

27    Settlements in writing may also appear at the Final Approval Hearing in person or by counsel and

28    be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to

be considered at the hearing. Any Settlement Class Member who wishes to appear at the Final Approval Hearing must submit a Notice of Intention to Appear along with their written comment or objection. If a Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the Notice of Intention to Appear must also identify all attorneys who will appear at the Final Approval Hearing.

Any Settlement Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown. The Court will only require substantial compliance with the requirements for submitting an objection.

## VIII.  Scheduling Order

The following table summarizes all relevant dates and deadlines set forth in this Order, to which the parties will adhere unless otherwise ordered by the Court:

| Date | Event |
|---|---|
| No later than ten (10) <u>business</u> days following the entry of this Order | Notice shall be posted on the Class Settlement Website, along with all relevant Court orders in the Actions. |
| No later than 65 calendar days before the Final Approval Hearing | Deadline for Plaintiffs to file Final Approval Motion and Attorneys' Fees Motion |
| No later than 30 calendar days before the Final Approval Hearing | Objection Deadline |
| No later than 15 calendar days before the Final Approval Hearing | Deadline to respond to Objections |
| _____, 2020, at __:__ a.m. | **Final Approval Hearing** (at least 100 days after the date the Preliminary Approval Motion is filed, *see* 28 U.S.C. § 1715(d)) |

Upon application of the parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court without further notice to the Settlement Classes. Settlement Class Members must check the Class Settlement Website regularly for updates and further details regarding extensions of these deadlines.

1

## IX.    Other Provisions

2          In the event the Court does not grant final approval of one of the Settlements, or for any

3    reason the parties fail to obtain a Final Judgment as contemplated by the Settlements, or any of

4    the Settlements are terminated pursuant to their terms for any reason, then any such Settlement

5    and all orders and findings entered in connection with that or those Settlement(s) shall become

6    null and void and be of no further force and effect whatsoever, shall not be used or referred to for

7    any purpose whatsoever, and shall not be admissible or discoverable in this or any other

8    proceeding.

9          This Order shall not be construed or used as an admission, concession, or declaration by

10    or against any of the Defendants of any fault, wrongdoing, breach, or liability, and shall not be

11    deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law

12    regarding any request for class certification, in any other action or proceeding, whether or not

13    involving the same or similar claims.  Nor shall this Order be construed or used as an admission,

14    concession, or declaration by or against Plaintiffs or the other Settlement Class Members that

15    their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as

16    a waiver by any party of any defenses or claims he, she, or it may have in the Actions or in any

17    other proceeding.

18          Class Counsel and Defense Counsel are hereby authorized to use all reasonable

19    procedures in connection with the approval and administration of the Settlements that are not

20    materially inconsistent with this Preliminary Approval Order or the Settlements applicable to

21    their respective clients, including making, without further approval of the Court, minor

22    corrections or non-substantive changes to the form or content of the Notice that they jointly agree

23    is reasonable or necessary.

24          **IT IS SO ORDERED.**

25

26    Dated: _____          _____

27                                        HON. JAMES DONATO
                                          United States District Judge

28

- 9 -                [PROPOSED] ORDER GRANTING PLAINTIFFS'
                                                                    MOTION FOR PRELIMINARY APPROVAL
                                                                    CASE NOS.: 3:17-CV-04344-JD (L);
                                                                    3:17-CV-4419-JD and 3:17-CV-4492-JD