1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN FRANCISCO DIVISION**

11

12     MICHAEL MCDONALD, et al.,              Case No.: 3:17-cv-04344-JD (L)

13                    Plaintiffs,             **[PROPOSED] ORDER GRANTING
                                              PLAINTIFFS' MOTION FOR AWARDS**
14              v.                            **OF ATTORNEYS' FEES,
                                              REIMBURSEMENTS OF EXPENSES,**
15     KILOO A/S, et al.,                     **AND SERVICE AWARDS**

16                    Defendants.

17     AMANDA RUSHING, et al.,                Case No.: 3:17-cv-04419-JD

18                    Plaintiffs,

19              v.

20     THE WALT DISNEY COMPANY, et al.,

21                    Defendants.

22
                                              Case No.: 3:17-cv-04492-JD
23     AMANDA RUSHING,

24                    Plaintiff,

25              v.

26     VIACOMCBS INC., et al.,

27                    Defendants.

28

Having reviewed the Plaintiffs' Motion for Awards of Attorneys' Fees, Reimbursement of Expenses, and Service Awards, and the documents submitted in support thereof, the Court now FINDS, CONCLUDES, and ORDERS as follows:

1. Plaintiffs commenced these coordinated and related Actions (*i.e.*, the *Kiloo* Action, the *Disney* Action, and the *Viacom* Action) in 2017. The complaints allege that Defendants (mobile gaming app developers and their advertising partners) created and embedded code in certain gaming apps for children—Subway Surfers in the *Kiloo* Action; Princess Palace Pets and three versions of Where's My Water? in the *Disney* Action; and Llama Spit Spit in the *Viacom* Action—to exfiltrate personal data for commercial gain, including from children users. Plaintiffs further allege that Defendants' failure to obtain parental consent to collect and use that data constitutes an egregious violation of traditional social norms concerning privacy and children's vulnerability.

2. Plaintiffs and Class Counsel pursued, on behalf of putative classes of parents or guardians and their children, the following claims: (1) claims of intrusion upon seclusion and a constitutional right to privacy under California law, in all Actions; (2) a claim under Section 349 of the New York General Business Law in the *Kiloo* and *Disney* Actions only; (3) a claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, in the *Disney* Action only; and (4) a claim under Chapter 214, Section 1B of the Massachusetts General Laws in the *Disney* Action only. *See* Order re Mots. to Dismiss, *Kiloo*, Dkt. 270.

3. After conducting extensive negotiations (with the assistance of Judge Jay Gandhi (Red.) and Lexi W. Myer), the parties in all three Actions entered into sixteen Settlements under Rule 23(b)(2) of the Federal Rules of Civil Procedure. *See Kiloo*, Dkt. 363 at 3-4. On September 24, 2020, this Court granted preliminary approval of the Settlements and conditionally certified the settlement classes under Rule 23(b)(2). *See* Dkt. 371.

## **Attorneys' Fees and Expenses**

4. The parties negotiated payment caps with each Defendant for reasonable attorneys' fees and expenses, as well as service awards, only after reaching agreement in principle to the core material terms of the injunctive relief. Because the Settlements do not create common

funds, any awards of fees and expenses does not detract from the benefits received by class members.

5.       In accordance with the Settlement terms, Plaintiffs seek: (1) $5,710,000 in the *Kiloo* Action ($5,208,124 in fees and $501,876 in expenses); (2) $2,405,000 in the *Disney* Action ($2,167,670 in fees and $237,330 in expenses); and (3) $935,000 in the *Viacom* Action ($745,390 in fees and $189,610 in expenses).  This amounts to $9,050,000 in attorneys' fees and expenses for all sixteen Settlements across all three Actions ($8,121,184 in fees and $928,816 in expenses). Plaintiffs' requests are summarized below, as to each Defendant in each Action:

**Table 1: Plaintiffs' Fee and Expense Requests**

| Action | Defendant | Fee Request | Expense Request | Total Request | Payment Cap |
|--------|-----------|-------------|-----------------|---------------|-------------|
| *Kiloo* | Kiloo | $704,236 | $55,764 | $760,000 | $760,000 |
| | Sybo | $469,236 | $55,764 | $525,000 | $525,000 |
| | AdColony | $469,236 | $55,764 | $525,000 | $525,000 |
| | Chartboost | $94,236 | $55,764 | $150,000 | $150,000 |
| | Flurry | $694,236 | $55,764 | $750,000 | $750,000 |
| | InMobi | $694,236 | $55,764 | $750,000 | $750,000 |
| | ironSource | $694,236 | $55,764 | $750,000 | $750,000 |
| | Tapjoy | $694,236 | $55,764 | $750,000 | $750,000 |
| | Vungle | $694,236 | $55,764 | $750,000 | $750,000 |
| | **Total** | **$5,208,124** | **$501,876** | **$5,710,000** | **$5,710,000** |
| *Disney* | Disney | $447,534 | $47,466 | $495,000 | $495,000 |
| | Comscore | $337,534 | $47,466 | $385,000 | $385,000 |
| | Twitter | $227,534 | $47,466 | $275,000 | $275,000 |
| | Unity | $702,534 | $47,466 | $750,000 | $750,000 |
| | Upsight | $452,534 | $47,466 | $500,000 | $500,000 |
| | **Total** | **$2,167,670** | **$237,330** | **$2,405,000** | **$2,405,000** |
| *Viacom* | Viacom | $340,195 | $94,805 | $435,000 | $435,000 |
| | Upsight | $405,195 | $94,805 | $500,000 | $500,000 |
| | **Total** | **$745,390** | **$189,610** | **$935,000** | **$935,000** |
| **Grand Total** | | **$8,121,184** | **$928,816** | **$9,050,000** | **$9,050,000** |

6.       In a class action, a court may award reasonable attorneys' fees as authorized by law or by the parties' agreement.  Fed. R. Civ. P. 23(h).  Where, as here, state substantive law applies, fees are to be awarded in accordance with state law.  *See Vizcaino v. Microsoft Corp.*,

- 2 -

1  290 F.3d 1043, 1047 (9th Cir. 2002).  Under California law, the lodestar method is "the primary

2  method" for awarding attorneys' fees.  *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26

3  (2000).  Similarly, federal courts apply the lodestar method in class actions where a significant

4  component of the relief obtained is injunctive in nature.  *Yeagley v. Wells Fargo & Co.*, 365 F.

5  App'x 886, 887 (9th Cir. 2010) (lodestar method appropriate where no common fund created);

6  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  Under the lodestar method,

7  courts multiply the number of hours reasonably expended by a reasonable hourly rate.  *Hanlon*,

8  150 F.3d at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *Lealao*, 82 Cal. App. 4th at

9  26.

10    7.    Class Counsel's hours and rates are well documented, as presented in their

11  supporting declaration (*Kiloo*, Dkt. 372-1).  The Court finds that Class Counsel devoted a

12  reasonable number of hours to litigating each Action.  Moreover, Class Counsel has conducted an

13  audit of all contemporaneously kept time records, excluding duplicative, unnecessary, or

14  irrelevant time entries; time entered by timekeepers who recorded a *de minimis* amount of time;

15  time spent on matters exclusive to defendant Kochava, Inc.; and time spent after June 30, 2020.

16  Accordingly, the number of hours spent in this litigation does not include substantial past and

17  future time committed to the litigation of these Actions, such as time spent obtaining final

18  approval and time to be spent overseeing implementation of the Settlements.  The Court further

19  finds that Class Counsel divided their resources efficiently throughout the litigation.  Class

20  Counsel's hourly rates are also reasonable.  As highly experienced litigators, their hourly rates are

21  "in line with those prevailing in the community for similar services by lawyers of reasonably

22  comparable skill, experience and reputation."  *Blum*, 465 U.S. at 895 n.11 (1984).  Here, the

23  relevant community is the Northern District of California.  *See Lilly v. Jamba Juice Co.*, No. 13-

24  CV-02998-JST, 2015 WL 2062858, at *5 (N.D. Cal. May 4, 2015).  The rates in these Actions

25  range from $615 to $975 for partners; $370 to $485 for associates and staff attorneys; and $360 to

26  $420 for paralegals and other support staff—in line with those prevailing in this District.  *See e.g.*,

27  *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *17 (N.D.

28  Cal. Aug. 17, 2018) (approving rates of $400 to $970 for partners, $185 to $850 for non-partner

1   attorneys, and $95 to $440 for paralegals and other staff); *In re Volkswagen "Clean Diesel"*

2   *Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5

3   (N.D. Cal. Mar. 17, 2017).

4          8.      Class Counsel's reasonable lodestar amounts in each Action, which are less than

5   the fees requested, are particularly justified in light of the circumstances. *First*, the principal

6   factor to be considered, *i.e.*, the benefits obtained, weighs strongly in favor of granting the

7   requested fee awards.  The Settlements represent strong, immediate injunctive relief for class

8   members and their children, and will meaningfully change defendants' practices in ways that

9   should improve privacy protections for children.  *Second*, these Actions presented highly novel

10  and complex issues, both legally and factually.  Each Action was premised on a California

11  common law claim for intrusion upon seclusion and violations of California's constitutional right

12  to privacy, as applied in the context of mobile advertising in child-directed gaming apps.  These

13  facets are reflected in the terms of the Settlements, which were individually negotiated to reflect

14  the business practices unique to each Defendant.  *Third*, the Court finds that Class Counsel

15  adequately represented the interests of class members throughout the litigation.  *Fourth*, Class

16  Counsel prosecuted these Actions on a purely contingent basis, despite the risk that they might

17  never be compensated.  Taken together, these considerations confirm the reasonableness of

18  Plaintiffs' request for attorneys' fees.  Accordingly, the Court approves attorneys' fees awards

19  from each Defendant in each Action, in the amounts reflected in Table 1, above.

20         9.      The Court further finds that Class Counsel are entitled to reimbursements of the

21  expenses they incurred investigating and prosecuting this matter.  *See Staton v. Boeing Co.*, 327

22  F.3d 938, 974 (9th Cir. 2003).  Through June 30, 2020, Class Counsel incurred $501,879.46 in

23  the *Kiloo* Action, $237,332.09 in the *Disney* Action, and $189,611.71 in the *Viacom* Action in

24  out-of-pocket litigation expenses for which they seek reimbursement.  The Court finds that these

25  expenses were reasonably incurred and approves the reimbursements from each Defendant in

26  each Action, in the amounts reflected in Table 1, above.

27

28

**<u>Service Awards</u>**

10.     The Settlements separately provide that each Defendant shall pay a pro rata portion of service awards of $2,500 to each Class Representative (*i.e.*, named Plaintiff) in each Action.

**Table 2: Plaintiffs' Service Award Requests**

| Action | Class Representatives | No. of Defendants | Service Awards |
|---|---|---|---|
| *Kiloo* | Michael McDonald, Tamara Draut, Dominique Murillo | 9 | $7,500 ($833 per Defendant) |
| *Disney* | Amanda Rushing, Ashley Supernault, Julie Remold, Ted Poon | 5 | $10,000 ($2,000 per Defendant) |
| *Viacom* | Amanda Rushing | 2 | $2,500 ($1,250 per Defendant) |

11.     Service awards are "fairly typical" in class action cases and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). "[I]n this district, a $5,000 incentive award is presumptively reasonable." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015).

12.     Having reviewed the record before it, the Court finds that the requested service awards are reasonable and warranted. Each Class Representative devoted extensive time and energy to these Actions, including providing information to support the complaints and Class Counsel's efforts throughout the litigation; staying engaged in and informed about the litigation; providing personal mobile devices to Class Counsel for discovery; making themselves available for deposition; and carefully reviewing and approving the Settlements after consulting with Class Counsel. In addition, the Class Representatives played a unique and pivotal role by taking the extraordinary step of litigating issues involving their own kids to gain privacy protections for others and their children

13.     For the reasons set forth above, it is therefore ORDERED that in accordance with the terms of the Settlements, (i) Class Counsel be awarded $5,710,000 in the *Kiloo* Action ($5,208,124 in fees and $501,876 in expenses), **$2,405,000** in the *Disney* Action ($2,167,670 in fees and $237,330 in expenses), and **$935,000** in the *Viacom* Action ($745,390 in fees and $189,610 in expenses)—for a total of $9,050,000 in reasonable attorneys' fees and expenses, to be paid by Defendants as reflected in Table 1, above; and (ii) the Class Representatives each receive $2,500 service awards in each Action, to be paid by Defendants as reflected in Table 2, above.

**IT IS SO ORDERED.**

Dated: _____                    _____

HON. JAMES DONATO
United States District Judge

ORDER GRANTING MOTION FOR AWARD OF
ATTORNEYS' FEES, COSTS & SERVICE AWARDS
3:17-CV-04344-JD; 3:17-CV-4419-JD; 3:17-CV-4492-JD