DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
AUDREY E. STANO (Bar No. 315370)
audrey.stano@weil.com
NEECKAUN IRANI (Bar No. 324617)
neeckaun.irani@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

Attorneys for Defendant ADCOLONY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL MCDONALD, et al.<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>KILOO APS, et al.,<br><br>　　　Defendants. | Lead Case No. 3:17-cv-4344-JD<br><br>**CLASS ACTION**<br><br>**ADCOLONY, INC.'S NOTICE OF LIMITED JOINDER AND LIMITED JOINDER IN DEFENDANT KILOO A/S'S OPPOSITION TO PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES, REIMBURSEMENTS OF EXPENSES, AND SERVICE AWARDS**<br><br>Dept.:　Courtroom 11 – 19th Floor<br>Judge:　Honorable James Donato |
| AMANDA RUSHING, et al.<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>　　　Defendants. | Case No. 3:17-cv-4419-JD |
| AMANDA RUSHING, et al.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>VIACOM INC., et al.,<br><br>　　　Defendants. | Case No. 3:17-cv-4492-JD |

1   PLEASE TAKE NOTICE that Defendant AdColony, Inc. ("AdColony") hereby files this limited
2   joinder to certain of the arguments set forth in Defendant Kiloo A/S's ("Kiloo") Opposition to Plaintiffs'
3   Motion for Awards of Attorneys' Fees, Reimbursements of Expenses, and Service Awards (Dkt. 374).

4   Kiloo argues that the Court should reduce Plaintiffs' fee award from Kiloo for several reasons,
5   including because Plaintiffs failed to submit adequate billing records (justifying the use of a negative
6   multiplier). *See* Dkt. 374 at 11–14. Specifically, Kiloo argues that (1) Plaintiffs' time records only
7   provide generic descriptions of categories of work and are insufficient for the Court to determine whether
8   the number of hours worked on discrete tasks was reasonable and efficient and (2) Plaintiffs fail to
9   provide any detail about how many hours they expended on each Defendant, and how they divided hours
10  jointly applicable to all nine *McDonald* defendants. *Id.*

11  These arguments apply equally to the fees sought in connection with Plaintiffs' settlement with
12  AdColony.[1] Plaintiffs and AdColony worked cooperatively throughout this litigation and AdColony
13  proactively pursued settlement several months before other defendants.[2] For example, AdColony
14  proactively raised the possibility of, and began to negotiate, an injunctive-relief focused settlement with
15  Plaintiffs in September 2019 and participated in private mediation sessions with Plaintiffs' counsel on
16  December 13, 2019 and January 22, 2020 (prior to the larger mediations across all related cases that took
17  place in February 2020). Declaration of David R. Singh filed concurrently herewith ("Singh Decl.") ¶
18  3. Given the earlier settlement posture between Plaintiffs and AdColony:

- AdColony did not serve any discovery requests on Plaintiffs (*id.* ¶ 5);
- Plaintiffs agreed that AdColony could defer most ESI discovery and need only produce a targeted set of high-priority documents (AdColony produced just 56 documents totaling 297 pages) (*id.* ¶ 6);
- AdColony did not produce and Plaintiffs did not inspect AdColony's source code (*id.* ¶ 9);

---

[1] *See generally* Dkt. 364-3 (AdColony and Plaintiffs' settlement agreement).

[2] While AdColony believes that it was the first defendant in the *McDonald* case to engage in settlement negotiations with Plaintiffs, Defendant Chartboost also pursued an early settlement.

| ADCOLONY'S JOINDER IN KILOO'S | LEAD CASE NO. 17-CV-4344-JD |
| OPPOSITION TO MTN FOR ATTY FEES | CASE NOS. 17-CV-4419-JD & 17-CV-4492-JD |

- Whereas Plaintiffs deposed one or more representatives of each of the other *McDonald* defendants (except Chartboost), including several foreign depositions, Plaintiffs did not depose any AdColony witnesses; nor did AdColony seek to depose any witnesses for Plaintiffs (*id.* ¶ 7); and

- Plaintiffs did not file any motions to compel against AdColony and AdColony did not file any motions for a protective order (*id.* ¶ 8).

Given the earlier settlement posture between Plaintiffs and AdColony, Plaintiffs' case against AdColony proceeded on a less aggressive, separate track. The lower $525,000 cap under the AdColony settlement reflects that reality. But AdColony respectfully submits that Plaintiffs' time records are insufficient for the Court to ascertain whether the $525,000 cap still inflates the time Plaintiffs actually expended prosecuting their claims against AdColony or whether the time Plaintiffs devoted to litigating against AdColony, a party proactively seeking to settle to avoid the expense of litigation, was reasonable or efficient.

Like Kiloo, AdColony thus requests a downward reduction of Plaintiffs' fee request or, in the alternative, an order compelling Plaintiffs to submit more detailed bills that allow the Court to assess the reasonableness of their hours. *See* Dkt. 374.

DATED:  November 20, 2020

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By:  */s/ David R. Singh*
　　　　David R. Singh

Attorney for Defendant ADCOLONY, INC.