UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL MCDONALD, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>KILOO A/S, et al.,<br><br>        Defendants. | Case No. 3:17-cv-04344-JD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SYBO ApS** |

1  This matter came before the Court for hearing on December 17, 2020, pursuant to the Court's Preliminary Approval Order dated September 24, 2020 (Dkt. 371). The Court has considered the Settlement Agreement (the "Settlement") between Plaintiffs Michael McDonald, Tamara Draut, and Domonique Murillo ("Plaintiffs") and Sybo ApS ("Sybo" or "Defendant"), the record in the Lawsuit, and the arguments and authorities of counsel, including in any papers filed and proceedings had herein.  Good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

2. 1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.  *See* Dkt 364-2.

3. 2. This Court has jurisdiction over the subject matter of this Lawsuit pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties and all Settlement Class Members for purposes of this Settlement only (further, that Sybo specifically consents to personal jurisdiction as to all claims herein arising outside of California for purposes of this Settlement only).  Venue is proper in this District.

4. 3. By entering this Order, the Court does not make any finding of liability or wrongdoing as to Defendant.

5. 4. The Court, for purposes of this Final Approval Order, (1) approves the Settlement described in Plaintiffs' preliminary and final approval papers; (2) enters this Order and a separate judgment pursuant to Federal Rule of Civil Procedure 54(b); and (3) adopts herein the terms and definitions set forth in the Settlement Agreement.

6. 5. The Court finds that the notice to the Settlement Class, which consisted of, among other things, (i) the pendency of the Lawsuit and of the Settlement, including the terms thereof; (ii) the Class Representatives' applications for service awards; (iii) the procedure for objecting to the Settlement; (iv) contact information for Class Counsel and a toll-free number to ask questions about the Settlement; (v) important dates in the settlement approval process, including the date of the Fairness Hearing; and (vi) Class Counsel's request for an award of reasonable attorneys' fees and expenses, as detailed in Plaintiffs' preliminary approval papers and as previously approved by this Court (*see* Dkt. 371), has been implemented and fully complied with the requirements of

Federal Rule of Civil Procedure 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class"), this District's Procedural Guidance for Class Action Settlements, and due process.

6. Notice was provided to Settlement Class Members in compliance with this Court's Preliminary Approval Order, paragraphs 5.1 and 5.2 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.

7. The notice given was the best method for providing such notice that was practicable under the circumstances. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members were able to decide whether to object to the proposed Settlement; (iii) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date, and place of the final approval hearing.

8. There were no timely objections to the Settlement Agreement.

9. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

10. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004)), including, *inter alia*, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement Class and – if successful – maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and mediators; and the reaction of Settlement Class Members to the proposed Settlement.  Furthermore, the Court has specifically considered the factors relevant to class settlement approval set forth in Fed. R. Civ. P. 23(e) and this District's Procedural Guidance for Class Action Settlements, including whether:

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT WITH SYBO APS
CASE NO. 3:17-CV-04344-JD

  (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;

  (B) the Settlement was negotiated at arm's length;

  (C) the relief provided for the Settlement Class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the reasonableness of Rule 23(b)(2) notice of the Settlement to the Settlement Class Members;

    (iii) the terms of any proposed Class Representative service awards, including the timing of payment and any justification for the service awards; and

    (iv) any agreement required to be identified under Rule 23(e)(3);

  (D) the number of Class Members who objected to or commented on the Settlement; and

  (E) the Settlement treats Settlement Class Members equitably relative to each other.

11.  The Court has scrutinized the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion.

12.  Sybo has agreed to meaningful injunctive relief related to the claims at issue. The Settlement Agreement with Sybo, including all terms of the agreed-upon injunctive relief, are adopted herein. *See* Dkt. 364-2.

13.  This injunctive relief only applies within the United States.

14.  This injunctive relief agreed to herein between Plaintiffs and Sybo only applies to versions of Subway Surfers that Sybo operates via Sybo-controlled servers (saving player data or cloud save data) and/or Sybo-managed advertising relationships (the "Sybo Operated Version").

15.  Within 120 days of the entry of this Order, for Subway Surfers, Sybo shall include an age gate as described in paragraph 16. For any user who identifies as under the age of 13 within the age gate, Sybo will only collect data in compliance with COPPA and, for those users, shall only initialize advertising SDKs for which the relevant ad network has previously assured

Sybo that the SDK accommodates COPPA-compliance and is capable of only serving Contextual Advertising to those users in connection with Subway Surfers.

16. Consistent with paragraph 15, within 120 days of the entry of this Order, for all players who install the Sybo Operated Version of Subway Surfers, Sybo will include an age gate that either requires the input of the player's age into a blank box or, alternatively, the input of an age into a mechanism with a default age-entry that starts closest to an age of zero and allows a user to spin a wheel or move a bar in ascending numbers (i.e. 1, 2, 3, 4, etc.) to increase the age.

17. Within 120 days of the entry of this Order, and excluding (a) data Sybo uses to support internal operations consistent with COPPA, (b) data for game analytics, and (c) game cloud save data, to the extent technically possible using commercially reasonable efforts, Sybo shall delete or otherwise refrain from disclosing, using, or benefitting from all of the following Personal Data related to Subway Surfers in the custody, possession, or control of Sybo (or that will be in Sybo's custody, possession, or control after being transferred to Sybo from Kiloo prior to the entry of this Order): (a) all Personal Data transmitted from users of versions of Subway Surfers prior to version 1.73; (b) all Personal Data transmitted from Subway Surfers users who identified as under the age of 13 years old in an age gate at the time that data was transmitted, including any Personal Data collected from such users during sessions played prior to that identification; and (c) all Personal Data transmitted from Subway Surfers users who selected a birth year of 2000 in all versions of the age gate that predate the age gate required in paragraph 16. Provided, however, that such Personal Data may be used or disclosed to the extent requested by a government agency or required by law, regulation, or court order.

18. Within 120 days of the entry of this Order, for any user who identifies as under the age of 13 within the Subway Surfers age gate, Sybo will not track a user's location sufficient to identify street name combined with name of a city or town and will obtain written assurance from any advertising SDK that it does not track a user's location sufficient to identify street name combined with name of a city or town for those users in connection with Subway Surfers.

19. For any user who identifies as under the age of 13 within the Subway Surfers age gate, Sybo will not send such user a push notification.

20. Nothing in the Settlement Agreement excludes Sybo from collecting persistent identifiers for the purpose of internal operations (which, per the FTC, includes Contextual Advertising) as defined in COPPA.

21. Within 120 days of the entry of this Order, Sybo shall provide Plaintiffs with an affidavit certifying compliance with the terms described herein.

22. The term of the Injunctive Relief described herein will be for a term of 3 years from the entry of this Order.

23. <u>Change of Law and/or Regulatory Guidance</u>. If COPPA is amended or the FTC provides regulatory changes, additional guidance, or any other action that is inconsistent with the injunctive relief provided, Sybo may adapt its practices to comply with that new law, regulation, FTC guidance, or FTC instruction on the issue, only if Sybo provides Class Counsel notice in writing 30 days before Sybo intends to adapt its practices, explaining (i) exactly how Sybo will adapt it practices and (ii) why Sybo believes that its current practices are or will become inconsistent with the injunctive relief set forth in the Settlement Agreement.

24. If Plaintiffs believe that Sybo has not complied with the terms of the Settlement Agreement, they shall provide written notice to Sybo, and provide Sybo with 30 days to cure that violation before taking any legal action to enforce the Settlement Agreement.

25. The Parties are to bear their own costs, except as awarded by this Court in a separate judgment and Order on Attorneys' Fees made pursuant to Federal Rule of Civil Procedure 54(b), which implements the agreements between the Parties as to reasonable attorneys' fees and expenses.

26. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted and forever discharged the Defendant from any and all Released Claims.

27. Per the terms of the Settlement, as of the Effective Date, the Class Representatives and Settlement Class Members shall be deemed to have agreed not to take any step whatsoever to

Case 3:17-cv-04344-JD   Document 406-1   Filed 04/12/21   Page 7 of 9

assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Released Claims, directly or indirectly, against Defendant.

28.     The Court hereby certifies, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs' claims of (i) intrusion upon seclusion; and (ii) the California Constitutional Right to Privacy; and (iii) New York General Business Law ¶ 349; on behalf of a Settlement Class defined as follows:

> All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are under the age of 13 and have played Subway Surfers, or who were under the age of 13 when they played Subway Surfers.

29.     The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) <u>Numerosity</u>:  the Settlement Class is comprised of thousands of individuals, given that Subway Surfers has been downloaded hundreds of millions of times in the United States during the relevant period; (2) <u>Commonality</u>: Plaintiffs readily meet this standard as the claims of the Settlement Class all arise from an alleged common course of conduct: that the Defendant developed a game that contained SDKS which allegedly collected device data from mobile devices shared with or used by Class Members' children for commercial purposes by embedding SDKs that operate uniformly as to all users in Subway Surfers; (3) <u>Typicality</u>:  the Class Representatives' claims are typical of those of the Settlement Class Members, as the Class Representative's children allegedly played Subway Surfers as did the Settlement Class Members' children; and (4) <u>Adequacy</u>:  the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

30.     The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because the agreed-upon injunctive relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  This is because the Settlement Agreement requires Defendant to implement or continue certain business practices that relate to

                                                                              CLASS ACTION SETTLEMENT WITH SYBO APS
                                                                              CASE NO. 3:17-CV-04344-JD

how Subway Surfers, and the SDKs embedded therein, collect, treat, and use Personal Data from the mobile devices shared with or used by players under the age of 13, and is thus appropriate relief as to all members of the Settlement Class.

31.   The Court has reviewed the application for an award of service awards to the Settlement Class Representatives submitted by Class Counsel and the memoranda of law and other materials submitted regarding that application.  The benefits described above are the only consideration the Defendants shall be obligated to give to the Settlement Class Members, with the exception of the service awards to be paid to the Class Representatives, which are supported by – among other things – evidence of the Class Representatives' active involvement in the Lawsuit. Within twenty-one (21) calendar days of the Effective Date, Defendant shall pay to the Settlement Administrator its portion of the Class Representatives' service awards in the amount of $833 (i.e., one-ninth of $7,500).

32.   Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in this action, and as such, neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of Plaintiffs' allegations, or of any liability, fault, or wrongdoing of any kind.

33.   If the Settlement Agreement terminates for any reason, this action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

34.   The Settlement Agreement's provisions, and all related drafts, communications and documents shall not be deemed as or deemed to be evidence of an admission or concession by Defendant of any wrongdoing, by any person or entity, and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission, concession, or presumption regarding such matters.  However, the Settlement Agreement may be introduced as evidence of the Parties' respective obligations under the Court's continuing jurisdiction over the injunctive relief set forth in the Settlement Agreement.

35. Without affecting the finality of this order or the final judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representatives, the Settlement Class Members, and the Defendant for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Order.

IT IS SO ORDERED.

DATED: April 12, 2021

_____
HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE