1

2

3

4

5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

SAN FRANCISCO DIVISION

8

MICHAEL MCDONALD, et al.,

9

Plaintiffs,

10

v.

11

KILOO A/S, et al.,

12

Defendants.

13

Case No.  3:17-cv-04344-JD

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH FLURRY, INC.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing on December 17, 2020, pursuant to the

2   Court's Preliminary Approval Order dated September 24, 2020 (Dkt. 371). The Court has

3   considered the Settlement Agreement (the "Settlement") between Plaintiffs Michael McDonald,

4   Tamara Draut, and Domonique Murillo ("Plaintiffs") and Flurry, Inc. ("Flurry" or "Defendant"),

5   the record in the Lawsuit, and the arguments and authorities of counsel, including in any papers

6   filed and proceedings had herein.   Good cause appearing, **IT IS HEREBY ORDERED,**

7   **ADJUDGED AND DECREED** as follows:

8         1.       Capitalized terms not otherwise defined herein shall have the same meaning as set

9   forth in the Settlement Agreement.  *See* Dkt 364-5.

10        2.       This Court has jurisdiction over the subject matter of this Lawsuit pursuant to 28

11  U.S.C. § 1332, and has personal jurisdiction over the Parties and all Settlement Class Members.

12  Venue is proper in this District.

13        3.       By entering this Order, the Court does not make any finding of liability or

14  wrongdoing as to Defendant.

15        4.       The Court, for purposes of this Final Approval Order, (1) approves the Settlement

16  described in Plaintiffs' preliminary and final approval papers; (2) enters this Order and a separate

17  judgment pursuant to Federal Rule of Civil Procedure 54(b); and (3) adopts herein the terms and

18  definitions set forth in the Settlement Agreement.

19        5.       The Court finds that the notice to the Settlement Class, which consisted of, among

20  other things, (i) the pendency of the Lawsuit and of the Settlement, including the terms thereof;

21  (ii) the Class Representatives' applications for service awards; (iii) the procedure for objecting to

22  the Settlement; (iv) contact information for Class Counsel and a toll-free number to ask questions

23  about the Settlement; (v) important dates in the settlement approval process, including the date of

24  the Fairness Hearing; and (vi) Class Counsel's request for an award of reasonable attorneys' fees

25  and expenses, as detailed in Plaintiffs' preliminary approval papers and as previously approved

26  by this Court (*see* Dkt. 371), has been implemented and fully complied with the requirements of

27  Federal Rule of Civil Procedure 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or

28

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH FLURRY, INC.
CASE NO.  3:17-CV-04344-JD

1   (b)(2), the court may direct appropriate notice to the class"), this District's Procedural Guidance

2   for Class Action Settlements, and due process.

3       6.      Notice was provided to Settlement Class Members in compliance with this Court's

4   Preliminary Approval Order, paragraphs 5.1 and 5.2 of the Settlement Agreement, due process,

5   and Rule 23 of the Federal Rules of Civil Procedure.

6       7.      The notice given was the best method for providing such notice that was

7   practicable under the circumstances. The notice: (i) fully and accurately informed Settlement

8   Class Members about the lawsuit and settlement; (ii) provided sufficient information so that

9   Settlement Class Members were able to decide whether to accept the benefits offered, opt-out and

10  pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for

11  Settlement Class Members to file written objections to the proposed settlement, to appear at the

12  hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date, and

13  place of the final approval hearing.

14      8.      There were no timely objections to the Settlement Agreement.

15      9.      The Court finds that Defendant properly and timely notified the appropriate state

16  and federal officials of the Settlement, pursuant to the Class Action Fairness Act ("CAFA"), 28

17  U.S.C. § 1715.

18      10.     The Court approves the Settlement as fair, reasonable, and adequate and in the best

19  interests of the Settlement Class Members. The Court has specifically considered the factors

20  relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361

21  F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense,

22  complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement

23  Class and – if successful – maintaining class action status throughout trial; the relief provided for

24  in the Settlement; the extent of discovery completed and stage of the proceedings; the experience

25  and views of Class Counsel and mediators; and the reaction of Settlement Class Members to the

26  proposed Settlement.  Furthermore, the Court has specifically considered the factors relevant to

27  class settlement approval set forth in Fed. R. Civ. P. 23(e) and this District's Procedural Guidance

28  for Class Action Settlements, including whether:

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH FLURRY, INC.
CASE NO. 3:17-CV-04344-JD

DB2/ 39139374.2

(A)  the Class Representatives and Class Counsel have adequately represented the Settlement Class;

(B)  the Settlement was negotiated at arm's length;

(C)  the relief provided for the Settlement Class is adequate, taking into account:

  (i)  the costs, risks, and delay of trial and appeal;

  (ii)  the reasonableness of Rule 23(b)(2) notice of the Settlement to the Settlement Class Members;

  (iii)  the terms of any proposed Class Representative service awards, including the timing of payment and any justification for the service awards; and

  (iv)  any agreement required to be identified under Rule 23(e)(3);

(D)  the number of Class Members who objected to or commented on the Settlement; and

(E)  the Settlement treats Settlement Class Members equitably relative to each other.

11.    The Court has scrutinized the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion.

12.    Flurry has agreed to meaningful injunctive relief to better ensure that children under the age of 13 in the United States do not have any of their data collected for targeted advertising purposes while playing child-directed games using the Flurry SDK.  The Settlement Agreement with Flurry, including all terms of the agreed-upon injunctive relief, are adopted herein.  *See* Dkt. 364-5.

13.    <u>Changes for Specific Apps Identified By Plaintiffs and Flurry</u>.  Within 120 days of the entry of a Final Approval Order, for Subway Surfers and all other apps that meet the criteria of 13(A), 13(B), or 13(C) below ("Relevant Apps"), and which include Flurry's SDK (except apps which are excluded pursuant to the exemption protocol set forth in paragraph 14), Flurry shall (a) stop providing any advertising services to the app, or (b) limit its advertising service exclusively to Contextual Advertising in which the following types of data are not stored or shared with any third party (other than the App Developer for analytic purposes that are

DB2/ 39139374.2

consistent with the exception under COPPA for support for internal operations): (i) any persistent identifier (hashed or otherwise) that can be used to recognize a user or a user's device over time and across different Websites or online services (including, but not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier such as IDFA, AAID, or Android ID); and (ii) geolocation information sufficient to identify street name and name of a city or town.  Such restrictions shall not apply to instances where an app contains an age gate or otherwise receives age data or information from its users, or Flurry has data or other information, indicating that the user has declared an age of 13 or older. The provisions in this paragraph 13 are designed to be a one-time action by Flurry.  The Relevant Apps are:

      A.      Apps set forth in **Exhibit A** to the Settlement (Dkt. 364-5 at 26), which lists apps that are or were included in Google's "Designed for Families" program, the "Family" section of Google Play, and/or the "Kids Category" of the Apple App Store;

      B.      Apps set forth in **Exhibit B** to the Settlement (Dkt. 364-5 at 111), which lists apps that the Children's Advertising Review Unit ("CARU") has determined are directed to children and that have been included in a National Advertising Division ("NAD") or CARU Case Report; and

      C.      Apps set forth in **Exhibit C** to the Settlement (Dkt. 364-5 at 115), which lists apps that include the Flurry SDK and have particular words in either the app name, bundle ID, or developer name that may be child-centric: Kid, Boy(s), Girl(s), Baby, Babies, Toddler(s), Child, Children, Candy, Toy(s), Princess(es), Prince(s), Dress Up, Doll(s), Tiny, Bubble(s), Preschool, Kindergarten, Baby Panda, Little Panda, Babybus, Hippo and Masha.

14.      If Flurry in good faith believes that any app that falls within paragraph 13(A)-(C) is not directed to children under 13, it may seek an exemption of such app from the requirements of the Settlement Agreement by providing Class Counsel with written notice specifying the grounds for Flurry's belief and, within 5 business days of receipt thereof, Class Counsel shall

1  notify Flurry whether it will stipulate to the exemption, which stipulation Class Counsel shall not

2  unreasonably withhold.  If Class Counsel does not stipulate to the exemption, the Parties shall,

3  within 5 business days, submit a joint written submission (no longer than 3 pages, to be divided

4  equally) to the Mediator, who shall make a final determination regarding whether an exemption is

5  appropriate.  The Parties shall each bear an equal share of the Mediator's fees and expenses in

6  connection with this process.

7       15.    Within 120 days of the entry of this Order, Flurry shall refrain from disclosing,

8  using, or benefitting from any Personal Data previously collected from users of Subway Surfers

9  and any apps identified pursuant to the processes set forth in paragraph 13(A)-(C).  Provided,

10  however, that such restriction will not apply to instances where an app, including Subway Surfers,

11  contains an age gate or otherwise receives age data or information from its users, or Flurry has

12  data or other information, indicating that the user's age is 13 or older.  This restriction on the use

13  of Personal Data shall not include providing Personal Data to the App Developer for analytic

14  purposes that are consistent with the exception under COPPA for support for internal operations,

15  and used or disclosed to the extent requested by a government agency or required by law,

16  regulation, or court order.

17       16.    In addition, if a user of an app that incorporates Flurry's SDK, including Subway

18  Surfers, self identifies as under age 13, whether via an age-gate, direct notification, or other

19  mechanism, and Flurry has actual knowledge of such self-identification, Flurry shall (a) stop

20  providing any advertising services to the app related to that user's device(s) as identified to Flurry

21  or (b) limit service for such user's device(s) (as identified to Flurry) to Contextual Advertising in

22  which the following types of data are not stored or shared with any third party, other than the App

23  Developer for analytic purposes that are consistent with the exception under COPPA for support

24  for internal operations : (i) a persistent identifier (hashed or otherwise) that can be used to

25  recognize a user or a user's device over time and across different Websites or online services

26  (including, but not limited to, a customer number held in a cookie, an Internet Protocol (IP)

27  address, a processor or device serial number, or unique device identifier such as IDFA, AAID, or

28  Android ID); and (ii) geolocation information sufficient to identify street name and name of a city

- 5 -

or town.  Flurry may, however, use data from such users to provide analytics services to the App Developer, consistent with COPPA.

17.    <u>Increased Requirements for Developers vis-à-vis COPPA Settings</u>. Within 120 days of the entry of this Order, for all Developers' apps, Flurry shall implement the following steps:

A.    Require Developers to click through disclosures about their responsibility to evaluate their apps, determine if the apps are child-directed, and set the proper settings (which disclosures shall include the instruction that Developers should treat apps included in the "Kids Category" of the Apple App Store as child-directed apps);

B.    Flurry shall require the App Developer to certify the following as a condition to using Flurry's SDK services: "I certify that this app does not target children under the age of 13."; and

C.    Require Developers to re-affirm annually that their app does not target children under the age of 13 via a message box that will appear in the Developer's Flurry account.

18.    Within 120 days of the entry of this Order, Flurry shall provide Plaintiffs an affidavit certifying compliance with paragraphs 13-17.

19.    The parties agree that the injunctive relief set forth in the Settlement Agreement (except the injunctive relief set forth in paragraph 13), and any obligations associated with it, shall terminate three (3) years from the date of this Order or upon a showing within three (3) years from the date of this Order that performance is no longer possible because Flurry's SDK will cease operations and stop collecting or transmitting data or information from any mobile applications, and that such activities will not be resumed or continued by any other person or business entity.  If Flurry claims that performance is no longer possible because Flurry's SDK will cease operations, it will notify Class Counsel within 60 days of its intention to no longer carry out the injuctive relief set forth herein and describe with specificity the reasons supporting that decision and, if directed by the Court, notify class members of the same.  Class Counsel

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH FLURRY, INC.
CASE NO.  3:17-CV-04344-JD

maintains the right to notify the Court if it disagres with Flurry's decision to no longer comply with the injunctive relief described herein.  The injunctive relief set forth in paragraph 13 is a one-time obligation of Flurry to be completed within 120 days of the entry this Order.

20.     The Parties are to bear their own costs, except as awarded by this Court in a separate judgment and Order on Attorneys' Fees made pursuant to Federal Rule of Civil Procedure 54(b), which implements the agreements between the Parties as to Plaintiffs' claims for reasonable attorneys' fees and expenses.

21.     The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted and forever discharged the Defendant, from any and all Released Claims.

22.     Per the terms of the Settlement, as of the Effective Date, the Class Representatives and Settlement Class Members shall be deemed to have agreed not to take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Released Claims, directly or indirectly, against Defendant.

23.     The Court hereby certifies, pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs' claims of (i) intrusion upon seclusion; and (ii) the California Constitutional Right to Privacy; and (iii) New York General Business Law ¶ 349; on behalf of a Settlement Class defined as follows:

> All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are under the age of 13, or were under the age of 13 when they played Subway Surfers, and from whom Flurry collected, used, or disclosed Personal Data.

24.     The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) <u>Numerosity</u>:  the Settlement Class is comprised of millions of individuals, given that Subway Surfers has been downloaded hundreds of millions of times in the United States alone during the relevant period;

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH FLURRY, INC.
CASE NO.  3:17-CV-04344-JD

(2) <u>Commonality</u>:  Plaintiffs readily meet this standard as the claims of the Settlement Class all arise from a common course of alleged conduct: that the Defendants collected Class Members' children's personal data for commercial purposes by embedding SDKs that operate uniformly as to all users of Subway Surfers; (3) <u>Typicality</u>:  the Class Representatives' claims are typical of those of the Settlement Class Members, as the Class Representative's children played Subway Surfers, and therafter, the Defendants processed their children's personal data for commercial purposes  and (4) <u>Adequacy</u>:  the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

25.     The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because the agreed-upon injunctive relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  This is because the Settlement Agreement requires Defendant to make uniform changes that impact all members of the Settlement Class, by changing how its SDK, which is or was embedded in Subway Surfers and many other apps, and the SDKs embedded therein, collects, treats, and uses Personal Data from the mobile devices of users under the age of 13.

26.     The Court has reviewed the application for an award of service awards to the Settlement Class Representatives submitted by Class Counsel and the memoranda of law and other materials submitted regarding that application. The benefits described above are the only consideration the Defendants shall be obligated to give to the Settlement Class Members, with the exception of the service awards to be paid to the Class Representatives, which are supported by – among other things – evidence of the Class Representatives' active involvement in the Lawsuit. Those service awards shall be paid by Flurry as follows within twenty-one days of the Effective Date:

Mr. Michael McDonald:  $833

Ms. Tamara Draut:  $833

Ms. Dominque Murillo:  $833

27.     Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in this action, and as such, neither this Order, the Settlement Agreement, nor

- 8 -

1    any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall

2    be construed as an admission or concession by Defendant of the truth of any of Plaintiffs'

3    allegations, or of any liability, fault, or wrongdoing of any kind.

4          28.    If the Settlement Agreement terminates for any reason, this action will revert to its

5    previous status in all respects as it existed before the Parties executed the Settlement Agreement.

6    This Order will not waive or otherwise impact the Parties' rights or arguments.

7          29.    The Settlement Agreement's provisions, and all related drafts, communications

8    and documents shall not be deemed as or deemed to be evidence of an admission or concession

9    by Defendant of any wrongdoing, by any Person or entity, and cannot be offered or received into

10   evidence or requested in discovery in this Action or any other action or proceeding as evidence of

11   an admission, concession, or presumption regarding such matters. However, the Settlement

12   Agreement may be introduced as evidence of the Parties' respective obligations under the Court's

13   continuing jurisdiction over the injunctive relief set forth in the Settlement Agreement.

14         30.    Without affecting the finality of this order or the final judgment in any way, the

15   Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representatives,

16   the Settlement Class Members, and the Defendant for the purposes of supervising the

17   implementation, enforcement, and construction of the Settlement and this Order.

18         IT IS SO ORDERED.

19   DATED:  April 12, 2021

20

21   _____

22   HON. JAMES DONATO
     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH FLURRY, INC.
CASE NO.  3:17-CV-04344-JD

DB2/ 39139374.2