1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7                          SAN FRANCISCO DIVISION

8    MICHAEL MCDONALD, et al.,              Case No.  3:17-cv-04344-JD

9                 Plaintiffs,
                                            [PROPOSED] ORDER GRANTING
10   v.                                     PLAINTIFFS' MOTION FOR FINAL
                                            APPROVAL OF CLASS ACTION
11   KILOO A/S, et al.,                      SETTLEMENT WITH VUNGLE, INC.

12               Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing on December 17, 2020, pursuant to the

2    Court's Preliminary Approval Order dated September 24, 2020 (Dkt. 371). The Court has

3    considered the Settlement Agreement (the "Settlement") between Plaintiffs Michael McDonald,

4    Tamara Draut, and Domonique Murillo ("Plaintiffs") and Vungle, Inc. ("Vungle" or

5    "Defendant"), the record in the Lawsuit, and the arguments and authorities of counsel, including

6    in any papers filed and proceedings had herein.  Good cause appearing, **IT IS HEREBY**

7    **ORDERED, ADJUDGED AND DECREED** as follows:

8         1.    Capitalized terms not otherwise defined herein shall have the same meaning as set

9    forth in the Settlement Agreement.  *See* Dkt 364-9.

10        2.    This Court has jurisdiction over the subject matter of this Lawsuit pursuant to 28

11   U.S.C. § 1332, and has personal jurisdiction over the Parties and all Settlement Class Members.

12   Venue is proper in this District.

13        3.    By entering this Order, the Court does not make any finding of liability or

14   wrongdoing as to Defendant.

15        4.    The Court, for purposes of this Final Approval Order, (1) approves the Settlement

16   described in Plaintiffs' preliminary and final approval papers; (2) enters this Order and a separate

17   judgment pursuant to Federal Rule of Civil Procedure 54(b); and (3) adopts herein the terms and

18   definitions set forth in the Settlement Agreement.

19        5.    The Court finds that the notice to the Settlement Class, which consisted of, among

20   other things, (i) the pendency of the Lawsuit and of the Settlement, including the terms thereof;

21   (ii) the Class Representatives' applications for service awards; (iii) the procedure for objecting to

22   the Settlement; (iv) contact information for Class Counsel and a toll-free number to ask questions

23   about the Settlement; (v) important dates in the settlement approval process, including the date of

24   the Fairness Hearing; and (vi) Class Counsel's request for an award of reasonable attorneys' fees

25   and expenses, as detailed in Plaintiffs' preliminary approval papers and as previously approved

26   by this Court (*see* Dkt. 371), has been implemented and fully complied with the requirements of

27   Federal Rule of Civil Procedure 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or

28

(b)(2), the court may direct appropriate notice to the class"), this District's Procedural Guidance for Class Action Settlements, and due process.

6.     Notice was provided to Settlement Class Members in compliance with this Court's Preliminary Approval Order, paragraphs 5.1 and 5.2 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.

7.     The notice given was the best method for providing such notice that was practicable under the circumstances. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date, and place of the final approval hearing.

8.     There were no timely objections to the Settlement Agreement.

9.     The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

10.     The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement Class and – if successful – maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and mediators; and the reaction of Settlement Class Members to the proposed Settlement.  Furthermore, the Court has specifically considered the factors relevant to class settlement approval set forth in Fed. R. Civ. P. 23(e) and this District's Procedural Guidance for Class Action Settlements, including whether:

1

2

      (A)    the Class Representatives and Class Counsel have adequately represented the Settlement Class;

3

      (B)    the Settlement was negotiated at arm's length;

4

      (C)    the relief provided for the Settlement Class is adequate, taking into account:

5

6

           (i)    the costs, risks, and delay of trial and appeal;

7

           (ii)    the reasonableness of Rule 23(b)(2) notice of the Settlement to the Settlement Class Members;

8

9

           (iii)    the terms of any proposed Class Representative service awards, including the timing of payment and any justification for the service awards; and

10

           (iv)    any agreement required to be identified under Rule 23(e)(3);

11

      (D)    the number of Class Members who objected to or commented on the Settlement; and

12

13

      (E)    the Settlement treats Settlement Class Members equitably relative to each other.

14

      11.    The Court has scrutinized the Settlement and negotiation history for any signs of

15

potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir.

16

2011)), and finds that the Settlement is not the product of collusion.

17

      12.    Vungle has agreed to meaningful injunctive relief to protect the privacy of children

18

under the age of 13 in the United States playing numerous child-directed games containing the

19

Vungle SDK.  The Settlement Agreement with Vungle, including all terms of the agreed-upon

20

injunctive relief, are adopted herein.  *See* Dkt. 364-9.

21

      13.    <u>Changes for Specific Apps Identified By Plaintiffs and Vungle</u>. Within 120 days of

22

the entry of this Order, for Subway Surfers and all other apps that meet the criteria of 13(A),

23

13(B), or 13(C) below, and which include and utilize Vungle's SDK (except apps which are

24

excluded pursuant to the exemption protocol set forth in paragraph 14 or which are not offered in

25

the United States), for devices, based on IP address, located within the United States Vungle shall

26

(a) limit its advertising service exclusively to Contextual Advertising; or (b) confirm that the

27

Developer has implemented a COPPA flag within the SDK or is not sending Vungle data for

28

users under 13, and provide Contextual Advertising for all devices indicated (via the COPPA

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH VUNGLE, INC.
CASE NO.  3:17-CV-04344-JD

flag) as used by a child under 13. For avoidance of doubt, nothing herein shall limit use or sharing by Vungle for its own internal operations as defined by COPPA.  The relevant apps shall include:

A.    Apps included in Google's "Designed for Families" program, the "Family" section of Google Play, or the "Kids Category" of the Apple App Store, and which Class Counsel's analysis identified as containing the Vungle SDK, as set forth in **Exhibit A** to the Settlement (Dkt. 364-9 at 26);

B.    Apps that the Children's Advertising Review Unit ("CARU") has determined are primarily directed to children and that have been included in a National Advertising Division ("NAD") or CARU Case Report as set forth in **Exhibit B** to the Settlement (Dkt. 364-9 at 179); and

C.    Apps set forth in **Exhibit C** to the Settlement (Dkt. 364-9 at 183) that include the following words in either the app name, bundle ID, or developer name, and which include the Vungle ad-network SDK: Kid, Boy(s), Girl(s), Baby, Babies, Toddler(s), Child, Children, Candy, Toy(s), Princess(es), Prince(s), Dress Up, Doll(s), Tiny, Bubble(s), Preschool, Kindergarten, Baby Panda, Little Panda, Babybus, Hippo and Masha.

14.    If Vungle in good faith believes that any app that falls within paragraph 13(A)-(C) is not directed to children, it may seek an exemption of such app from the requirements of the Settlement Agreement by providing Class Counsel with written notice specifying the grounds for Vungle's belief and, within 5 business days of receipt thereof, Class Counsel shall notify Vungle whether it will stipulate to the exemption.  If Class Counsel does not stipulate to the exemption, the Parties shall, within 5 business days, submit a joint written submission (no longer than 3 pages, to be divided equally) to the Mediator, who shall make a final determination regarding whether an exemption is appropriate.  The Parties shall each bear an equal share of the Mediator's fees and expenses in connection with this process.

15.    Within 120 days of the entry of this Order, Vungle shall delete any Personal Data collected or received from users of Subway Surfers (prior to June 2018) and any apps identified pursuant to the processes set forth in paragraph 13(A)-(C) for users under the age of 13.

1    Provided, however, that such Personal Data may be retained and used/shared for Contextual

2    Advertising, for Vungle's internal operations, and/or disclosed to the extent requested by a

3    government agency or required by law, regulation, or court order. Personal Data stored in cold

4    storage or other backup systems shall not be subject to this provision unless and until that data is

5    restored to production systems.

6         16.    In addition, whenever a device is identified to Vungle as being used by a child

7    under 13, either via an app's age-gate or direct notification from the publisher that the user is

8    under 13, Vungle shall (a) stop providing any advertising services for that device(s) within the

9    app as identified to Vungle or (b) limit service for such device(s) within the app (as identified to

10   Vungle) to Contextual Advertising.

11        17.    Within 120 days of the entry of this Order, for all apps that meet the criteria in (A)

12   or (B) below, which include a Vungle SDK, Vungle will for devices indicated by the app

13   publisher to be used by a user below 13, and/or for devices from those apps where the age of the

14   user is unknown, to apply and/or comply with the COPPA flag, thereby limiting ad services to

15   Contextual Advertising for such devices in connection with those Apps.

16            A.    Apps directed to a U.S. audience that self-identify as subject to COPPA

17                  during Vungle's onboarding process shall confirm that they are not

18                  primarily child-directed (as defined by COPPA) and ensure that Vungle's

19                  SDK license agreements require they comply with COPPA. For existing

20                  publishers, Vungle will provide a notification within 120 days of the entry

21                  of this Order. The notification will contain reference to SDK

22                  documentation explaining how developers can use Vungle in compliance

23                  with COPPA.

24            B.    Apps (i) directed to a U.S. audience that (ii) have been determined by the

25                  Federal Trade Commission or another governmental entity to be directed to

26                  children and that (iii) have been reported as such by the developer of the

27                  App to Vungle. Within 120 days after the entry of this Order, Vungle will

28                  update its standard Terms of Service to contractually require publishers to

1992351.1                                    - 5 -                ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
                                                                 OF CLASS ACTION SETTLEMENT WITH VUNGLE, INC.
                                                                 CASE NO.  3:17-CV-04344-JD

notify Vungle if a governmental entity has determined that its application is directed to children.  Within 90 days of receiving notification from a publisher a governmental entity has determined their app is directed at children, Vungle will comply with the applicable provisions set forth in in paragraph 16.

18.     Within 120 days of the entry of this Order, Vungle shall provide Plaintiffs an affidavit certifying compliance with paragraphs 14-17.

19.     The injunctive relief in this agreement shall continue for a term of 3 years following the entry of this Order.  Vungle agrees to use best efforts to adhere to the terms of the Settlement Agreement.  If Plaintiffs believe that Vungle has not complied with the terms of the Settlement Agreement, they shall provide written notice to Vungle, and provide 30 days to cure that violation before taking any legal action to enforce this agreement.

20.     The Parties are to bear their own costs, except as awarded by this Court in a separate judgment and Order on Attorneys' Fees made pursuant to Federal Rule of Civil Procedure 54(b), which implements the agreements between the Parties as to reasonable attorneys' fees and expenses.

21.     The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted and forever discharged the Defendant, from any and all Released Claims.

22.     Per the terms of the Settlement, as of the Effective Date, the Class Representatives and Settlement Class Members shall be deemed to have agreed not to take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Released Claims, directly or indirectly, against Defendant.

23.     The Court hereby certifies, pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs' claims of (i) intrusion upon seclusion; and (ii) the California Constitutional Right to Privacy; and (iii) New York General Business Law ¶ 349; on behalf of a Settlement Class defined as follows:

All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are under the age of 13, or were under the age of 13 when they played Subway Surfers, and from whom Vungle collected, used, or disclosed Personal Data.

24.     The Court finds, for settlement purposes only,that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) Numerosity:  the Settlement Class is comprised of millions of individuals, given that Subway Surfers has been downloaded hundreds of millions of times in the United States alone during the relevant period; (2) Commonality: Plaintiffs readily meet this standard as the claims of the Settlement Class all arise from a common course of alleged conduct: that the Defendants worked in concert to surreptitiously collect Class Members' children's personal data for commercial purposes by embedding SDKs that operate uniformly as to all users in Subway Surfers; (3) Typicality:  the Class Representatives' claims are typical of those of the Settlement Class Members, as the Class Representative's children played Subway Surfers, and therafter, the Defendants processed their children's personal data for commercial purposes  and (4) Adequacy:  the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

25.     The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because the agreed-upon injunctive relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  This is because the Settlement Agreement requires Defendant to make uniform changes that impact all members of the Settlement Class, by changing how its SDK, which is or was embedded in Subway Surfers and many other apps, and the SDKs embedded therein, collects, treats, and uses Personal Data from the mobile devices of users under the age of 13.

26.     The Court has reviewed the application for an award of service awards to the Settlement Class Representatives submitted by Class Counsel and the memoranda of law and

1    other materials submitted regarding that application. The benefits described above are the only

2    consideration the Defendants shall be obligated to give to the Settlement Class Members, with the

3    exception of the service awards to be paid to the Class Representatives, which are supported by –

4    among other things – evidence of the Class Representatives' active involvement in the Lawsuit.

5    Those service awards shall be paid by Vungle as follows within twenty-one (21) calendar days of

6    the Effective Date:

7        Mr. Michael McDonald:  $833

8        Ms. Tamara Draut:  $833

9        Ms. Dominque Murillo:  $833

10       27.    Defendant has denied any liability, fault, or wrongdoing of any kind in connection

11   with the allegations in this action, and as such, neither this Order, the Settlement Agreement, nor

12   any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall

13   be construed as an admission or concession by Defendant of the truth of any of Plaintiffs'

14   allegations, or of any liability, fault, or wrongdoing of any kind.

15       28.    If the Settlement Agreement terminates for any reason, this action will revert to its

16   previous status in all respects as it existed before the Parties executed the Settlement Agreement.

17   This Order will not waive or otherwise impact the Parties' rights or arguments.

18       29.    The Settlement Agreement's provisions, and all related drafts, communications

19   and documents shall not be deemed as or deemed to be evidence of an admission or concession

20   by Defendant of any wrongdoing, by any Person or entity, and cannot be offered or received into

21   evidence or requested in discovery in this Action or any other action or proceeding as evidence of

22   an admission, concession, or presumption regarding such matters. However, the Settlement

23   Agreement may be introduced as evidence of the Parties' respective obligations under the Court's

24   continuing jurisdiction over the injunctive relief set forth in the Settlement Agreement.

25       30.    Without affecting the finality of this order or the final judgment in any way, the

26   Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representatives,

27   //

28   //

ORDER GRANTING PLTFS'MTN FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH VUNGLE, INC.
CASE NO. 3:17-CV-04344-JD

1    the Settlement Class Members, and the Defendant for the purposes of supervising the

2    implementation, enforcement, and construction of the Settlement and this Order.

3            IT IS SO ORDERED.

4    DATED:  April 12, 2021

5

6    _____

7    HON. JAMES DONATO
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28