|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| AMANDA RUSHING, et al., | Case No. 3:17-cv-04419-JD |
| --- | --- |
| Plaintiffs, | |
| v. | **[PROPOSED]** ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH THE WALT DISNEY COMPANY; DISNEY ENTERPRISES, INC.; AND DISNEY ELECTRONIC CONTENT, INC. |
| THE WALT DISNEY COMPANY, et al., | |
| Defendants. | |

This matter came before the Court for hearing on December 17, 2020, pursuant to the Court's Preliminary Approval Order dated September 24, 2020 (Dkt. 371). The Court has considered the Settlement Agreement (the "Settlement") between Plaintiffs Amanda Rushing, Ashley Supernault, Julie Remold, and Ted Poon ("Plaintiffs") and The Walt Disney Company; Disney Enterprises, Inc.; and Disney Electronic Content, Inc. (collectively, "Disney" or "Defendant"), the record in the Lawsuit, and the arguments and authorities of counsel, including in any papers filed and proceedings had herein.  Good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.  *See* Dkt 364-10.

2. This Court has jurisdiction over the subject matter of this Lawsuit pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties and all Settlement Class Members. Venue is proper in this District.

3. By entering this Order, the Court does not make any finding of liability or wrongdoing as to Disney.

4. The Court, for purposes of this Final Approval, (1) approves the Settlement described in Plaintiffs' preliminary and final approval papers and attached hereto; (2) enters this Order as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b); and (3) adopts herein the terms and definitions set forth in the Settlement Agreements.

5. The Court finds that the notice to the Settlement Class, which consisted of, among other things, a website containing information regarding (i) the pendency of the Lawsuit and of the Settlement, including the terms thereof; (ii) the Class Representatives' applications for service awards; (iii) the procedure for objecting to the Settlement; (iv) contact information for Class Counsel and a toll-free number to ask questions about the Settlement; (v) important dates in the settlement approval process, including the date of the Fairness Hearing; and (vi) Class Counsel's request for an award of reasonable attorneys' fees and expenses, as detailed in Plaintiffs' preliminary approval papers and as previously approved by this Court (*see* Dkt. 371), has been implemented and fully complied with the requirements of Federal Rule of Civil Procedure

1  23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct

2  appropriate notice to the class"), this District's Procedural Guidance for Class Action Settlements,

3  and due process.

4        6.      Notice was provided to Settlement Class Members in compliance with this Court's

5  Preliminary Approval Order, paragraphs 7.1 through 7.3 of the Settlement Agreement, due

6  process, and Rule 23 of the Federal Rules of Civil Procedure.

7        7.      The notice given was the best method for providing such notice that was

8  practicable under the circumstances.  The notice: (i) fully and accurately informed Settlement

9  Class Members about the lawsuit and settlement; (ii) provided sufficient information so that

10  Settlement Class Members were able to decide whether to accept the benefits offered or object to

11  the proposed Settlement; (iii) provided procedures for Settlement Class Members to file written

12  objections to the proposed settlement, to appear at the hearing, and to state objections to the

13  proposed Settlement; and (iv) provided the time, date, and place of the final approval hearing.

14        8.      There were no timely objections to the Settlement Agreement.

15        9.      The Court finds that Defendant properly and timely notified the appropriate state

16  and federal officials of the Settlement, pursuant to the Class Action Fairness Act ("CAFA"), 28

17  U.S.C. § 1715.

18        10.      The Court approves the Settlement as fair, reasonable, and adequate and in the best

19  interests of the Settlement Class Members. The Court has specifically considered the factors

20  relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361

21  F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense,

22  complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement

23  Class and – if successful – maintaining class action status throughout trial; the relief provided for

24  in the Settlement; the extent of discovery completed and stage of the proceedings; the experience

25  and views of Class Counsel and mediators; and the reaction of Settlement Class Members to the

26  proposed Settlement.  Furthermore, the Court has specifically considered the factors relevant to

27  class settlement approval set forth in Fed. R. Civ. P. 23(e) and this District's Procedural Guidance

28  for Class Action Settlements, including whether:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;

(B) the Settlement was negotiated at arm's length;

(C) the relief provided for the Settlement Class is adequate, taking into account:

  (i) the costs, risks, and delay of trial and appeal;

  (ii) the reasonableness of Rule 23(b)(2) notice of the Settlement to the Settlement Class Members;

  (iii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service awards, including the timing of payment and any justification for the awards; and

  (iv) any agreement required to be identified under Rule 23(e)(3);

(D) the number of Class Members who objected to or commented on the Settlement; and

(E) the Settlement treats Settlement Class Members equitably relative to each other.

11. The Court has scrutinized the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion.

12. Disney has agreed to injunctive relief relating to the claims at issue. The Settlement Agreement with Disney, including all terms of the agreed-upon injunctive relief, is adopted herein. *See* Dkt. 364-10.

13. This injunctive relief only applies within the United States, and is based upon the discovery Plaintiffs have completed and the representations made by Defendants regarding their practices with respect to the Covered Apps, as set forth in **Exhibits A and B** to the Settlement (Dkt. 364-10 at 24. and 364-10 at 27, respectively). The injunctive relief shall remain effective as long as Disney publishes a Covered App, but in any event no longer than 3 years from the Effective Date with respect to any particular app.

14. **Primary Child Apps:** Within 120 days of the entry of this Order, for all Primary Child Apps (identified in Dkt. 364-10 at 24), Disney shall, at its option, either:

|   |   |    |   |
|---|---|----|---|
| 1 |   | A. | remove or disable any embedded Advertising SDKs; or |
| 2 |   | B. | continue to configure any embedded Advertising SDK so that the Advertising SDK(s) only provide(s) Contextual Advertising. |

15. **Family Friendly Apps:** Within 120 days of the entry of this Order, for all Family Friendly Apps (identified in Dkt. 364-10 at 27), Disney shall, at its option, either:

    A. remove or disable any embedded Advertising SDKs;

    B. configure—or require to be configured—or continue to configure any embedded Advertising SDK so that the Advertising SDK(s) only provide(s) Contextual Advertising for all users of the app; or

    C. continue to employ a neutral age-gate in order to identify users under the age of 13, wherein the presentation and content of the age-gate must allow users to enter their age in a neutral manner prior to a user selecting her or his age, consistent with the Federal Trade Commission's guidance as set forth at https://www.ftc.gov/tips-advice/business-center/guidance/complying-coppa-frequently-asked-questions.  Disney maintains that all of its current age gates are neutral in operation, consistent with the FTC's guidance, and fully compliant with the federal Children's Online Privacy Protection Act ("COPPA").   Solely to avoid the expense and burden of litigation, Disney has agreed to modify its age gate in the Where's My Water? Apps to one that allows a user to numerically enter on a keypad his or her age.  For any user who identifies as under the age of 13 within the age gate, the app shall only initialize and continue to initialize Advertising SDKs for whom Disney has required to comply with COPPA and whom will only serve Contextual Advertising.

16. Nothing in the settlement terms excludes Disney from collecting persistent identifiers for the purpose of internal operations (which, per the FTC, includes Contextual Advertising) as defined in COPPA.

17. If COPPA is amended or the FTC provides regulatory changes, additional guidance, or any other action that is inconsistent with the injunctive relief described herein, Disney may adapt its practices to comply with that new law, regulation, FTC guidance, or FTC instruction on the issue. In such an instance, Disney will provide Class Counsel in writing with an explanation of how Disney is adapting its practices to comply with that new law, regulation, FTC guidance, or FTC instruction on the issue.

18. Within 120 days of the entry of this Order, Disney shall provide Plaintiffs an affidavit certifying compliance with the terms described herein.

19. Disney shall retain or continue to retain a Safe Harbor organization approved by the FTC to certify Disney's compliance with COPPA.

20. The Parties are to bear their own costs, except as awarded by this Court in a separate judgment and Order on Attorneys' Fees made pursuant to Federal Rule of Civil Procedure 54(b), which implements the agreements between the Parties as to reasonable attorneys' fees and expenses.

21. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted and forever discharged the Defendant, from any and all Released Claims.

22. Per the terms of the Settlement, as of the Effective Date, the Class Representatives and Settlement Class Members shall be deemed to have agreed not to take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Released Claims, directly or indirectly, against Defendant.

23. The Court hereby certifies, for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs' claims of (i) the common law claim of intrusion upon seclusion; (ii) the right to privacy under California Constitution Article 1, Section 1; (iii) New York General Business Law § 349; (iv) California Business & Professions Code §§ 17200 et seq.; and (v) Massachusetts General Laws ch. 214, § 1B; on behalf of a Settlement Class defined as follows:

> All persons who have played the Covered Apps residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are younger than the age of 13, or were younger than the age of 13, when they played the Covered Apps.

24. The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) <u>Numerosity</u>: the Settlement Class is comprised of millions of individuals, given that the Covered Apps have been downloaded millions of times in the United States alone during the relevant period ; (2) <u>Commonality</u>: in the context of the Settlement there are questions of law or fact common to the Settlement Class with respect to the Covered Apps, including whether the conduct alleged violates the common law of intrusion upon seclusion, the California constitutional right of privacy, New York General Business Law § 349, or Massachusetts General Laws ch. § 214; (3) <u>Typicality</u>: the Class Representatives' claims are typical of those of the Settlement Class Members they seek to represent; and (4) <u>Adequacy</u>: the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

25. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because the agree-upon injunctive relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). This is because the Settlement Agreement requires Defendant to make uniform changes applicable members of the Settlement Class.

26. The Court has reviewed the application for an award of service awards to the Settlement Class Representatives submitted by Class Counsel and the memoranda of law and other materials submitted regarding that application. The benefits described above are the only consideration the Defendant shall be obligated to give to the Settlement Class Members, with the exception of the service awards to be paid to the Class Representatives, which are supported by –

among other things – evidence of the Class Representatives' active involvement in the Lawsuit. Those service awards shall be paid as follows within thirty days of the Effective Date:

    Ms. Amanda Rushing:  $500

    Ms. Ashley Supernault:  $500

    Ms. Julie Remold:  $500

    Mr. Ted Poon:  $500

27. Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in this action, and as such, neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of Plaintiffs' allegations, or of any liability, fault, or wrongdoing of any kind.

28. If the Settlement Agreement terminates for any reason, this action will revert to its previous status in all respects as it existed before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

29. The Settlement Agreement's provisions, and all related drafts, communications and documents shall not be deemed as or deemed to be evidence of an admission or concession by Defendant of any wrongdoing, by any Person or entity, and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission, concession, or presumption regarding such matters. However, the Settlement Agreement may be introduced as evidence of the Parties' respective obligations under the Court's continuing jurisdiction over the injunctive relief set forth in the Settlement Agreement.

30. Without affecting the finality of this Order or the final judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representatives, the Settlement Class Members, and the Defendant for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Order.

    IT IS SO ORDERED.

DATED:  April 12, 2021

                                  HON. JAMES DONATO
                                  UNITED STATES DISTRICT JUDGE