1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| AMANDA RUSHING, et al., | Case No. 3:17-cv-04419-JD |
|---|---|
| Plaintiffs, | |
| v. | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH UNITY TECHNOLOGIES SF |
| THE WALT DISNEY COMPANY, et al., | |
| Defendants. | |

1       This matter came before the Court for hearing on December 17, 2020, pursuant to the Court's Preliminary Approval Order dated September 24, 2020 (Dkt. 371). The Court has considered the Settlement Agreement (the "Settlement") between Plaintiffs Amanda Rushing, Ashley Supernault, Julie Remold, and Ted Poon ("Plaintiffs") and Unity Technologies SF ("Unity" or "Defendant"), the record in the Lawsuit, and the arguments and authorities of counsel, including in any papers filed and proceedings had herein.  Good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

      1.     Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.  *See* Dkt 364-13.

      2.     This Court has jurisdiction over the subject matter of this Lawsuit pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties and all Settlement Class Members. Venue is proper in this District.

      3.     By entering this Order, the Court does not make any finding of liability or wrongdoing as to Unity.

      4.     The Court, for purposes of this Final Approval Order, (1) approves the Settlement described in Plaintiffs' preliminary and final approval papers and attached hereto; (2) enters this Order and a separate judgment pursuant to Federal Rule of Civil Procedure 54(b); and (3) adopts herein the terms and definitions set forth in the Settlement Agreements.

      5.     The Court finds that the notice to the Settlement Class, which consisted of, among other things, a website containing information regarding (i) the pendency of the Lawsuit and of the Settlement, including the terms thereof; (ii) the Class Representatives' applications for service awards; (iii) the procedure for objecting to the Settlement; (iv) contact information for Class Counsel and a toll-free number to ask questions about the Settlement; (v) important dates in the settlement approval process, including the date of the Fairness Hearing; and (vi) Class Counsel's request for an award of reasonable attorneys' fees and expenses, as detailed in Plaintiffs' preliminary approval papers and as previously approved by this Court (*see* Dkt. 371), has been implemented and fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct

1  appropriate notice to the class"), this District's Procedural Guidance for Class Action Settlements,
2  and due process.

3      6.    There were no timely objections to the Settlement Agreement.

4      7.    The Court finds that Unity properly and timely notified the appropriate state and
5  federal officials of the Settlement, pursuant to the Class Action Fairness Act ("CAFA"), 28
6  U.S.C. § 1715.

7      8.    The Court approves the Settlement as fair, reasonable, and adequate and in the best
8  interests of the Settlement Class Members. The Court has specifically considered the factors
9  relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361
10 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense,
11 complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement
12 Class and – if successful – maintaining class action status throughout trial; the relief provided for
13 in the Settlement; the extent of discovery completed and stage of the proceedings; the experience
14 and views of Class Counsel and mediators; and the reaction of Settlement Class Members to the
15 proposed Settlement.  Furthermore, the Court has specifically considered the factors relevant to
16 class settlement approval set forth in Fed. R. Civ. P. 23(e) and this District's Procedural Guidance
17 for Class Action Settlements, including whether:

    (A)    the Class Representatives and Class Counsel have adequately represented the Settlement Class;

    (B)    the Settlement was negotiated at arm's length;

    (C)    the relief provided for the Settlement Class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the reasonableness of Rule 23(b)(2) notice of the Settlement to the Settlement Class Members;

        (iii)    the terms of any proposed award of attorneys' fees and costs, and Class Representative service awards, including the timing of payment and any justification for the awards; and

        (iv)    any agreement required to be identified under Rule 23(e)(3);

    (D)    the number of Class Members who objected to or commented on the Settlement; and

(E) the Settlement treats Settlement Class Members equitably relative to each other.

9. The Court has scrutinized the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion.

10. Unity has agreed to injunctive relief within the United States relating to the claims at issue. The Settlement Agreement with Unity, including all terms of the agreed-upon injunctive relief, is adopted herein. *See* Dkt. 364-13.

11. Since before the Lawsuit was filed, the developer dashboard in the Unity advertising SDK has included a flag entitled "COPPA" that a developer may assign to a mobile application and, in response, Unity treats the application as directed to children, in compliance with COPPA. Unity agrees to continue to make available in the Unity advertising SDK dashboard the flag entitled "COPPA" and treat applications flagged as such in accordance with COPPA. Whenever a user of a mobile game that utilizes the Unity advertising SDK is identified to Unity as a user under the age of 13, Unity will comply with COPPA.

12. No later than 180 days from entry of this Order, Unity shall create and make available the following additional robust tools for developers to use in the Unity advertising SDK dashboard to allow developers to identify mobile applications as falling in various categories:

    A. Context Flag: If a developer assigns this flag to an application, then the only advertising Unity will serve within that application is Contextual Advertising; and

    B. Platform Flags: For an application that a developer identifies as being included in either the "Designed for Families" program in the Google Play Store or the "Kids Category" of the Apple App Store, Unity will automatically enable the Context Flag and any other applicable moderation or children's safety options made available in the Unity advertising SDK dashboard (including age filters that moderate ad content).

13. No later than 180 days from entry of this Order, Unity shall make available to end users who receive an interest-based advertisement served by Unity's advertising SDK a tool to allow them to opt out of receiving future interest-based advertising from Unity's advertising network.

14. No later than 60 days from entry of this Order, Plaintiffs will provide Unity with a list of all applications that Plaintiffs have identified as being included in the "Designed for Families" program in the Google Play Store or the "Kids Category" of the Apple App Store that contain the Unity advertising SDK, including for each such application, to the extent feasible, the applicable Unity project ID, Unity Game ID, Apple App ID, Google Play ID, bundle ID, and/or developer information (the "Games List"). Plaintiffs will provide the Games List to Unity on a one-time only basis.

15. Within 60 days of Plaintiffs providing the Games List to Unity, Unity will use the information provided by Plaintiffs, to the extent reasonably possible, to identify those applications in Unity's advertising customer records, and, to the extent Unity has an email address for those applications' developers, Unity will contact those developers and inform them that Unity will be enabling the relevant Platform Flag(s) on the applications 45 days from the date of the notice unless the developer informs Unity that the Platform Flag(s) should not be enabled. To the extent an application already has a Platform Flag enabled when Unity receives the Games List, Unity need not contact that game's developer. For applications for which the developer does not inform Unity that the Platform Flag(s) should not be enabled, Unity will enable the Platform Flag(s) within 60 days from the date of the notice. If a developer informs Unity that the Platform Flag(s) should not be enabled on an application, then Unity need not enable that Platform Flag(s).

16. For the applications included on the Games List for which the developer does not inform Unity that the Platform Flag(s) should not be enabled, any Identifier for Advertising (IDFA) and Google Advertising ID (AAID) within Unity's possession shall be deleted, deidentified, or aggregated no later than 90 days after Unity enables the relevant Platform Flag(s), unless such data must be retained for fraud, reporting and/or billing purposes, in which case such data shall be deleted, deidentified, or aggregated after 180 days, except to the extent the data

1  remains in any back-up of Unity's systems or unless pursuant to legal requirements or process
2  such data is required to be kept longer.  In the event Unity restores the data to an active system
3  from a back-up, Unity shall repeat the deletion, deidentification, or aggregation.  For purposes of
4  this paragraph, deletion, deidentification, and aggregation shall have the same meaning as used in
5  the California Attorney General's proposed California Consumer Privacy Act (CCPA) regulation
6  § 999.313(d)(2).

7        17.    Within 180 days of entry of this Order, Unity shall provide Plaintiffs with a
8  certification of compliance with its obligations as set forth in Paragraphs 9, 10, 11, and 13.  Unity
9  shall provide Plaintiffs with a certification of compliance with its obligations as set forth in
10 Paragraph 14 within 270 days of entry of this Order.

11       18.    The injunctive relief set forth in this Order shall remain in effect for a period of
12 three years from the Effective Date or from the date on which Unity certifies its compliance as
13 required by Paragraph 16 herein, whichever is earlier, except the injunctive relief terms pertaining
14 to the Platform Flags will remain in effect for the lesser of three years or as long as the "Designed
15 for Families" program in the Google Play Store and/or the "Kids Category" of the Apple App
16 Store exist.  To the extent that any amendment to COPPA, its implementing regulations, or FTC
17 guidance made effective within three years is inconsistent with the injunctive relief set forth in
18 this Order, Unity may adapt its practices to comply with any new COPPA requirements once they
19 become effective.  Similarly, should the applicable standards for the "Designed for Families"
20 program in the Google Play Store or the "Kids Category" of the Apple App Store change, then
21 Unity may revise the privacy options related to Platform Flags to help developers comply with the
22 applicable Google Play Store or Apple App Store standards.  Class Counsel may monitor Unity's
23 compliance with the injunctive relief set forth in this Order by contacting Unity in writing by
24 email to legal_litigation_notices@unity3d.com on or about every 30 days to inquire whether
25 Unity has either adapted its practices in a way that is inconsistent with the injunctive relief set
26 forth in this Order as a result of any new COPPA requirements or revised its privacy options in a
27 way that is inconsistent with the injunctive relief set forth in this Order as a result of any newly
28 applicable standards for the "Designed for Families" program in the Google Play Store or the

1  "Kids Category" of the Apple App Store. Unity will respond promptly in writing by email to any
2  such inquiry from Class Counsel pursuant to this Paragraph 17.

3      19.    The Parties acknowledge that Unity does not create mobile gaming applications,
4  but rather creates software used by developers who develop such applications. By agreeing to the
5  terms and obligations set forth in this Order, Unity is not thereby assuming any additional
6  responsibility or obligation with regard to the flags or identification(s) selected by developers
7  beyond that imposed by any applicable law or the terms of the Settlement Agreement. For the
8  avoidance of doubt, this Order does not impose upon Unity any ongoing obligation to monitor
9  any change a developer may make to the flags applicable to an application as described in this
10 Order or to audit which applications are included in either the "Designed for Families" program
11 in the Google Play Store or the "Kids Category" of the Apple App Store beyond the obligations
12 Unity has agreed to pursuant to this Order.

13     20.    The Parties are to bear their own costs, except as awarded by this Court in a
14 separate judgment and Order on Attorneys' Fees made pursuant to Federal Rule of Procedure
15 54(b), which implements the agreements between the Parties as to reasonable attorneys' fees and
16 expenses.

17     21.    The Parties and Settlement Class Members are bound by the terms and conditions
18 of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every
19 Settlement Class Member shall be deemed to have released, acquitted and forever discharged the
20 Released Parties from any and all Released Claims.

21     22.    Per the terms of the Settlement, as of the Effective Date, the Class Representatives
22 and Settlement Class Members shall be deemed to have agreed not to take any step whatsoever to
23 assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Released Claims,
24 directly or indirectly, against the Released Parties.

25     23.    The Court hereby certifies, for settlement purposes only, pursuant to Fed. R. Civ.
26 P. 23(b)(2), Plaintiffs' claims of (i) the common law claim of intrusion upon seclusion; (ii) the
27 right to privacy under California Constitution Article 1, Section 1; (iii) New York General
28 Business Law § 349; (iv) California Business & Professions Code §§ 17200 et seq.; and

(v) Massachusetts General Laws ch. 214, § 1B; on behalf of a Settlement Class defined as follows:

> All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who were younger than the age of 18 at the time they played any Relevant App.

The Court has conducted a rigorous Rule 23 analysis and finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) <u>Numerosity</u>:  the Settlement Class is comprised of millions of individuals, given that the Relevant Apps have been downloaded millions of times in the United States during the relevant period; (2) <u>Commonality</u>:  in the context of the Settlement, there are questions of law or fact common to the Settlement Class with respect to the Relevant Apps, including whether the conduct alleged violates the common law of intrusion upon seclusion, the California constitutional right of privacy, the California Business & Professions Code, New York General Business Law, and Massachusetts General Laws; (3) <u>Typicality</u>:  the Class Representatives' claims are typical of those of the Settlement Class Members they seek to represent; and (4) <u>Adequacy</u>:  the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

24.     The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because the agreed-upon injunctive relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  This is because the Settlement Agreement requires Unity to agree to practices that impact all members of the Settlement Class with respect to the Relevant Apps.

25.     The Court has reviewed the application for an award of service awards to the Settlement Class Representatives submitted by Class Counsel and the memoranda of law and other materials submitted regarding that application. The benefits described above are the only

1  consideration Unity shall be obligated to give to the Settlement Class Members, with the
2  exception of Unity's pro rata share of the service awards to be paid to the Class Representatives,
3  which are supported by – among other things – evidence of the Class Representatives' active
4  involvement in the Lawsuit.  Unity's pro rata share of those service awards shall be paid as
5  follows within twenty-one (21) days of the Effective Date:

6      Ms. Amanda Rushing:  $500

7      Ms. Ashley Supernault:  $500

8      Ms. Julie Remold:  $500

9      Mr. Ted Poon:  $500

10      26.    This Order shall not be construed or used as an admission, concession, or
11  declaration by or against Unity of any fault, wrongdoing, breach, or liability, and shall not be
12  deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law
13  regarding any request for class certification, in any other action or proceeding, whether or not
14  involving the same or similar claims.  Nor shall this Order be construed or used as an admission,
15  concession, or declaration by or against Plaintiffs or the other Settlement Class Members that
16  their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as
17  a waiver by any party of any defenses or claims he, she, or it may have in any other proceeding.

18      27.    Without affecting the finality of this Order or the final judgment in any way, the
19  Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representatives,
20  the Settlement Class Members, and Unity for the purposes of supervising the implementation,
21  enforcement, and construction of the Settlement and this Order.

22      IT IS SO ORDERED.

23  DATED:  April 12, 2021

_____
HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE